

United States District Court
Southern District of Texas
FILED

APR 15 2002

Michael N. Milby
Clerk of Court

**United States District Court**
**Southern District of Texas**
**Office of the Clerk**
600 E. Harrison Street, #101
Brownsville, Texas 78521

Michael N. Milby
Clerk

To All Counsel of Record

Notice of Assignment Of Bankruptcy Appeal

Civil Action No.  __B-02-073__

Bankruptcy No.  __90-01254, Appeal No. 02-05__

__Colin Kelly Kaufman__    vs  __Charles B. Feldman__

The above entitle appeal was filed in this office on  __4/12/02__

and has been assigned to the docket of Judge __Hilda G. Tagle__.

All future filings regarding the <u>above referenced matter</u>, should be filed  with the U.S.

District Clerk's Office in Brownsville, Texas and **NOT** in the Bankruptcy Clerk's Office in Corpus

Christi, Texas.

All inquiries concerning motion practice and settings should be directed to the case manager

for the judge assigned.

| JUDGE | CASE MANAGER | TELEPHONE |
|---|---|---|
| Hilda G. Tagle | Stella Cavazos | (956)548-2500 |

**BRIEFS FOR THE PARTIES ARE DUE AS PER BANKRUPTCY RULE 8009.**

Very truly yours,
Michael N. Milby, Clerk

By _____
Deputy ~~Clerk~~

# UNITED STATES COURTS
# SOUTHERN DISTRICT OF TEXAS

## CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 2 2002

Michael N. Milby
Clerk of Court

Michael N. Milby
Clerk

1133 N. Shoreline
Corpus Christi, Texas 78401

April 11, 2002

Michael N. Milby
United States Federal Building and Courthouse
600 E. Harrison St.
Brownsville, TX 78520-7114

Re:   Charles B. Feldman dba Charles B. Feldman Investments
      Case No. 90-01254, Appeal No. 02-05

                              02-06
Dear Mr. Milby:   B-02-074

Enclosed please find certified copies of the following:

Notice of Appeal filed March 15, 2002
Appellant's Original Designation of Record and Issues on Appeal of Docket Numbers 469 & 470
Trustee's Designation of Additional Items to be Included in the Record
Court Docket Sheet
Record on Appeal

Sincerely,

*Sharon Russell*

Sharon Russell
Deputy Clerk

Enclosures

cc:   Judge Richard S. Schmidt
      Colin K. Kaufman
      Charles B. Feldman
      Michael B. Schmidt
      Matthew A. Rosenstein

{SystemName} - {EventTitle}                                                      Page 1 of 16

# APPEAL

## U.S. Bankruptcy Court
## Southern District of Texas (Brownsville)
## Bankruptcy Petition #: 90-01254

*Assigned to:* Richard S. Schmidt                          *Date Filed:* 07/11/1990
Chapter 11                                                 *Date Reopened:* 03/26/2001
Voluntary
Asset

**Charles B Feldman**                                      **James P Moon**
926 Lantana Drive                                          Moon and Associates
Harlingen, TX 78551                                        2602 McKinney Ave
SSN: 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                        represented by     Ste 350
*Debtor*                                                   Dallas, TX 75204-2524
*dba*                                                      214-871-7295
**Charles B Feldman Investments**

**Charles B Feldman**                                      **James P Moon**
926 Lantana Drive                                          (See above for address)
Harlingen, TX 78551                     represented by
SSN: 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
*Debtor*

**Colin Kelly Kaufman**
1106 Third Street
Corpus Christi, TX 78404-2312
*Trustee*

**D Michael Boudloche**                                    **Michael B Schmidt**
711 N. Carancahua #1508                                    Attorney at Law
Corpus Christi, TX 78475                                   712 American Bank Plaza
*Trustee*                                                  Corpus Christi, TX 78475
                                        represented by     361-884-9949
                                                           Fax : 361-884-6000
                                                           Email: mbsatty@swbell.net

**US Trustee, 7**                                          **Barbara C Kurtz**
Office of the U S Trustee                                  Office of U S Trustee
515 Rusk Ave                            represented by     606 N Carancahua
Ste 3516                                                   Ste 1107
Houston, TX 77002                                          Corpus Christi, TX 78476

{SystemName} - {EventTitle}

(713) 718-4650                                    361-888-3261
*U.S. Trustee*                                    Fax : 361-888-3263

| Filing Date | # | Docket Text |
|---|---|---|
| 08/25/1999 | 356 | Order To Show Cause for failure to submit final report asdirected by the Court; Show Cause Hearing Set For 2:309/13/99 AT 615 Leopard, Corpus Christi Parties Notified. [cnea] (Entered: 01/03/2000) |
| 09/13/1999 | 357 | Hearing held on 9/13/99 Re: [1-1] Show Cause Order forfailure of Plan Trustee to Submit a Final Report proposingCourt approved distribution by 2/15/99; Show Cause HearingSet For 2:00 12/13/99 At 615 Leopard, Corpus Christi[cnea] (Entered: 01/03/2000) |
| 12/13/1999 | 358 | Hearing held on 12/13/99 Re: [1-1] Show Cause Order forfailure of Plan Trustee to submit a final report proposingCourt approved distribution by 2/15/99; Show Cause Hearingcontinued to 9:00 3/6/00 At 615 Leopard, Corpus Christi.Arguments presented. Court will allow until 3/6/00. [cnea] (Entered: 01/03/2000) |
| 03/06/2000 | 359 | Hearing on 3/6/00 Re: [356-1] Show Cause Order for Failureof Plan Trustee to Submit a Final Report Proposing CourtApproved Distribution by 2/15/99; Arguments presented. ShowCause Hearing Set For 9:00 5/15/00 At 615 Leopard, CorpusChristi [cnea] (Entered: 03/06/2000) |
| 08/03/2000 | | Status Hearing Set For 9:00 9/13/00 at 600 E Harrison,Brownsville[fmremp] (Entered: 08/03/2000) |
| 09/14/2000 | 360 | Hearing Re: [356-1] Show Cause Order ; Status Hearing SetFor 9:00 10/4/00 at 600 E Harrison, Brownsville[fmremp] (Entered: 09/14/2000) |
| 10/04/2000 | 361 | Hearing Re: [356-1] Show Cause Order ; Show Cause Hearingcontinued to 9:00 11/8/00 At 600 E Harrison, Brownsville[fmremp] (Entered: 10/06/2000) |
| | | |

{SystemName} - {EventTitle}                                                                    Page 3 of 16

| 11/08/2000 | 362 | Status Hearing continued to for 9:00 12/6/00 at 600 EHarrison, Brownsville Parties notified.[fmremp] (Entered: 11/09/2000) |
| 01/16/2001 |  | Case Closed.[gjon] (Entered: 01/19/2001) |
| 01/22/2001 | 363 | Motion By Plan Trustee Colin Kelly Kaufman To Reopen Case.[fmremp] (Entered: 02/09/2001) |
| 02/05/2001 | 364 | Response By Creditor Parkwell Investments Inc To [363-1] Motion To Reopen Case by Colin Kelly Kaufman .[fmremp] (Entered: 02/09/2001) |
| 02/09/2001 | 365 | Order to Set Hearing RE: [363-1] Motion To Reopen Case byColin Kelly Kaufman scheduled for 9:00 3/7/01 at 600 EHarrison, Brownsville Parties Notified.[fmremp] (Entered: 02/09/2001) |
| 03/08/2001 | 376 | Motion By Trustee Colin Kelly Kaufman To Sell Free andClear of Liens Hearing set for 9:00 3/14/01 at 1133 NShoreline Corpus Christi[fmremp] (Entered: 03/09/2001) |
| 03/19/2001 | 378 | Objection By Creditor CKS Asset Management To [376-1] Motion To Sell Free and Clear of Liens by Colin KellyKaufman .[fmremp] (Entered: 03/27/2001) |
| 03/26/2001 |  | Case reopened.[vrio] (Entered: 05/16/2001) |
| 03/27/2001 | 381 | Order to Set Hearing RE: [378-1] Objection to ExpeditedSale by CKS Asset Management scheduled for 9:00 5/9/01 at600 E Harrison, Brownsville Parties Notified.[fmremp] (Entered: 03/27/2001) |
| 04/09/2001 | 382 | Motion By Trustee Colin Kelly Kaufman To Extend Time ToFile Final Report .[vrio] (Entered: 05/23/2001) |
| 04/18/2001 | 383 | Plan Trustee's Proposed Report of Distribution.[fmremp] (Entered: 04/27/2001) |
| 04/18/2001 | 384 | Notice of Corrected Exhibit Re: [383-1] Distribution Report [fmremp] (Entered: 04/27/2001) |
| 04/24/2001 | 385 | Response By Creditor CKS Asset Management To [383-1] |

| | | |
|---|---|---|
| | | Proposed Distribution Report .[fmremp] (Entered: 04/27/2001) |
| 04/25/2001 | 387 | Motion By Creditor CKS Asset Management To SubstituteAttorney: Matthew A Rosenstein For Old Attorney: R KirkNewsom .[fmremp] (Entered: 04/26/2001) |
| 04/25/2001 | 388 | Motion By Matthew A Rosenstein for Creditor CKS AssetManagement To Expedite Hearing Re: [ [386-1] Motion ToExtend Time To Respond To Plan Trustee's Final Report byCKS Asset Management, [387-1] Motion To SubstituteAttorney: Matthew A Rosenstein For Old Attorney: R KirkNewsom by CKS Asset Management ] .[fmremp] (Entered: 04/26/2001) |
| 04/26/2001 | 386 | Motion By Creditor CKS Asset Management To Extend Time ToRespond To Plan Trustee's Final Report .[fmremp] (Entered: 04/26/2001) |
| 04/26/2001 | 389 | Order Granting [388-1] Motion To Expedite Hearing Re: [[386-1] Motion To Extend Time To Respond To Plan Trustee'sFinal Report by CKS Asset Management, [387-1] Motion ToSubstitute Attorney: Matthew A Rosenstein For Old Attorney:R Kirk Newsom by CKS Asset Management ] Hearings set To9:00 4/27/01 at 1133 N Shoreline Corpus Christi PartiesNotified.[fmremp] (Entered: 04/26/2001) |
| 04/27/2001 | 390 | Order to Set Hearing RE: [383-1] Plan Trustee's ProposedFinal Report scheduled for 9:00 6/6/01 at 600 E Harrison,Brownsville Parties Notified.[fmremp] (Entered: 04/27/2001) |
| 04/27/2001 | 391 | Hearing Held Re: [386-1] Motion To Extend Time To RespondTo Plan Trustee's Final Report by CKS Asset Management .Arguments presented. No objections. Order signed.[fmremp] (Entered: 04/27/2001) |
| 04/27/2001 | 392 | Hearing Held Re: [387-1] Motion To Substitute Attorney:Matthew A Rosenstein For Old Attorney: R Kirk Newsom by CKSAsset Management . No opposition. Order to be presentedwithin 10 days by M Rosenstein.[fmremp] (Entered: 04/27/2001) |
| 04/27/2001 | 393 | Order Granting [386-1] Motion To Extend Time To Respond |

| | | |
|---|---|---|
| | | ToPlan Trustee's Final Report by CKS Asset Management . Timeextended to May 31, 2001. Parties Notified.[fmremp] (Entered: 04/27/2001) |
| 04/27/2001 | 394 | Plan Trustee's Notice of Mooted Hearing[fmremp] (Entered: 04/27/2001) |
| 04/30/2001 | 395 | Certificate Of Service By Trustee Colin Kelly Kaufman Of[390-1] Order Setting Hearing on Plan Trustee's ProposedFinal Report.[fmremp] (Entered: 05/03/2001) |
| 05/16/2001 | 396 | Opposed Expedited Motion By Plan Trustee Colin KellyKaufman For Protective Order . LG[vrio] (Entered: 05/16/2001) |
| 05/16/2001 | 397 | Motion By Plan Trustee Colin Kelly Kaufman To ExpediteHearing Re: [ [396-1] Motion For Protective Order by ColinKelly Kaufman ] . LG[vrio] (Entered: 05/16/2001) |
| 05/17/2001 | 398 | Response By Creditor CKS Asset Management in Opposition to [396-1] Motion For Protective Order by Colin KellyKaufman. LG[vrio] (Entered: 05/17/2001) |
| 05/17/2001 | 399 | Response By Trustee Colin Kelly Kaufman To [398-1]Response by CKS Asset Management on Motion for ProtectiveOrder filed by Colin Kelly Kaufman.[vrio] (Entered: 05/17/2001) |
| 05/18/2001 | 401 | Hearing Held Re: [396-1] Opposed Expedited Motion ForProtective Order by Colin Kelly Kaufman. Motion denied.Order to be submitted under green sheet by AttorneyRosenstein. Deposition will go forward and Trustee is toproduce everything requested spelling out the limitationsas stated on the record.[fmremp] (Entered: 05/21/2001) |
| 05/18/2001 | 407 | Hearing Held Re: [396-1] Motion For Protective Order byColin Kelly Kaufman . Motion Denied Order to be Submitted[vrio] (Entered: 05/31/2001) |
| 05/21/2001 | 400 | Order Denying [396-1] Original Opposed Expedited Motion ForProtective Order by Colin Kelly Kaufman . Parties Notified. [fmremp] (Entered: 05/21/2001) |
| | | |

| 05/23/2001 | 402 | Order Granting [382-1] Motion To Extend Time To File FinalReport by Colin Kelly Kaufman. Parties Notified.[vrio] (Entered: 05/23/2001) |
| --- | --- | --- |
| 05/25/2001 | 403 | Motion By Matthew A Rosenstein for Creditor CKS AssetManagement To Continue Hearing Re: [383-1] Chapter 11 PlanTrustee's "Distribution Report" . LG[vrio] (Entered: 05/25/2001) |
| 05/25/2001 | 404 | Motion By Matthew A Rosenstein for Creditor CKS AssetManagement To Expedite Hearing Re: [ [403-1] Motion ToContinue Hearing Re: [383-1] Chapter 11 Plan Trustee's"Distribution Report" by Matthew A Rosenstein ] . LG [vrio] (Entered: 05/25/2001) |
| 05/29/2001 | 408 | Second Amended [383-1] Proposed Final Report ofDistribution. Filed by: Trustee Colin Kelly Kaufman. cc:TA[vrio] (Entered: 05/31/2001) |
| 05/29/2001 | 409 | Response By Trustee Colin Kelly Kaufman To [385-1]Response by CKS Asset Management to Plan Trustee'sProposed Final Report and Motion fo CKS Asset Management,Inc., to Compel Plan Trustee to Perform an IndependentAccounting Prepatory to Filing a Final Report.[vrio] (Entered: 05/31/2001) |
| 05/30/2001 | 405 | Order Granting [403-1] Motion To Continue Hearing Re:[383-1] Chapter 11 Plan Trustee's "Distribution Report"by Matthew A Rosenstein Hearing set To 9:00 6/22/01 at1133 N Shoreline Corpus Christi . Parties Notified.[vrio] (Entered: 05/30/2001) |
| 05/30/2001 | 406 | Order Granting [404-1] Motion To Expedite Hearing Re: [[403-1] Motion To Continue Hearing Re: [383-1] Chapter 11Plan Trustee's "Distribution Report" by Matthew ARosenstein ] by Matthew A Rosenstein Hearing set To 9:005/29/01 at 1133 N Shoreline Corpus Christi . PartiesNotified.[vrio] (Entered: 05/30/2001) |
| 05/30/2001 | 410 | Objection By Creditor Parkwell Investments Inc To[383-1] Trustee's Proposed Final Distribution Report . cc:TA[vrio] (Entered: 06/01/2001) |
| 05/30/2001 | 411 | Supplement RE: [385-1] Response in Opposition to |

| | | |
|---|---|---|
| | | PlanTrustee's Proposed Final Report by CKS Asset Management.cc: TA[vrio] (Entered: 06/01/2001) |
| 05/30/2001 | 412 | Motion by Creditor CKS Asset Management for Removal ofTrustee, For Disgorgement of Unreasonable Fees TakenWithout Court Approval and for Damages to Estate for Breachof Fiduciary Duty and Misapplication of Funds . m/d6/22/01[vrio] (Entered: 06/01/2001) |
| 06/05/2001 | 413 | Opposed Expedited Motion By Trustee Colin Kelly Kaufman ToCompel Production of Documents . Hearing set for 9:006/8/01 at 1133 N Shoreline Corpus Christi to lg[fmremp] (Entered: 06/06/2001) |
| 06/05/2001 | 414 | Motion By Trustee Colin Kelly Kaufman To Expedite HearingRe: [ [413-1] Motion To Compel Production of Documents byColin Kelly Kaufman ] . to lg[fmremp] (Entered: 06/06/2001) |
| 06/07/2001 | 415 | Order Granting [414-1] Motion To Expedite Hearing Re: [[413-1] Motion To Compel Production of Documents by ColinKelly Kaufman ] Hearing set for 9:00 6/8/01 at 1133 NShoreline CorpusChristi . Parties Notified.[fmremp] (Entered: 06/07/2001) |
| 06/07/2001 | 416 | Motion By Creditor CKS Asset Management To ConsolidateHearing on Trustee's Proposed Final Report With CKS AssetManagement, Inc's Motion For Removal Of Trustee . to lg[fmremp] (Entered: 06/07/2001) |
| 06/07/2001 | 417 | Motion By Matthew A Rosenstein for Creditor CKS AssetManagement To Expedite Hearing Re: [ [416-1] Motion ToConsolidate Hearing on Trustee's Proposed Final Report WithCKS Asset Management, Inc's Motion For Removal Of Trusteeby CKS Asset Management ] . to lg[fmremp] (Entered: 06/07/2001) |
| 06/07/2001 | 418 | Order Granting [417-1] Motion To Expedite Hearing Re: [[416-1] Motion To Consolidate Hearing on Trustee's ProposedFinal Report With CKS Asset Management, Inc's Motion ForRemoval Of Trustee by CKS Asset Management ] Hearing setfor 9:00 6/11/01 at 1133 N Shoreline Corpus Christi .Parties Notified. [fmremp] (Entered: 06/07/2001) |

| 06/08/2001 | 419 | Hearing Re: [416-1] Motion To Consolidate Hearing onTrustee's Proposed Final Report With CKS Asset Management,Inc's Motion For Removal Of Trustee by CKS Asset Managementcontinued by agreement to 9:00 6/22/01 at 1133 N ShorelineCorpus Christi[fmremp] (Entered: 06/08/2001) |
|---|---|---|
| 06/08/2001 | 420 | Hearing Re: [413-1] Motion To Compel Production ofDocuments by Colin Kelly Kaufman continued to 9:00 6/22/01at 1133 N Shoreline Corpus Christi. Arguments presented.Tax returns to be provided by 6/13/01.[fmremp] (Entered: 06/08/2001) |
| 06/08/2001 | 421 | Order Granting in Part [413-1] Motion To Compel Productionof Documents by Colin Kelly Kaufman And ContinuingHearing Re: [413-1] Motion To Compel Production ofDocuments by Colin Kelly Kaufman. Hearing reset for 9:006/22/01 at 1133 N Shoreline Corpus Christi . PartiesNotified.[fmremp] (Entered: 06/08/2001) |
| 06/08/2001 | 422 | Order to Set Hearing RE: [408-1] Second Amended To ProposedFinal Report by Colin Kelly Kaufman scheduled for 9:006/22/01 at 1133 N Shoreline Corpus Christi PartiesNotified. [fmremp] (Entered: 06/08/2001) |
| 06/11/2001 | 423 | Objection By Creditor CKS Asset Management To [408-1] Second Amendment to Proposed Final Report by Colin KellyKaufman .[fmremp] (Entered: 06/12/2001) |
| 06/13/2001 | 424 | Opposed Expedited Motion By Trustee Colin Kelly Kaufman toCancel CKS's Claim , Or Alternatively To Assign CKS'sClaim , Or Set-Off Its Potential Dividend To Plan TrusteeTo Secure Fees[fmremp] (Entered: 06/13/2001) |
| 06/13/2001 | 425 | Motion By Trustee Colin Kelly Kaufman To Expedite HearingRe: [ [424-1] Motion to Cancel CKS's Claim by Colin KellyKaufman, [424-2] Motion To Assign CKS's Claim by ColinKelly Kaufman, [424-3] Motion Set-Off Its PotentialDividend To Plan Trustee To Secure Fees by Colin KellyKaufman ] to lg.[fmremp] (Entered: 06/13/2001) |
| 06/13/2001 | 426 | Response By Trustee Colin Kelly Kaufman To [412-1] Motionfor Removal of Trustee, For Disgorgement of |

| | | |
|---|---|---|
| | | UnreasonableFees Taken Without Court Approval and for Damages to Estatefor Breach of Fiduciary Duty and Misapplication of Funds byCKS Asset Management . to lg [fmremp] (Entered: 06/13/2001) |
| 06/14/2001 | 427 | Order to Set Hearing RE: [412-1] Motion for Removal ofTrustee, For Disgorgement of Unreasonable Fees TakenWithout Court Approval and for Damages to Estate for Breachof Fiduciary Duty and Misapplication of Funds by CKS AssetManagement scheduled for 9:00 6/22/01 at 1133 N ShorelineCorpus Christi Parties Notified.[fmremp] (Entered: 06/14/2001) |
| 06/14/2001 | 428 | Order Granting [425-1] Motion To Expedite Hearing Re: [[424-1] Motion to Cancel CKS's Claim by Colin KellyKaufman, [424-2] Motion To Assign CKS's Claim by ColinKelly Kaufman, [424-3] Motion Set-Off Its PotentialDividend To Plan Trustee To Secure Fees by Colin KellyKaufman ] Hearings set for 9:00 6/22/01 at 1133 NShoreline Corpus Christi Parties Notified.[fmremp] (Entered: 06/14/2001) |
| 06/18/2001 | 429 | Response By Creditor Parkwell Investments Inc To [412-1] Motion for Removal of Trustee, For Disgorgement ofUnreasonable Fees Taken Without Court Approval and forDamages to Estate for Breach of Fiduciary Duty andMisapplication of Funds by CKS Asset Management . [fmremp] (Entered: 06/18/2001) |
| 06/18/2001 | | Complaint [01-2090] Colin Kelly Kaufman vs. Charles BFeldman . NOS 454 Recover Money/Property . [ Filing Fee $r 150.00 Receipt # 952513][jhil] (Entered: 06/21/2001) |
| 06/22/2001 | 430 | Objection By Debtor Charles B Feldman To [408-1] AmendedTrustee's Final Report by Colin Kelly Kaufman . [fmremp] (Entered: 06/22/2001) |
| 06/22/2001 | 431 | Hearing Re: [408-1] Trustee's Second Amended Proposed FinalReport of Distribution by Colin Kelly Kaufman continued to6/27/01 by telephone conference. Parties will be advised asto time.[fmremp] (Entered: 06/25/2001) |
| 06/22/2001 | 432 | Hearing Re: [412-1] Motion for Removal of Trustee, |

| | | |
|---|---|---|
| | | ForDisgorgement of Unreasonable Fees Taken Without CourtApproval and for Damages to Estate for Breach of FiduciaryDuty and Misapplication of Funds by CKS Asset Managementcontinued to 6/27/01 by telephone conference. Parties willbe advised as to time.[fmremp] (Entered: 06/25/2001) |
| 06/22/2001 | 433 | Creditor CKS Asset Management Witness and Exhibit List [fmremp] (Entered: 06/25/2001) |
| 06/22/2001 | 434 | Trustee Colin Kelly Kaufman Witness and Exhibit List[fmremp] (Entered: 06/25/2001) |
| 06/22/2001 | 435 | Motion By Matthew A Rosenstein for Creditor CKS AssetManagement To Continue Hearing Re: [424-1] Motion toCancel CKS's Claim by Colin Kelly Kaufman, [424-2] MotionTo Assign CKS's Claim by Colin Kelly Kaufman, [424-3]Motion Set-Off Its Potential Dividend To Plan Trustee ToSecure Fees by Colin Kelly Kaufman to lg[fmremp] (Entered: 06/25/2001) |
| 06/22/2001 | 436 | Response By Creditor CKS Asset Management To [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman,[424-2] Motion To Assign CKS's Claim by Colin KellyKaufman, [424-3] Motion Set-Off Its Potential Dividend ToPlan Trustee To Secure Fees by Colin Kelly Kaufman .[fmremp] (Entered: 06/25/2001) |
| 06/22/2001 | 437 | Proposed Findings of Fact and Conclusions of Law Re:[408-1] Second Amended Final Report by Colin Kelly Kaufman. Parties Notified.[fmremp] (Entered: 06/25/2001) |
| 06/26/2001 | 438 | Status report filed by Letty Garza. Closing arguments on#408 and 412 set for 6/27/01 2:00 pm. Rosenstein willnotify all parties.[fmremp] (Entered: 06/26/2001) |
| 06/26/2001 | | Hearing On Final Arguments Re: [408-1] Amended Final Reportby Colin Kelly Kaufman [412-1] Motion for Removal ofTrustee, For Disgorgement of Unreasonable Fees TakenWithout Court Approval and for Damages to Estate for Breachof Fiduciary Duty and Misapplication of Funds by CKS AssetManagement scheduled for 2:00 6/27/01 at 1133 N |

| | | |
|---|---|---|
| | | ShorelineCorpus Christi[fmremp] (Entered: 06/26/2001) |
| 06/27/2001 | 439 | Plan Trustee's Proposed Findings of Fact and Conclusions ofLaw Re: [383-1] Distribution Report, [408-1] Second Amended Distribution Report and [412-1] Motion for Removal ofTrustee, For Disgorgement of Unreasonable Fees TakenWithout Court Approval and for Damages to Estate for Breachof Fiduciary Duty and Misapplication of Funds by CKS AssetManagement .[fmremp] (Entered: 06/27/2001) |
| 06/27/2001 | 440 | Hearing Re: [412-1] Motion for Removal of Trustee, ForDisgorgement of Unreasonable Fees Taken Without CourtApproval and for Damages to Estate for Breach of FiduciaryDuty and Misapplication of Funds by CKS Asset Management.Final arguments presented. Copy of relevant docket entriesto be submitted by the trustee to court by 9:00 a.m. on6/28/01. Copies of all accounting to be submitted bytrustee to Court by 9:00 on 6/28/01. Court will rule at3:00 6/28/01 at 1133 N Shoreline Corpus Christi[fmremp] (Entered: 06/28/2001) |
| 06/28/2001 | 441 | Trustee Colin Kelly Kaufman's Copies of Documents Relatingto Plan Trustee's Accountings[fmremp] (Entered: 06/29/2001) |
| 06/28/2001 | 442 | Hearing Held Re: [412-1] Motion for Removal of Trustee, ForDisgorgement of Unreasonable Fees Taken Without CourtApproval and for Damages to Estate for Breach of FiduciaryDuty and Misapplication of Funds by CKS Asset Management .Matters in this case that are still under adivsement wereclarified on record. Plan contemplated fee applicationswere not required. Trustee would not have to file feeapplications to be paid. Trustee to be paid at lawyerrate. Fiduciary duty is owed by trustee to plan. Dutyalso requires that fees and expenses should not exceed theestate assets. Detailed clarification of case and Court'sreview of all matters and germane docket entries werestated on record. No creedence to Court that trustee wasobscuring or hiding any facts. Edwards v Hollaman wascited. Adequate accounting was not given in this case.Payments were made by trustee to trustee before serviceswere rendered. Substantial matters are yet to be heard inthis case. Outstanding issues were clarified on record.New trustee should be appointed to continue this case.Court will withhold at this time ruling on fees yet due toplan trustee. |

| | | |
|---|---|---|
| | | [fmremp] (Entered: 06/29/2001) |
| 06/29/2001 | 443 | Order Granting in Part [412-1] Motion for Removal ofTrustee, For Disgorgement of Unreasonable Fees TakenWithout Court Approval and for Damages to Estate for Breachof Fiduciary Duty and Misapplication of Funds by CKS AssetManagement . Colin Kaufman is removed as Plan Trustee. TheUnited States Trustee is ordered to appoint a SuccessorTrustee. Parties Notified.[fmremp] (Entered: 06/29/2001) |
| 07/03/2001 | 444 | Transcript of Hearing Held on 6/28/01[fmremp] (Entered: 07/03/2001) |
| 07/03/2001 | 445 | Motion by Creditor CKS Asset Management For Clarificationand Correction Of Order Removing Plan Trustee md 7/26[fmremp] (Entered: 07/05/2001) |
| 07/23/2001 | 446 | Response By Trustee Colin Kelly Kaufman To [445-1] MotionFor Clarification and Correction Of Order Removing PlanTrustee by CKS Asset Management . to lg[fmremp] (Entered: 07/24/2001) |
| 07/24/2001 | 447 | Motion by US Trustee To Further Modify Modification ToFirst Amended Plan Confirmed By Order Dated October 5, 1992 md 8/17[fmremp] (Entered: 07/25/2001) |
| 07/24/2001 | 448 | Post-Trial Brief By Matthew A Rosenstein for Creditor CKSAsset Management In Support Of [412-1] Disgorgement ofUnreasonable Fees Taken Without Court Approval[fmremp] (Entered: 07/25/2001) |
| 07/26/2001 | 449 | Order to Set Hearing RE: [445-1] Motion For Clarificationand Correction Of Order Removing Plan Trustee by CKS AssetManagement scheduled for 9:00 9/12/01 at 600 E Harrison,Brownsville Parties Notified.[fmremp] (Entered: 07/26/2001) |
| 07/30/2001 | 450 | Certificate Of Service By Matthew A Rosenstein for CreditorCKS Asset Management Of [449-1] Order Setting Hearing onMotion for Clarification and Correction of Order RemovingPlan Trustee.[fmremp] (Entered: 07/31/2001) |
| | | |

{SystemName} - {EventTitle}                                                    Page 13 of 16

| 08/21/2001 | 451 | Order Granting [447-1] Motion To Further ModifyModification To First Amended Plan Confirmed By Order DatedOctober 5, 1992 by US Trustee . D Michael Boudloche isnamed as Plan Trustee. Parties Notified.[fmremp] (Entered: 08/21/2001) |
| --- | --- | --- |
| 09/12/2001 | 452 | Trustee Colin Kelly Kaufman's Outline of Arguments onSeptember 12, 2001.[fmremp] (Entered: 09/13/2001) |
| 09/12/2001 | 453 | Hearing Held Re: [445-1] Motion For Clarification andCorrection Of Order Removing Plan Trustee by CKS AssetManagement . Agreed Order presented and signed. [fmremp] (Entered: 09/13/2001) |
| 09/13/2001 | 454 | Agreed Corrected Order Granting in Part, Denying in Part[412-1] Motion for Removal of Trustee, For Disgorgement ofUnreasonable Fees Taken Without Court Approval and forDamages to Estate for Breach of Fiduciary Duty andMisapplication of Funds by CKS Asset Management . PartiesNotified.[fmremp] (Entered: 09/13/2001) |
| 09/18/2001 | 455 | Application By Trustee D Michael Boudloche To EmployMichael B Schmidt as Attorney . to lg[fmremp] (Entered: 09/18/2001) |
| 09/20/2001 | 456 | Order Granting [455-1] Application To Employ Michael BSchmidt as Attorney by D Michael Boudloche . PartiesNotified.[fmremp] (Entered: 09/20/2001) |
| 01/29/2002 | 457 | Order Setting Deadlines on Final Fee Application of Colin KKaufman - February 8, 2002 and Setting Hearing Thereon - February 22, 2002 9:00 in Corpus Christi . PartiesNotified.[shyt] (Entered: 01/29/2002) |
| 02/08/2002 | 458 | Final Application By Trustee Colin Kelly Kaufman ForCompensation [ Fees: $ 427,291.50, Expenses: $ 23,634.61] and $2,300 for an appraiser Last Day to Object: 3/4/02 md 3/4 [shyt] (Entered: 02/12/2002) |
| 02/15/2002 | 459 | Objection By Creditor CKS Asset Management To [458-1] Application For Compensation [ Fees: $ 427,291.50,Expenses: $ 23,634.61] and $2,300 for an appraiser by ColinKelly Kaufman . to lg[shyt] (Entered: 02/19/2002) |

| 02/15/2002 | 460 | Objection By Trustee D Michael Boudloche To [458-1] Application For Compensation [ Fees: $ 427,291.50,Expenses: $ 23,634.61] and $2,300 for an appraiser by ColinKelly Kaufman . to lg[shyt] (Entered: 02/19/2002) |
| --- | --- | --- |
| 02/19/2002 | | Hearing Re: [458-1] Application For Compensation [ Fees: $427,291.50, Expenses: $ 23,634.61] and $2,300 for anappraiser by Colin Kelly Kaufman scheduled for 9:00 2/22/02at 1133 N Shoreline Corpus Christi[shyt] (Entered: 02/19/2002) |
| 02/21/2002 | 461 | Response By Trustee Colin Kelly Kaufman To [460-1]Objection by D Michael Boudloche To Application for Fees.[shyt] (Entered: 02/22/2002) |
| 02/21/2002 | 462 | Response By Trustee Colin Kelly Kaufman To [459-1]Objection by CKS Asset Management to Application for Fees.[shyt] (Entered: 02/22/2002) |
| 02/21/2002 | 463 | Objection By Creditor Parkwell Investments Inc To[458-1] Application For Compensation [ Fees: $ 427,291.50,Expenses: $ 23,634.61] and $2,300 for an appraiser by ColinKelly Kaufman . [shyt] (Entered: 02/22/2002) |
| 02/21/2002 | 463 | Support By Creditor Parkwell Investments Inc To [460-1] Objection by D Michael Boudloche to Application For Fees. [shyt] (Entered: 02/22/2002) |
| 02/21/2002 | 464 | Proffer of Trustee Colin Kelly Kaufman's TestimonyRegarding Benefits Bestowed on the Estate[shyt] (Entered: 02/25/2002) |
| 02/22/2002 | 465 | Hearing Re: [458-1] Application For Compensation [ Fees: $427,291.50, Expenses: $ 23,634.61] and $2,300 for anappraiser by Colin Kelly Kaufman. Exhibits offered andadmitted. Arguments presented. Witness [C K Kaufman]sworn and testimony presented. Witness [Michael Boudloche]sworn and testimony presented. Additional exhibits werediscussed and admitted with stipulations on record.Pending issues on this case are in settlement discussions.Court will be informed by 3/8/02 as to the results of thosediscussions, if not settled, then a trial will be set for9:00 3/22/02 at 1133 N Shoreline Corpus Christi. Courtwill issue a written ruling in the matter heard this date.Under Advisement.[shyt] (Entered: 02/25/2002) |

| 02/22/2002 | 466 | Trustee Colin Kelly Kaufman Exhibit List[shyt] (Entered: 02/26/2002) |
| 02/22/2002 | 467 | Creditor CKS Asset Management Exhibit List[shyt] (Entered: 02/26/2002) |
| 02/25/2002 | | Under Advisement [458-1] Application For Compensation [Fees: $ 427,291.50, Expenses: $ 23,634.61] and $2,300 foran appraiser by Colin Kelly Kaufman .[shyt] (Entered: 02/25/2002) |
| 03/05/2002 | 468 | Notice Re: Filing of Colin K Kaufman's Post-Hearing LetterMemorandum of Issues to be Presented.[shyt] (Entered: 03/06/2002) |
| 03/07/2002 | 469 | Memorandum Opinion and Order Granting [458-1] ApplicationFor Compensation [ Fees: $ 427,291.50, Expenses: $23,634.61] and $2,300 for an appraiser by Colin KellyKaufman. Payment to Colin K. Kaufman of $50,000.00 in feesand $13,759.61 in expenses . Parties Notified.[gcha] (Entered: 03/07/2002) |
| 03/12/2002 | 470 | Final Judgment For Trustee D Michael Boudloche AgainstTrustee Colin Kelly Kaufman On Final Fee Application ofColin Kelly Kaufman. Parties Notified.[shyt] (Entered: 03/12/2002) |
| 03/15/2002 | 471 | Notice of Appeal. Receipt Number 958246,Fee Amount. Filed by Colin Kelly Kaufman (related document(s)469). Appellant Designation due by 3/25/2002. (srus, ) (Entered: 03/19/2002) |
| 03/15/2002 | 472 | Notice of Appeal. Receipt Number 958246,Fee Amount. Filed by Colin Kelly Kaufman (related document(s)470). Appellant Designation due by 3/25/2002. (srus, ) (Entered: 03/19/2002) |
| 03/15/2002 | | Receipt Number 958246, Fee Amount $105.00. (related document(s)471). (jhil, ) (Entered: 03/25/2002) |
| 03/15/2002 | | Receipt Number 958246, Fee Amount $105.00. (related document(s)472). (jhil, ) (Entered: 03/25/2002) |
| 03/19/2002 | 473 | Notice of Retention of BK record pursuant to Local Bankruptcy Rule 8007. (srus, ) (Entered: 03/19/2002) |

{SystemName} - {EventTitle}                                                                 Page 16 of 16

| 03/19/2002 | 474 | Notice of Retention of BK record pursuant to Local Bankruptcy Rule 8007. (srus, ) (Entered: 03/19/2002) |
|---|---|---|
| 03/25/2002 | 475 | Abstract of Judgment. (jezz, ) (Entered: 03/27/2002) |
| 03/25/2002 | 476 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Colin Kelly Kaufman (related document(s)471, 472). Appellee designation due by 4/4/2002. Transmission of Designation Due by 4/24/2002. (shyt, ) (Entered: 03/29/2002) |
| 03/25/2002 | 477 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Colin Kelly Kaufman (related document(s)472). Appellee designation due by 4/4/2002. Transmission of Designation Due by 4/24/2002. (srus, ) (Entered: 04/02/2002) |
| 04/02/2002 | 478 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by D Michael Boudloche (related document(s) 471). (srus, ) (Entered: 04/03/2002) |
| 04/02/2002 | 479 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by D Michael Boudloche (related document(s) 472). (srus, ) (Entered: 04/09/2002) |

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MAIN/ADV NO. 90-01254-B-11 | DEBTOR: Charles B. Feldman D/B/A Charles B. Feldman Investments |
| WITNESSES: | TaxPayer Identification Number: |
| * Colin Kelly Kaufman | VS. |
| Steven A. Ditto | |
| Michael Ridulfo | JUDGE: RICHARD SCHMIDT |
| Harold Z. Browning | COURTROOM STAFF: |
| Matthew A. Rosenstein | DATE: 02/12/02   AT: CORPUS CHRISTI |
| | PARTY'S NAME:  CKS Asset Management, INC. |
| | ATTORNEY'S NAME: MATTHEW A. ROSENSTEIN |
| | ATTORNEY'S PHONE: 361-883-5577 |
| * Adverse Witness | NATURE OF PROCEEDING: Removed Plan Trustee's Final Fee Application |

### EXHIBIT LIST

| TRIAL EX No. | DESCRIPTION | DEPO No. | NR | OF | OJ | AM | DT | DISPOSITION AFTER TRIAL |
|---|---|---|---|---|---|---|---|---|
| CKS 1 | Order Confirming 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 2 | 1st Amended Plan Of Reorganization | K 3 | | | | | | |
| CKS 2a | Page 2 of 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 3 | Modification To 1st Amended Plan Of Reorganization | K 4 | | | | | | |
| CKS 4 | Steven Ditto Letter Of CKS Asset Management's Purchase and Holding of Feldman "Claims" | K 12 | | | | | | |
| CKS 5 | Ditto Letter: Order to Submit Accounting for Review by CKS Asset Management. | K 13 | | | | | | |
| CKS 6 | Ditto Letter: Review of File Accounting prepared by Al White. | K 14 | | | | | | |
| CKS 7 | Letter to Colin Kaufman from Kirk Newsom; regarding distribution of funds. | K 15 | | | | | | |
| CKS 8 | CKS's Notice of Deposition and Bankruptcy Rule 2004 Examination of Kaufman, Ch. 11 Plan Trustee | K 1 | | | | | | |

EXHIBIT "A"

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF TEXAS

| MAIN/ADV NO. 90-01254-B-11 | DEBTOR: Charles B. Feldman D/B/A Charles B. Feldman Investments |
|---|---|
| WITNESSES: | TaxPayer Identification Number: |
| * Colin Kelly Kaufman | VS. |
| Steven A. Ditto | |
| Michael Ridulfo | JUDGE: RICHARD SCHMIDT |
| * Casi Hinojosa | COURTROOM STAFF: |
| *Sharon Kaufman | DATE: 06/22/01          AT: CORPUS CHRISTI |
| Harold Z. Browning | PARTY'S NAME:  CKS Asset Management, INC. |
| Matthew A. Rosenstein | ATTORNEY'S NAME: MATTHEW A. ROSENSTEIN |
| | ATTORNEY'S PHONE: 361-883-5577 |
| * Adverse Witness | NATURE OF PROCEEDING: Plan Trustee's Final Accounting and Motion To Remove. |

### EXHIBIT LIST

| TRIAL EX NO. | DESCRIPTION | DEPO No. | NR | OF | OJ | AM | DT | DISPOSITION AFTER TRIAL |
|---|---|---|---|---|---|---|---|---|
| CKS 1 | Order Confirming 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 2 | 1st Amended Plan Of Reorganization | K 3 | | | | | | |
| CKS 2a | Page 2 of 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 3 | Modification To 1st Amended Plan Of Reorganization | K 4 | | | | | | |
| CKS 4 | Steven Ditto Letter Of CKS Asset Management's Purchase and Holding of Feldman "Claims" | K 12 | | | | | | |
| CKS 5 | Ditto Letter: Order to Submit Accounting for Review by CKS Asset Management. | K 13 | | | | | | |
| CKS 6 | Ditto Letter: Review of File Accounting prepared by Al White. | K 14 | | | | | | |
| CKS 7 | Letter to Colin Kaufman from Kirk Newsom; regarding distribution of funds. | K 15 | | | | | | |
| CKS 8 | CKS's Notice of Deposition and Bankruptcy Rule 2004 Examination of Kaufman, Ch. 11 Plan Trustee | K 1 | | | | | | |



| CKS 9 | Order Denying "Plan Trustee's Original Opposed Expedited Motion For Protective Orders" | K 2 | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CKS 10 | Plan Confirmation with Reopend date. | | | | | | | |
| CKS 11 | AK/RET Reporting, Records & Video, Inc Documents and | | | | | | | |
| CKS 12 | Kaufman Fee Invoice | K 17 | | | | | | |
| CKS 13 | Feldman Estate Payments Summary | K 16 | | | | | | |
| CKS 14 | Plan Trustee's Proposed Final Report | | | | | | | |
| CKS 15 | Plan Trustee's Original Opposed Expedited Motion For Protective Order | | | | | | | |
| CKS 16 | CKS's Notice Of Deposition And Bankruptcy Rule 2004 Examination Of Kaufman | | | | | | | |
| CKS 17 | Amounts Paid To Colin K Kaufman Without Court Approval | | | | | | | |
| CKS 18 | Analysis Of Kaufman Deposition Exhibit K-17 (Kaufman Fee Invoice) | | | | | | | |
| CKS 19 | Letter to Kaufman, April 27, 2001 requesting original documents per Judge Schmidt's ruling. | | | | | | | |
| CKS 20 | Letter to Kaufman, May 4, 2001 second request for original documents per Judge Schmidt's ruling. | | | | | | | |
| CKS 21 | May 7, 2001, Confidential: A Settlement Proposal | | | | | | | |
| CKS 22 | May 15, 2001, Fax From Kaufman, Re: Schedules, Offer To Hire CKS Attys. As Special Counsel For Plan Trustee. | | | | | | | |
| CKS 23 | Fee Invoice for Law Offices Of Matthew A. Rosenstein. | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

NOTE:  This exhibit list is to be prepared in advance of trial by parties and furnished to the court in duplicate and served on the opposing parties.

PLAN COMP.

B 100 (Re'...)

| | | DOCKET NUMBER |
|---|---|---|
| 341 MEETING (Date, Time, Loc.) | CLAIM DEADLINE | |
| | | DIST. NO. 0541 | OFF. NO. 1 | YR–NUMBER 90–01254 |
| DISCHARGE HEARING (Date, Time, Loc.) | 523/727 COMPLAINT | DATE PETITION FILED 7-11-90 | REOPENED | CHECK IF APPLICABLE ◄ Joint Petition |

NAME OF DEBTOR (Last, First, Middle)

**FELDMAN, CHARLES B.**

AKA/DBA

**CHARLES B. FELDMAN INVESTMENTS**

SS or EMPLOYER ID

**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**

ADDRESS OF DEBTOR

**926 Lantana Drive
Harlingen, Texas 78551**

NAME OF JOINT DEBTOR

*Closed + 16-01*

**Reopened
3/26/01**

AKA/DBA

SS or EMPLOYER ID

ADDRESS OF JOINT DEBTOR

| NAME OF COUNTY | COUNTY CODE | NAME OF JUDGE | JUDGE CODE | TRUSTEE CODE |
|---|---|---|---|---|
| Cameron | 48061 | Schmidt | A417 | |

| TYPE OF CASE (Check one box) | | | NATURE OF DEBT (Check One Box) | |
|---|---|---|---|---|
| **X** ◄ Voluntary | ◄ Involuntary | **X** | ◄ BUSINESS (Complete below) | ◄ Non-business/Consumer (do not complete below) |

| COMMENCED UNDER (Check One Box) | | IF BUSINESS, FORM OF ORGANIZATION (Check One Box) | |
|---|---|---|---|
| ◄ Ch. 7 | ◄ Ch. 11 Railroad | **X** ◄ Individual | ◄ Partnership |
| ◄ Ch. 7 Broker | ◄ Ch. 12 | ◄ Corp. Publicly Held | ◄ Corp. Closely-Held |
| ◄ Ch. 9 | ◄ Ch. 13 | TYPE OF BUSINESS (Check One Box) | |
| **X** ◄ Ch. 11 | ◄ Sec. 304 | ◄ Farmer  ◄ Trans-portatn | ◄ Construction |
| | | ◄ Profess. | ◄ Real Estate |
| | | ◄ Retail/Whsle.  ◄ Mftr./Mining | ◄ Other Business |

ESTIMATED NO. CREDITORS

| 1–15 | 16–49 | 50–99 | 100–999 | 1000–over |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

EST. NUMBER OF EMPLOYEES – CH.11 and CH. 12 ONLY

| 0 | 1–19 | 20–99 | 100–999 | 1000–over |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

ESTIMATED ASSETS (IN 000'S OF DOLLARS)

| Under 50 | 50–99 | 100–499 | 500–999 | 1000–over |
|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ |

ESTIMATED LIABILITIES (IN 000'S OF DOLLARS)

| Under 50 | 50–99 | 100–499 | 500–999 | 1000–over |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ |

EST. NO. OF EQUITY SECURITY HOLDERS–CH.11 and CH.12 ONLY

| 0 | 1–19 | 20–99 | 100–999 | 1000–over |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

☐ No assets will be available for distribution to creditors

☒ Assets will be available for distribution to creditors

ID

ATTORNEY FOR DEBTOR (NAME, ADDRESS, AND TELEPHONE NUMBER)

**JAMES P. MOON** *Moon + Hall LLP*
~~Simpson, Dowd & Moon~~ *ower*
*2611 W. Ovilla Rd.*
~~2602 McKinney Avenue, Suite 350~~
**Dallas, TX 75204** *Red Oak Tx 75154*

TRUSTEE (NAME, ADDRESS, AND TELEPHONE NUMBER)

**Examiner:**
**Colin K. Kaufman**
**P. O. Box** ~~1666~~ *1662*
**Corpus Christi, Texas 78403**

| Entry | Number | |
|---|---|---|
| | | Application and Order for Payment of Installment Filing Fee | Order/Notice to File Claims and Certificate of Mailing |
| | | | Notice of Discharge Hearing/and Certificate of Mailing |
| | | | Notice of Confirmation Hearing and Certificate of Mailing |
| | | Statement of Affairs and Schedules (or Ch.12 or Ch.13 Statement) | Section 341 Meeting conducted |
| | | Schedule of Income and Expenditures | Discharge granted |
| | | Statement of Debtor's Intentions | Notice of Discharge & Certificate of Mailing |
| | | Appointment of Trustee | Trustee's Final Report: ☐ No Asset  ☐ Asset |
| | | Trustee's Bond & Order Approving/ Trustee Acceptance | Orders of Final Distribution |
| | | Notice of Section 341 Meeting & Certificate of Mailing | Order Closing Case |

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

B100 (Rev.6/87) BANKRUPTCY DOCKET

| DATE FILED | DATE OF ENTRY | DOCUMENT NUMBER | BANKRUPTCY CASE RECORD |
|---|---|---|---|
| 7-11-90 | 7-11-90 | 1 | **Voluntary Petition,** Creditors Holding 20 Largest Unsecured Claims, List of Creditors, List of Assets, Disclosure of Compensation |
| 7-18-90 | 7-18-90 | 2 | **NOTICE** Re: Local Rule 1002(c) Alphabetized IBM Cards  nl |
| 7-18-90 | 7-18-90 | 3 | Completed IBM Mailing Cards Received  nl |
| 7-20-90 | 7-25-90 | 4 | Notice of Appearance and Request for Service of Papers - Simank/Parkwell Investments, Inc. c/s  nl |
| 7-27-90 | 7-27-90 | 5 | Schedule of Assets and Liabilities; Schedule A-Stmt of all liabilities of Debtor; A-1;A-2;A-3; Schedule B. Statement of all property of Debtor; Schedule B-1;B-2;B-3;B-4;Summary of Debts and Property.NL |
| 7-27-90 | 7-27-90 | 6 | Statement of Financial Affairs for a Debtor engaged in business.  nl |
| 7-27-90 | 7-27-90 | 7 | Amended Mailing Matrix  nl |
| 7-27-90 | 7-30-90 | 8 | **APPLICATION** to Appear Pro Hac Vice--filed by James P. Moon and Eric A. Liepins, counsel for the Debtor C/S (order enclosed)  M/D 7-30-90 jlj |
| 7-31-90 | 8-8-90 | 9 | Creditors Holding 20 Largest Unsecured Claims;statement of Executory Contracts.  nl |
| 7-30-90 | 8-8-90 | 10 | **APPLICATION** FOR Authority to Employ Counsel for the Debtor, to employ James P. Moon (Order encl) M/D 8-8-90 nl |
| 7-30-90 | 8-8-90 | 11 | **APPLICATION** to Approve employment of Accountants Pursuant to 11 U.S.aC §327, the firm of Chidester, Marlow & White, P.C. as accountants (Order encl)  M/D 8-8-90  nl |
| 7-27-90 | 8-8-90 | 12 | In Re: IBM Cards Received  nl |
|  | 8-13-90 | 13 | (RSS) **ORDER** entered. Parties notified. Application to Appear Pro Hac Vice filed by James P. Moon and Eric A. Liepins as Counsel for Debtor. RE#8 --**GRANTED**  jlj |
|  | 8-13-90 | 14 | (RSS) **ORDER** entered. Parties notified. Application for Authority to Employ Counsel for Debtors (James P. Moon). RE#10--**GRANTED** |
|  | 8-13-90 | 15 | (RSS) **ORDER** entered. Parties notified. Debtors Application to Approve Employment of Chidester, MARLOW & White, Accountants. RE#11--**GRANTED**  jlj |
| 8-31-90 | 9-4-90 | 16 | NOTICE of Chapter 11 Filing. Creditor's Meeting set 9-14-90 @ 12:30 p.m., Brownsville. Claims: 90 days from 9-14-90. Obj to Discharge 60 days from 9-14-90. c/m  nl |
| 9-4-90 | 9-10-90 | 17 | MONTHLY OPERATING REPORT for 7-11-90 to 7-31-90  nl |
| 9-13-90 | 9-17-90 | 18 | Request for Notices - Curl/NCNB Texas National Bank c/s nl |

*see expandable folder*

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 9-21-90 | 10-1-90 | 19 | MONTHLY OPERATING REPORT 8-1-90 - 8-31-90 | nl |
| 10-2-90 | 10-4-90 | 20 | **MOTION for Appointment of trustee** - filed by NCNB Texas National bank (Curl) c/s; 20 day notice provision c/s (Order encl)   ~~M/D 10-25-90~~ | nl |
| | | | **341 MEETING HELD 9-14-90** | |
| 10-9-90 | 10-11-90 | 21 | List of Appearances/Trustee's Report after Meeting of Creditors-Debtor Appeared. No adjourned meeting. | nl |
| 10-12-90 | Adv. No. 90-0142-B *Order auth. comp. controversy entered 12/2/91. See #126.* | | **Charles B. Feldman dba W. Charles B. Feldman Investments v Parkwell Investments, Inc.** **Complaint to Recover Property Transferred in Violation of 11 U.S.C. §547** | |
| 10-12-90 | ADV. NO. 90-0143-B *dismissed 11-15 '91* | | **Charles B. Feldman, et al v NCNB Texas National Bank dba NCNB Texas** **Complaint to Recover Money of the Estate Transferred in Violation of 11 U.S.C. §547** | |
| 10-19-90 | 10-22-90 | 22 | **RESPONSE** and Objection to M/Appointment of Trustee (Re # 20) of NCNB Texas National Bank - filed by Debtor(Moon) c/s cc:GM | nl |
| 10-23-90 | 10-30-90 | 23 | MONTHLY OPERATING REPORT for 9-1-90 - 9-30-90 | nl |
| 10-23-90 | 10-30-90 | 24 | **RESPONSE** to M/Appointment of Trustee - filed by Parkwell Investments, Inc. (Simank) c/s | nl |
| 10-31-90 | 11-2-90 | 25 | **NOTICE or Rule 2004** Examination of Debtor - filed by Texas National to take examination of Charles b. Feldman on 11-15-90 @ 10:30 a.m. (Curl) c/s | nl |
| 11-5-90 | 11-5-90 | 26 | **NOTICE/Application for Allowance of Attorney's Fees and Reimbursement of expenses** - filed by James P. Moon, attorney for Debtor, for the period of 7-3-90 through 8-31-90 for $14,945 for professional fees and for reimbursement of $2,430.89 for expenses. (Moon) c/s; 20 day notice; ~~(No order)~~ *(Order encl) nt* ~~M/D 11-24-90~~ | nl |
| 10-24-90 | 11-9-90 | 27 | **NOTICE** of Appointment of Committee of Unsecured Creditors - (Cornelius) c/s | nl |
| 11-7-90 | 11-9-90 | 28 | **AMENDED NOTICE** of Rule 2004 Examination of Debtor - filed by NCNB Texas Natl Bank; (Curl) c/s | nl |

PAGE ___2A-Charles Feldman___                                      90-01254-B-11
                                                                    DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 11-15-90 | 11-27-90 | 29 | **MOTION** for Protective Order--filed by Debtors (RE: 2004 Examination to be conducted by NCNB) C/S and Certificate of Conference; order enclosed-TO GORDON            jlj |
| 11-9-90 | 11-29-90 | 30 | MONTHLY OPERATING REPORTS for October, 1990 jlj |
| 11-14-90 | 11-29-90 | 31 | NCNB Texas National Bank's **RESPONSE** to and Request for Hearing on Application for Allowance of Attorney's Fees and Reimbursement of Expenses. RE#26 (Curl) C/S          .        jlj |
| 11-15-90 | 11-29-90 | 32 | **NOTICE** of Appearance and Request for Notice- Christopher M. Weil, Amy Brooks Ganci/Weil & Petrocchi for Albert White, Trustee, Charles Feldman Life Insurance Trust and Charles Feldman Life Insurance Trust C/S     jlj |
| 12-14-90 | 12-21-90  33 | 33 | Notice of Appearance and Request for Notice - Stephen/Franklin Federal Bancorp c/s     nl |
| 12-17-90 | 12-27-90 | 34 | **NOTICE** of Appearance and Request for Notice- Millard O. Anderson, Jr/Ludwick & Anderson for Texas State Mortgages, Inc. C/S      jlj |
| 12-26-90 | 12-27-90 | 35 | MONTHLY OPERATING REPORTS for November, 199' |
| 1-14-91 | 1-16-91 | 36 | NCNB Texas National Bank's **MOTION** to Convert or Dismiss (Curl) C/S; no notice; order enclosed          M/D 1-16-91 jlj |
| 1/17/91 | 1/22/91 | 37 | MONTHLY OPERATING REPORT for Dec., 1990     nl |
| 1/28/91 | 1/28/91 | 38 | **Request for Hearing** (Re # 36) NCNB Texas Natl Bank M/Convert or Dismiss - filed by debtor (MOON)           nl |
| 1/28/91 | 1/28/91 | 39 | **DEBTor'S RESPONSE** to the Motion of NCNB, Texas Natl Bank to Convert or dismiss - filed by Debtor (Moon) c/s      cc:GM nl |
| 1/28/91 | 1/28/91 | 40 | Plan of Reorganization of Charles B. Feldman d/b/a Charles B Feldman Investments     nl |
| 1/28/91 | 1/28/91 | 41 | Disclosure Statement of Charles b. Feldman            cc:GM nl |
| 1/28/91 | 1/28/91 | 42 | Certificate of Service of (#40) & (#42) Plan of Reorganization & Disclosure Stmt (Moon)           nl |
| 1/28/91 | 1/30/91 | 44 43 | Telephonic **NOTICE OF HEARING** hrg set 2/27/91 @ 9:00 a.m., McAllen Re(#36) (J) NCNB Tx Natl Bank M/Convert or dismiss and NCNB Tx Natl Bank M/Appt trustee  GM    nl |

*See expandable file*

B100E (7/86)                    **DOCKET -- CONTINUATION**                     *Coastd.*

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| | 1/31/91 | 44 | (RSS) **ORDER** entered. Parties notified. Order and Notice for Hearing on Disclosure Statement **GRANTED**. hrg set 3/20/91 @ 9:00 a.m., McAllen (Docket Call 3/13/91 @ 9:00 a.m.); last date to file and serve written objections to disclosure stmt 3/4/91; w/in 7 days after entry of order, plan proponent to transmit copy of disclosure stmt and plan to parties    nl |
| 1/29/91 | 2/8/91 | 45 | Certificate of Service of Notice of Hearing (Re # 43) (Curl)    nl |
| 1/29/91 | 2/8/91 | 46 | **NOTICE** of Continuation Rule 2004 examination of Debtor; Examination of Charles Feldman on 2/27/91 @ 1:30 p.m., Harlingen (Curl) c/s nl |
| 2/13/91 | 2/19/91 | 47 | **NOTICE OF HEARING** hrg set 3/6/91 @ 9:00 a.m., **McAllen** Reset from 2/27/91 pursuant to RSS bench announcement in Brownsville 2/6/91 NCNB Tex Natl Bank M/Convert or Dismiss (#36) (J) and NCNB Tx Natl Bank M/Appoint a trustee (#20,#24) GM c/m    nl |
| 2/20/91 | 2/21/91 | 48 | **(RSS) COURTROOM MINUTES** - Docket Call held on 2/20/91 on (#20/24) M/Appoint Trustee. No appearances/no action taken.    nl |
| 2/20/91 | 2/21/91 | 49 | **(RSS) COURTROOM MINUTES** - Docket Call held on 2/20/91 on (#36) M/Dismiss. No appearances/ no action taken.    nl |
| 2/19/91 | 2/25/91 | 50 | **NOTICE** of Reset Hearing (Re #36) on M/Convert or Dismiss Certificate of Service of Re # 47 (Curl) c/s    nl |
| 2/20/91 | 2/25/91 | 51 | MONTHLY OPERATING REPORT for 1/1/91 - 1/31/91    nl |
| 2/21/91 | 2/25/91 | 52 | **NOTICE OF HEARING** hrg set 3/20/91 @ 9:00 a.m., **McAllen** (Re # 26) Appl/allowance atty fees & reimbursement of exp of J. P. Moon GM/cm nl |
| 2/25/91 | 2/25/91 | 53 | **MOTION** for Continuance - filed by Debtor (Re #46, 36) (Moon) c/s (Order encl)M/D 2/25/91 nl |
| 2/19/91 | 3/1/91 | 54 | **NOTICE** of Continuation of Rule 2004 Examination of Debtor - filed by NCNB Texas Natl Bank to resume Examination of Charles B. Feldman (Re # 46) on 3/6/91 @ 1:30 p.m., **Harlingen** (Curl) c/s    nl |
| | 3/1/91 | 55 | (RSS) **ORDER** entered. Parties notified. (#53, M/Continuance Re # 36, M/of NCNB Texas Natl Bank to dism or convert **GRANTED**. hrg set 3/20/91 @ 9:00 a.m., **McAllen**    nl |

*Order*

Feldman Charles b. d/b/a Charles B. Feldman Investments          90-01254-B-11

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 4/23/91 | 4/24/91 | 82 | MONTHLY OPERATING REPORT for 3/1/91 to 3/31/91 | n. |
| 4/25/91 | 4/26/91 | 83 | Transcript of Hearings on Various Motions on 3/20/91 | nl |
| *See expandable file* | | | | |
| 5/1/91 | 5/3/91 | 84 | Notice of Appearance and Request for Notice combined w/Request for all copies pursuant to Bkptcy Rule 2002(a) and Pleadings pursuant to Bkptcy Rules 3017(a) and 9007 - filed by Examiner, Phil F. Snow; c/s; verified statement pursuant to Bkptcy Rule 2014(a) attached | nl |
| 5/3/91 | 5/3/91 | 85 | **MOTION to clarify responsibilities of examiner** and shorten time to respond to discovery requests - filed by Phil F. Snow, examiner; 20 day notice (Snow) c/s (Order encl) M/D 5/26/91 | nl |
| 5/3/91 | 5/3/91 | 86 | **MOTION for expedited hearing** on the Examiner's M/Clarify Responsibilities of Examiner and shorten time to respond to discovery requests 15 day notice; (Order encl) (Snow) c/s M/D 5/3/91 | n¹ |
| 5/9/91 | 5/9/91 | 87 | **Examinter's Motion to Compel Disclosure** = filed by Phil F. Snow (Snow) c/s (Order encl) M/D 5/9/91 | n |
| | 5/10/91 | 88 | (RSS) **ORDER** entered. Parties notified. (#73) Appl/Allowance of Professional Fees for 9/30/91 through 12/31/91 $1,590.00 filed by Al White, P.C. **GRANTED** | nl |
| 5/15/91 | 5/16/91 | 89 | (RSS) **COURTROOM MINUTES** - Docket Call held on 5/15/91 on (#41/62) Disclosure stmt; no app/ no action taken | nl |
| 5/17/91 | 5/20/91 | 90 | MONTHLY OPERATING REPORT for April, 1991 | nl |
| | 5/23/91 | 91 | (RSS) **ORDER** entered. Parties notified. (#86) M/expedited hrg **Moot.** | nl |
| 5/21/91 | 5/23/91 | 92 | **MOTION to Reset Hrg on Disclosure Statement** - filed by Debtor (Moon) c/s (Order encl) M/D 5/23/91 | nl |
| 5/22/91 | 5/28/91 | 93 | (RSS) **COURTROOM MINUTES**--Hearing held - on 5/23/91 on (#41/62) Disclosure Statement. Passed to 6/26/91 @ 9:00 a.m., in McAllen; M/settle pending. | n |
| | 6/3/91 | 94 | (RSS) **ORDER** entered. Parties notified. (#85) M/Clarify Responsibilities of examiner & Shortening time to Respond to Discovery Request **GRANTED** obj to disc shortened to 15 days | nl |

DOCKET NUMBER _____

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| | 6/6/91 | 95 | (RSS) **UNSIGNED ORDER** entered.  Parties notified. (#87)  Examiner's M/compel **Denied w/o Prejudice** | nl |
| | 6/6/91 | 96 | (RSS) **ORDER** entered.  Parties notified. ((92) M/reset hrg on Disclosure Stmt **GRANTED** Reset to 6/26/91, 9:00 a.m., McAllen | nl |
| 6/7/91 | 6/10/91 | 97 | **NOTICE** to take bankruptcy Rule 2004 examination of Feldman's Valley Wide, Inc. on 6/19/91 @ 10:00 a.m., Harlingen – filed by Phil F. Snow, examiner c/s | nl |
| 6/7/91 | 6/10/91 | 98 | **NOTICE** to take Bkptcy Rule 2004 examination of Feldman's Real Estate on 6/19/91 @ 10:00 a.m. Harlingen (Snow) c/s | nl |
| 6/7/91 | 6/10/91 | 99 | **NOTICE** to take Bkptcy Rule 2004 examination of Charles Feldman on 6/19/91 @ 10:00 a.m., Harling – filec by Phil F. Snow, Examiner c/s | nl |
| 6/12/91 | 6/12/91 | 100 | **MOTION to Continue Disclosure Statement Hearing** – filed by Debtor  to continue from present 6/26/91 setting until **8/7/91 @ 9:00 a.m.,** **Brownsville** (Moon); certificate of conference; c/s (order encl)                    M/D 6/12/91 | nl |
| 6/12/91 | 6/12/91 | 101 | **NOTICE** to take Bkptcy Rule 2004 Examination of the Charles b. Feldman Insurance Trust – filed by Examiner Snow, beginning @ 9:00 a.m., 6/21/91, Harlingen (Snow)  c/s | nl |
| 6/12/91 | 6/12/91 | 102 | **NOTICE** to take Bkptcy Rule 2004 Examination of Chidester, Marlow & White on 6/21/91 @ 9:00 a.m Harlingen– filed by Examiner Snow, c/s | nl |
| 6/12/91 | 6/18/91 | 103 | MONTHLY OPERATING REPORT for May, 1991 | nl |
| | 6/20/91 | 104 | (RSS) **ORDER**  entered.  Parties notified. (#100) M/Continue Disclosure Stmt Hrg **GRANTED.  Continued until 8/7/91 @ 9:00 a.m.,** **Brownsville.** | nl |
| 6/19/91 | 6/21/91 | 105 | (RSS) **COURTROOM MINUTES** – Docket Call held on 6/19/91 on (#41/62) Disclosure Stmt; Reset to 8/7/91 @ 9:00 a.m, Brownsville | nl |
| 7-26-91 | 7-30-91 | 106 | MONTHLY OPERATING REPORTS for June, 1991 | jl |
| 7-31-91 | Adv. No. 91-2167-B  DISMISS CD 02/16/93 | | **NCNB Texas National Bank v Charles B. Feldman,** et al Order of Referral from U.S. District Court, **Brownsville Division – Civil Action No.** **B-90-137** – pher – | |

PAGE  5–CHARLES B. FELDMAN                                        90-01254-B-11

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 8-2-91 | 8-8-91 | 107 | **EXPEDITED MOTION** to Continue hearing on Disclosure statement--filed by Debtor (Liepins) C/S; order enclosed  **M/D 8-2-91** | |
| | 8-9-91 | 108 | (RSS) **ORDER** entered. Parties notified. RE#107-Expedited Motion to Continue Hearing on Disclosure SStatement. Continued to **9-25-91 @ 9:00 a.m. McAllen-GRANTED** | jl |
| 7-31-91 | 8-13-91 | 109 | (RSS) **COURTROOM MINUTES**--Docket Call held on 7-31-91. Hearing held 8-7-91. Disclosure Statement #41/62. Motion to reset pending Reset to **9-25-91 @ 9:00 A.M** | jl |
| 8-7-91 | 8-15-91 | 110 | **NOTICE** of Appearance and Request for Notice- Nancy L. Abell, assistant U. S. Attorney for Internal Revenue Service C/S | jl |
| 8-__91 | 8-29-91 | 111 | MONTHLY OPERATING REPORTS for July, 1991 | jl |
| 9-16-91 | 9-17-91 | 112 | MONTHLY OPERATING REPORT FOR MONTH ENDING August 31, 1991 | gc |
| 9-9-91 | 9-20-91 | 113 | Request of Creditor Pursuant to Bankruptcy Rule 2002(g) Providing Proper and Exclusive Address for Service of Notices and Pleadings - Wendell Livingston, BECKET & WATKINS, for MBNA America, Successor to Maryland Bank, NA | gc |
| 9-24-91 | 9-26-91 | 114 | Agreed **MOTION** to Continue Disclosure Stmt Hearing - James Moon - C/S and Certificate of Conference by Eric Liepins - **M/D 9-26-91** | gc |
| 9/25/91 | 10/2/91 | 115 | (RSS) **COURTROOM MINUTES**--Hearing held on 9/18/81 and 9/25/91 Re:#41/62, Disclosure Statement-Expedited Motion to reset filed 9/23/91. | sk |
| | 10/2/91 | 116 | (RSS) **ORDER** entered.  Parties notified. Re:#114, Order of Continuance-**GRANTED.** Disclosure Hearing **RESET TO 11/6/91 @ 9:00 a.m., Brownsville.** | sk |
| 10-15-91 | 10-21-91 | 117 | Monthly Operating Report - September, 1991 | jl |
| 10-23-91 | 10-23-91 | 118 | United States of America's (Internal Revenue Serivce) **OBJECTION** to Debtor's Disclosure Statement (Abell) C/S | jl |
| 10-28-91 | 10-31-91 | 119 | **MOTION** for Approval of Compromise and Settlement Agreement--filed by Debtor (w/ Parkwell Investments, Inc.) C/S; 20 day notice order enclosed          **M/D 11-18-91** | |

— Continued -

B100 E (7/86)                        **DOCKET – CONTINUATION**

PAGE  6-CHARLES B. FELDMAN                                    90-01254-B-11
                                                        DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 10-28-91 *Began Volume #5* | 10-31-91 | 120 | **REPORT** of the Examiner (Snow) |
| 10-28-91 | 10-31-91 | 121 | Certificate of Service. RE#120 (Snow)    j1j |
| 11-6-91 | 11-8-91 | 122 | (RSS) **COURTROOM MINUTES**--Hearing held on Disclosure Statement 41/62. Order to be prepared by Mr. Moon. Amended Disclosure Statement to be filed by 11/25/91. Objections are due by 12/16/91. Amended Disclosure Statement Hearing to be scheduled for 12/19/91 @ 9:00 A.M. McAllen    j1j |
| 11-7-91 | 11-8-91 | 123 | **APPLICATION** for Allowance of Professional Fees and Reimbursement of Expenses filed by Al White and the Accounting Firm of Chidester, Marlow & White for the period January 1, 1991 through September 30, 1991 in the amount of $4,155.00 C/S; 20 day notice; order enclosed (submitted by attorney for Debtor)  **M/D 11-30-91** |
| 11-20-91 | 11-21-91 | 124 | **MOTION** for Appointment of Examiner--filed by NCNB Texas National Bank C/S; 20 day notice; order enclosed (Curl)    **M/D 12-13-91**    j1j |
| 11-19-91 | 11-22-91 | 125 | Monthly Operating Report - October, 1991    j1j |
|  | 12-2-91 | 126 | (RSS) **ORDER** entered. Parties notified. RE#119-Motion for Approval of Compromise and Settlement Agreement with Parkwell Investments, Inc. (Adversary #90-'0142)-- **GRANTED**    j1j |
| 11-27-91 | 12-4-91 | 127 | **MOTION** to Extend Deadlines for Approval Date of Disclosure Statement-filed by Debtor. (Debtor to have until 12-6-91 to file Amended Disclosure Statement, Objections to be filed by 1-10-92, Order approving Disclosure Statement to be presented on 1-15-92) C/S; order enclosed    **M/D 12-2-91**    j1j |
|  | 12-4-91 | 128 | (RSS) **ORDER** entered. Parties notified. RE#123-Second Application for Allowance of Porfessional Fees and Reimbursement of Expenses filed by Al White and the Accounting Firm of Chidester, Marlow & White for the period January 1, 1991 through September 30, 1991 in the amount of $4,155.00-**GRANTED**    j1j |
|  | 12-4-91 | 129 | (RSS) **ORDER** entered. Parties notified. RE#127 (Agreed)-Debtor's Motion to Extend Deadlines for Approval Date of Discovery Statement- **GRANTED**    j1j |

8100E (7/86)                        **DOCKET — CONTINUATION**

6A-FELDMAN, CHARLES B.

PAGE

90-01254-B-11

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 12-6-91 | 12-9-91 | 130 | **FIRST AMENDED DISCLOSURE STATEMENT** |
| 12-6-91 | 12-9-91 | 131 | **FIRST AMENDED PLAN OF REORGANIZATION** |
| | 12-20-91 | 132 | (RSS) **ORDER** entered. Parties notified. **APPOINTING** Examiner (Examiner to be appointed by U. S. Trustee)--**GRANTED** |
| 12-19-91 | 12-23-91 | 133 | (RSS) **COURTROOM MINUTES**--Hearing held on 12-19-91. Disclosure Statement 41/62. **Passed to 1/15/92 @ 9:00 A.M. Brownsville.** Amended Disclosure Statment to be filed. Judge ordered a Courts Motion to Show Cause why this case is not converted or dismissed to be added to the docket for 1/15/92. |
| 12-23-91 | 12-26-91 | 134 | Monthly Operating Report - November, 1991 |
| | 12-30-91 | 135 | (RSS) **ORDER** entered. Parties notified. **Show Cause Hearing set 1-15-92 @ 9:00 A.M. Brownsville** for Failure to timely confirm plan of reorganization-**GRANTED** |
| *1-8-92* | *1-8-92* | 136 | Certificate of SErvice. RE#135 |
| 1-10-92 | 1-10-92 | 137 | **NOTICE** of Substitution of Claim Pursuant to Bankruptcy Rule 3001(e)(2)--filed by FDIC (NCNB Texas National Bank substituting to FDIC) C/S |
| 1-10-92 | 1-10-92 | 138 | **OBJECTIONS** of Federal Deposit Insurance Corporation to Debtor's Amended Disclosure Statement C/S (Stoffer) |
| 1/13/92 | 1/15/92 | 139 | **NOTICE OF Appearance** and Request for Notices-Charles M. Jefferson and James M. Stoffer for FDIC/Successor in Interst to NCNB Texas National Bank |
| 1/13/92 | 1/15/92 | 140 | **APPLICATION** to Appear Pro Hac Vice--filed by Chalres M. Jefferson to appear for FDIC, Successor in Interest to NCNB C/S; order enclosed          **M/D 1-15-92** |
| 1/8/92 | 1/17/92 | 141 | (RSS) **COURTROOM MINUTES**--Hearing held on 1/8/92 and 1/15/92. Courts Motion to Show Cause. Amended Disclosure Statement to be presented before 2/12/92. |
| 1/8/92 | 1/17/92 | 142 | (RSS) **COURTROOM MINUTES**--Hearing held on 1/8/92. Disclosure Statement 41/62. **Continued to 2/12/92 @ 9:00 A.M. Brownsville.** Order to be prepared by James Moon qithin 10 days. Amended Disclosure Statement to be presented before 2/12/92 |

*Continued -*

PAGE **8A-FELDMAN,CHARLES B.**           **90-01254-B-11**

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| ⸴ | 10/5/92 | 181 | (RSS) **ORDER** entered. Parties notified. **POST CONFIRMATION ORDER AND NOTICE (cc: Debtor, Moon, Kaufman, USS)** | |
| 10/21/92 | 10/22/92 | 182 | Certificate of SErvice RE#181 | jlj |
| | 10/5/92 | 183 | (RSS) **ORDER** entered. Parties notified. **ORDER DISBURSEMENT AND COSTS ALONG WITH DEBTORS POST CONFIRMATION CERTIFICATE** (cc: Debtor, Moon, Kaufman, UST) | jlj |
| 10/16/92 | 10/23/92 | 184 | Monthly Operating Report - September, 1992 | jlj |
| 10/29/92 | 10/30/92 | 185 | **MOTION** for Extension of Time to File Objection to Claims--filed by Debtor C/S; no notice provision; order enclosed    **M/D 10/30/92** | jlj |
| 11/2/92 | 11/3/92 | 186 | Colin K. Kaufman's **FINAL FEE APPLICATION** as Examiner for the period March 27, 1992 through October 31, 1992 in the amount of $3,535.00 fees and expenses of $96.90 C/S; 20 day notice; order enclosed    **M/D 11/26/92** | jl |
| | 11/12/92 | 187 | (RSS) **ORDER** entered. Parties notified. RE#185-Motion for Extension of Time to File Objections to Claims (extended to November 30, 1992)-**GRANTED** | jl |
| 11/13/92 | 11/17/92 | 188 | Debtor's Post confirmation Certificate along with Excess Notice Charges in the amount of $67.50 (Receipt #138230) | jl |
| 11/16/92 | 11/17/92 | 189 | **OBJECTION** to Claim No. 2 (American Express Travel Related SErvices Company, Inc.), Claims No. 6 and 12 (Internal Revenue SErvice). Claims No. 7,8,9 (Franklin Federal Bancorp)-TO GM | jl |
| | 11/19/92 | 190 | (RSS) **ORDER** entered. Parties notified. **Show Cause Hearing set 12/7/92 @ 2:00 P.M. Corpus Christi** for failure to file a Post-Confirmation Certificate and pay noticing fees--**GRANTED** | jl |
| 11/18/92 | 11/20/92 | 191 | **NOTICE** of Hearing set **1/6/93 @ 9:00 A.M. McAllen** for Trial on Objection to Allowance of Claims filed by American Express Travel Related Services and Internal Revenue Service #189 C/S | jl |
| 11/25/92 | 12/1/92 | 192 | Franklin Federal Bancorp F.S.B.'s **RESPONSE** to Objection to Claims RE#189   (Dickerson) | |

- *continued*

B100E (7/86)        **DOCKET — CONTINUATION**

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| | 12/7/92 | 193 | (RSS) **ORDER** entered. Parties notified. RE#186-Application by Colin K. Kaufman for Compensation of Fees and Expenses in the amount of $3,631.90--**GRANTED** |
| | 12/7/92 | 194 | (RSS) **COURTROOM MINUTES**--Hearing held on 12/7/92. Courts Motion to Show Cause #183. Moot-Costs paid (Debtors Check #3260) on 10/21/92-$67.50 |
| 12/21/92 | 12/22/92 | 195 | Plan Trustee's **NOTICE OF AND MOTION** to Approve 1st Quarterly Distribution C/S; 20 day notice; no order (Kaufman)  **M/D 1/14/93** |
| 1/5/93 | 1/5/93 | 196 | **MOTION** to Continue Hearing on Objections to Claims--filed by Debtor C/S; order enclsoed **M/D 1/5/93** |
| | 1/7/93 | 197 | (RSS) **ORDER** entered. Parties notified. RE#196-Motion for Continuance of Hearing on Objection to Claims of IRS and American Express Travel Related Services. **Reset to 2/10/93 @ 9:00 A.M. McAllen-GRANTED** |
| 1/6/93 | 1/11/93 | 198 | (RSS) **COURTROOM MINUTES**--Docket Call held on 1/6/93. Trial on Objection to Claim of IRS #189. Continued to **2/10/93 @ 9:00 A.M. McAllen.** Debtors Motion to Continue filed 1/5/93 |
| 1/6/93 | 1/11/93 | 199 | (RSS) **COURTROOM MINUTES**--Docket Call held on 1/6/93. Trial on Objection to Claim of American Express #189. **Continued to 2/10/93 @ 9:00 A.M. McAllen.** Debtors Motion to Continue filed 1/5/93. |
| 1/11/93 | 1/12/93 | 200 | **NOTICE** of Resetting of Hearing on Debtors Objections to Claims. **Reset to 2/10/93 @ 9:00 A.M. McAllen**  C/S (Moon) |
| | 2/5/93 | 201 | (RSS) **DEFAULT JUDGMENT** entered. Parties notif. RE: Objection to Proof of Claims filed by American Express Travel Related Services and by IRS. Objections sustained. Proofs of Claim are denied |
| 2/10/93 | 2/12/93 | 202 | (RSS) **COURTROOM MINUTES**--Docket Call held on 2/10/93. Objection to Claim of American Express. Default order previously submitted |
| 2/10/93 | 2/12/93 | 203 | (RSS) **COURTROOM MINUTES**--Docket Call held on 2/10/93. Trial on Objection to Claim of IRS #189. Default order previously submitted |

*-pher-*

PAGE ‾ ‾-FELDMAN, CHARLES                                    90-01254-B-11

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| | 1/23/92 | 143 | (RSS) **ORDER** entered. Parties notified. RE#140-Application to Appear Pro Hac Vice filed by Charles M. Jefferson on behalf of FDIC--**GRANTED** | jl |
| 1/22/92 | 1/24/92 | 144 | Monthly Operating Report - Decembe,r 1991 | jl |
| | 2/7/92 | 145 | (RSS) **ORDER** entered. Parties notified. RE#132-**VACATING** Order Appointing Examiner **GRANTED** | jl |
| | 2/7/92 | 146 | (RSS) **ORDER** entered. Parties notified. Continuing Disclosure statement Hearing. **Continued to 2/12/92 @ 9:00 A.M. Brownsville** **GRANTED** | jl |
| 2/12/92 | 2/14/92 | 147 | (RSS) **COURTROOM MINUTES**--Hearing held on 2/12/92. Disclosure Statement #41/62. **Continued to 3/16/92 @ 9:00 A.M. Corpus Christi** . U. S. Trustee to Appoint Examiner with authority to pursue claims outlined in report and/or to accept settlement negotiations. Examiner will be given 30 days to decide how to proceed with case. Examiners recommnedations are to be added to Disclosure Statement | jlj |
| 2/12/92 | 2/14/92 | 148 | (RSS) **COURTROOM MINUTES**--Hearing held on 2/12/92. Motion to Appoint Examiner by CCNB #132. **Continued to 3/16/92 @ 9:00 A.M. Corpus Christi.** U. S. Trustee to Appoint Examiner with authority to pursue claims outline in report and/or to accept settlement recommendations. Examiner will be given 30 days to decide how to proceed with case | jlj |
| 2/21/92 | 2/24/92 | 149 | Monthly Operating Report - January, 1992 | jlj |
| | 3/13/92 | 150 | **(RSS) ORDER** entered.  Parties notified. Re:#124,148-Motion of NCNB Texas National Bank to Appoint Examiner-**GRANTED**. (Examiner to be appointed by UST). | sk |
| 3/13/92 | 3/18/92 | 151 | **MOTION** to Continue Hearing on Approval of Disclosure Statement/Moon-certificate of conference; c-s (Order encl) Faxed only. | sk |
| | 3/18/92 | 152 | (RSS) **ORDER** entered.  Parties notified. Re:#151-**GRANTED. (Continued to 5/6/92 @ 9:00 a.m., Brownsville).** Faxed signatures on agreed order. | sk |
| 3/16/92 | 3/18/92 | 153 | (RSS) **COURTROOM MINUTES**--Hearing held on 3/16/92 Re:#41/62, Disclosure Hearing-Resets: 6; No Appearances/No action taken. | sk |

**CONTINUED**

B100E (7/86)                    **DOCKET — CONTINUATION**

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 3/16/92 | 3/18/92 | 154 | (RSS) **COURTROOM MINUTES**--Hearing held on 3/16/92 Re: Motion of NCNB Texas National Bank to Appoint Examiner-No Appearances/No action taken.        sk |
| 3/23/92 | 3/30/92 | 155 | Monthly Operating Report - February, 1992        jlj |
| 3/31/92 | 4/2/92 | 156 | **APPLICATION** for Order Approving Appointment of Second Examiner (Colin K.Kaufman)--filed by U. S. Trustee, Affidavit of Disinterestedness ; order enclosed          **M/D 4/2/92** |
| | 4/24/92 | 157 | (RSS) **ORDER** entered. Parties notified. RE#156-Appointment of Second Examiner (Colin K. Kaufman)--**GRANTED**        jlj |
| 4/21/92 | 4/27/92 | 158 | Monthly Operating Report - March, 1992        jlj |
| 5/7/92 *Begin Volume #6* | 5/11/92 | 159 | **SECOND APPLICATION** for Allowance of Interim Attorney's Fees and Reimbursement of Expenses filed by James P. Moon for the period September 1, 1990 trhough April 30, 1992 in the amount of $49,772.50 fees and expenses of $7,639.10 C/S; 20 day notice; order enclosed          **M/D 5/30/92**        ''j |
| 5/6/92 | 5/12/92 | 161 | (RSS) **COURTROOM MINUTES**--Hearing held on 5/6/92. Disclosure Statement 41/62. Disclosure Statement to be amended. Order approving Amended Disclosure Statement to be submitted in 10 days. Amended Disclosure Statement to be mailed to creditors 5/21/92. Confirmation Hearint to be set on 6/17/92 @ 9:00 A.M. McAllen.        jlj |
| 5/21/92 | 5/28/92 | 162 | Monthly Operating Report - April, 1992        jlj |
| 5/29/92 | 6/2/92 | 163. | **NOTICE** of Change of Address for ATtorneys for Parkwell Investments, Inc.: Ronald A. Simank/Laura M. Baker        jlj |
| | 6/4/92 | 164 | (RSS) **ORDER** entered. Parties notified. **Approving Disclosure Statement. Confirmation Hearing set6/17/92 @ 9:00 A.M. Brownsville.** Last day to file objections: 6/12/92-**GRANTED**        jlj |
| 6/4/92 | 6/4/92 | 165 | **EMERGENCY MOTION** to Continuance Hearing on Confirmation of Debtor's Plan of Reorganization filed by Debtor C/S; order enclosed-TO GM        jlj |
| | 6/8/92 | 166 | (RSS) **ORDER** entered. Parties notified. RE#159-Second Application for Allowance of Interim Attorneys Fees and Reimbursement of Expenses filed by James P. Moon in the amount of $49,772.50 fees and expenses of $7,639.10--**GRANTED** *Continued*        jlj |

8100E (7/86)                    **DOCKET -- CONTINUATION**

PAGE ___8—CHARLES B. FELDMAN___      ___90—01254—B—11___

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 6/8/92 | 6/15/92 | 167 | (RSS) **COURTROOM MINUTES**--Docket Call held on 6/10/92. Confirmation of Chapter 11 Plan. **Continued to 8/5/92 @ 9:00 A.M. Brownsville** jlj |
| | 6/15/92 | 168 | (RSS) **ORDER** entered. Parties notified. RE#165-Emergency Motion to Continue Hearing on Confirmation of Debtor's Plan of Reorganization. **Continued to 8/5/92 @ 9:00 A.M. Brownsville-GRANTED** jlj |
| 6/15/92 | 6/16/92 | 169 | **NOTICE** of Hearing on Confirmation of Plan reset from 6/17/92 to 8/5/92 @ 9:00 A.M. **Brownsville** (Moon) C/S jlj |
| 6/25/92 | 6/26/92 | 170 | Monthly Operating Report - May, 1992 jlj |
| 7/17/92 | 7/17/92 | 171 | Monthly Operating Report - June, 1992 jlj |
| 7/29/92 | 8/10/92 | 172 | (RSS) **COURTROOM MINUTES**--Docket Call held on 7/29/92. Confirmation of Chapter 11 Plan #154. Plan Confirmed. Order to be submitted jl |
| 8/20/92 | 8/21/92 | 173 | **APPLICATION** for Allowance of Professional Fees and Reimbursement of Expenses filed by Al Whiteand the Accounting Firm of Chidester, Marlow & White C/S; 20 day notice no order (Moon)        **M/D 9/11/92** jl |
| 8/20/92 | 8/24/92 | 174 | Monthly Operating Report - July, 1992 jl |
| | 9/18/92 | 175 | (RSS) **ORDER** entered. Parties notified. RE#173-Application for Allowance of Professional Fees and Reimbursement of Expenses filed by Al White/Chidester, Marlow & White for the period October 1, 1991 through June 30, 1992 in the amount of $1,170.00-**GRANTED** jl |
| | 9/21/92 | 176 | (RSS) **ORDER CONFIRMING PLAN** entered. Parties notified j |
| 9/23/92 | 9/24/92 | 177 | Monthly Operating Report - August, 1992 j |
| 9/24/92 | 9/25/92 | 178 | **MODIFICATION** fo First Amended Plan of Reorganization (Moon) jl |
| 9/24/92 | 9/25/92 | 179 | Certificate of Service RE#176 and 178 (Kaufman) jl |
| 9/29/92 | 9/30/92 | 180 | Certificate of SErvice RE#176 (Liepins) j |

*— aber.*

9A-FELDMAN, CHARLES B.                                          90-01254-B-11

PAGE _____                                          DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 3/11/93 | 3/11/93 | 204 | **MOTION** for Withdrawal of Objection to the Claims of Franklin Federal Bancorp with respect to Proof of Claim #7,8, and 9-- filed by Debtor; order enclosed **M/D 3/11/93**  j |
| | 3/16/93 | 205 | (RSS) **ORDER** entered. Parties notified. RE#204-Debtor's Motion for Withdrawa of Objection to Claims of Franklin Federal Bancorp. (#7,8,9)--**GRANTED**  j |
| | 3/24/93 | 206 | (RSS) **ORDER** entered. Parties notified. **FINAL DECREE**  j |
| 2/7/94 | 2/14/94 | 207 | **MOTION** to Compel Compliance with Plan, Pursuant to 11 U.S.C.§1142, filed by Debtor/ Moon-c/s; no notice provision (Order encl) M/D 2/14/94  sk |
| | 2/17/94 | 208 | **(RSS) ORDER** entered. Parties notified. Re:#207, Motion to Compel Compliance with Plan-**DENIED** without prejudice. **Motion does not contain Local Rule 9013 Notice Language; Case closed 3/24/93.**  sk |
| 2/25/94 | 2/25/94 | 209 | **Response** to Motion to Compel Compliance w/Plan - RE: 207 - (Jefferson) - cc: GM  gc |
| 6/27/94 | 6/28/94 | 210 | **MOTION** to Reopen Case to Provide for Compliance of Plan of Reorganization Pursuant to 11 USC 350(b)-filed by Debtor C/S; 20 day notice; order enclosed  ~~M/D 7/17/94~~  jlg |
| 7/7/94 | 7/7/94 | 211 | **RESPONSE** to Motion to Reopen Case to Provide for Compliance of Plan of Reorganization RE#210-filed by FDIC (Jefferson)-TO GM  jlg |
| 7/7/94 | 7/8/94 | 212 | **NOTICE** of Hearing set **8/10/94 @ 9:00 A.M. Brownsville** on #210 Debtor's Motion to Reopen Case to Provide for Compliance of Plan of Reorganization Pursuant to 11 USC 350(b)  jlg |
| 7/14/94 | 7/14/94 | 213 | Certificate of Service RE#212 (Alcala)  jlg |
| 7/20/94 | 7/22/94 | 214 | **REQUEST** for Judicial Notice-filed by FDIC Respondent to the M/Reopen Case to Provide Compliance of the Plan (Jefferson)  jlg |
| 8/10/94 | 8/16/94 | 215 | **(RSS) COURTROOM MINUTES** - Hearing held 8/10/94 Re: 210 Debtor's Motion to Reopen Case - Arguments presented. Briefs to be submitted by Mr. Moon and Mr. Jefferson. Briefing schedule to be filed in 15 days and responses due within 15 days after. Conference call to be held after briefs are filed. Order to be submitted in 10 days by James Moon.If plan requires an order for postpetition fees, parties to submit one. j1 |

B100E (7/86)                    **DOCKET — CONTINUATION**

PAGE _____                                    DOCKET NUMBER _____

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 8/30/94 | 9/2/94 | 216 | **BRIEF IN SUPPORT** OF Motion to Provide for Compliance of Plan of Reorganization Pursuant to 11 USC § 350(b) - Moon | j1 |
| 9/26/94 | 9/27/94 | 217 | **(RSS) COURTROOM MINUTES-** Hearing held 9/26/94 Re: Order to Show Cause. Hearing concluded. The FDIC and attorney for the Debtor have resolved their differences. Draft of an Order Approving Certain Disbursements to Mr. Moon to be submitted within 10 days. | |
| | 1/5/95 | 218 | **(RSS) ORDER TO SHOW CAUSE** for failure of Colin Kaufman to prepare a draft of an Order approving certain disbursements as directed at hearing held 2/26/94. **Hearing set for 1/9/95 at 2:30 p.m., Corpus Christi.** | j1 |
| 1/9/95 | 1/11/95 | 219 | **(RSS) COURTROOM MINUTES.** Hearing held 1/9/95 Re: 217 Order to Show Cause. Response to Order to Show Cause was filed 1/9/95. | j |
| 1/9/95 | 1/11/95 | 220 | **COLIN K. KAUFMAN'S ORIGINAL RESPONSE TO COURT'S ORDER TO SHOW CAUSE, AND FIRST POST-CONFIRMATION APPLICATION FOR LEAVE TO PAY MR. MOON AND OTHERS ADDITIONAL SUMS** (C. Kaufman)  M/D 1/11/95 | j |
| | 1/13/95 | 221 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.** Re: #220 Nil Dicit Order Approving Plan Trustee's Response to Order to Show Cause, and First Post-Confirmation Application for Leave to Pay Mr. Moon and Others Additional Sums. | j1 |
| 3/20/95 | 3/21/95 | 222 | **NOTICE OF APPEARANCE AND REQUEST FOR NOTICE** from Steven A. Dittor for CKS Asset Management, Inc., 6116 N. Central Expressway, Suite 255, L-B 25, Dallas, Texas  75206 | j |
| 3/20/95 | 4/5/95 | 223 | **NOTICE OF ASSIGNMENT OF CLAIM** (CKS Asset Management is substituted for FDIC) (S. Ditto) m/d 4/29/95 | j1 |
| | 5/3/95 | 224 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.** Re: #223. CKS Asset Management, Inc. is substituted in place of FDIC. | j1 |
| 7/3/95 | 7/7/95 | 225 | **MOTION FOR ORDER TO SHOW CAUSE** why CKS Management should not be held in contempt for violations of 11 USC Sec. 1141(c) & (d) m/d 7/23/95 (J. P. Moon) | j1 |
| 7/18/95 | 7/20/95 | 226 | **SUPPLEMENT** to #225 Motion for Order to Show Cause (J. Moon) | j1 |
| 7/19/95 | 7/20/95 | 227 | **RECEIPT OF COURT COSTS PAID** for Reopening Received $800.00 Receipt #909302 (C. Kaufman) | j1 |

B100E (7/86)                        **DOCKET — CONTINUATION**

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| *21/ *067 | 8/4/95 | 228 | **ORDER TO SHOW CAUSE** Re: #225 Order on Motion for Order to Show Cause why CKS Asset Management, Inc. should not be held in contempt for Violation of 11 USC 1141(c) & (d). Hearing **set for 8/9/95 at 9:00 a.m., in Brownsville.** | j1 |
| 8/3/95 | 8/3/95 | 229 | **EXPEDITED MOTION FOR CONTINUANCE** of Hearing Re: #228 GM (J. Moon) | j1 |
| | 8/9/95 | 230 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.** Re: #229 Order Granting Expedited M/Continue. **Continued to 9/6/95 at 9:00 a.m., Brownsville.** | j1 |
| 8/9/95 | 8/14/95 | 231 | **(RSS) COURTROOM MINUTES.** - Docket call held 8/9/95 Re: #225 M/ Show Cause. **Hearing reset to 9/6/95 at 9:00 a.m., Brownsville** | j1 |
| 9/6/95 | 9/7/95 | 232 | **(RSS) COURTROOM MINUTES** - Hearing held 9/6/95 Re: #225 M/Show Cause Why CKS Mgmt. Should not be held in contempt. Arguments heard and no appearance by CKS; Court orders CKS to remove notices within 10 days. CKS is further ordered to pay attorney's fees and expenses in the amount of $4,600.00 of Charles Moon and $3,000.00 of Colin Kaufman.  Order to be submitted by Charles Moon within 10 days. | j1 |
| | 9/21/95 | 233 | **(RSS) ORDER ENTERED PARTIES NOTIFIED.** Re: #232. Motion Granted. Order Imposing Sanctions Against CKS Asset Management, Inc. for Violation of Confirmation Order. CKS to immediately take steps to release all abstracts of judgment, assignment of judgments and similar documents All such releases to be filed no later than 10 days. CKS shall pay to Debtor the sum of $4,600.00 attorneys' fees and expenses. CKS shall pay to Colin Kaufman, Trustee, the sum of $3,000.00 attorneys' fees and expenses. C. Kaufman is authorized to withhold sums which might have been paid to CKS until the $7,600.00 awarded in this Order has been fully paid. | j1 |
| 3/1/96 | 3/4/96 | 234 | **MOTION** of CKS Asset Management Inc to Obtain Relief from Order Imposing Sanctions C/S; 20 day notice; order enclosed (Newsom) **M/D 3/24/96** | jlg |
| | 3/8/96 | 235 | (RSS) **ORDER** entered. Parties notified. **ORDER TO RE-OPEN CASE** | jlg |
| 3/22/96 | 3/26/96 | 236 | **RESPONSE** to Motion to CKS Asset Management Inc's Motion to Obtain Relief from Order Imposing Sanctions-filed by Debtor RE#234- TO GM | jlg |

*Continued.*

11-FELDMAN, CHARLES

90-1254-B-11

PAGE_____

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 3/26/96 | 3/27/96 | 237 | **NOTICE** of Hearing set **5/15/96 @ 9:00 A.M. Brownsville** RE#234 Motion of CKS Asset Management Inc to Obtain Relief from Order Imposing Sanctions | j1 |
| 4/4/96 | 4/8/96 | 238 | Certificate of Service RE#237 (Newsom) | j1 |
| 5/14/96 | 5/14/96 | 239 | **EXPEDITED MOTION** for Continuance of Hearing to Obtain Relief from Order-filed by CKS Asset Management Inc.; order encl. **M/D 5/14/96** | |
| 5/15/96 | 5/17/96 | 240 | (RSS) **COURTROOM MINUTES**--Hearing held on 5/15/96. RE#234-Motion of CKS Asset Management Inc to Obtain Relief from Order Imposing Sanctions. No appearances/no action taken. Hearing continued to **June or July Docket in Brownsville**. Kirk Newsome filing Expedited Motion to reset | j1 |
| | 5/17/96 | 241 | (RSS) **ORDER** entered. Parties notified. RE#239-Expedited Motion to Continuance of Hearing on Motion to Obtain Relief from Order Imposing Sanctions. **Reset to 7/10/96 @ 9:00 A.M** Brownsville | j1 |
| 6/12/96 | 6/19/96 | 242 | **TRANSCRIPT** of Show Cause Hearing held September 6, 1995 | j1 |
| 6/21/96 | 6/25/96 | 243 | **NOTICE** of Resetting of Hearing set **8/14/96 @ 9:00 A.M. Brownsville**  RE#234 Motion of CKS Asset Management Inc to Obtain Relief from Order Imposing Sanctions. | j |
| 6/27/96 | 7/1/96 | 244 | Certificate of Service RE #243 (Newsom) | j |
| 7/29/96 | 7/31/96 | 245 | **EXPEDITED MOTION** for Continuance of Hearing on CKS Asset Management Inc's Motion to Obtain Relief from Order-filed by Debtor C/S; order enclosed            **M/D 7/31/96** | j |
| | 8/6/96 | 246 | (RSS) **AGREED ORDER** entered. Parties notified. RE#245-Motion for Continuance of Hearings on Motions filed by CKS Asset Management. **Reset to 9/4/96 @ 9:00 A.M. Brownsville** | |
| 8/14/96 | 8/20/96 | 247 | (RSS) **COURTROOM MINUTES**--Hearing held on 8/14/96 RE#234-Motion of CKS Asset Management to Obtain Relief from Order Imposing Sanctions. **Hearing previously continued to 9/4/96 @ 9:00 AM Brownsville** | j1 |
| | 8/26/96 | 248 | (RSS) **ORDER** entered. Parties notified. **Order Vacating Agreed Order #246** | j1 |
| | 8/26/96 | 249 | (RSS) **AGREED ORDER** entered. Parties notified. RE#245-Expedited Motion for Continuance of Hearing. **Reset to 9/30/96 @ 9:00 A.M.** | |

8100 E (7/86)

**DOCKET — CONTINUATION** Corpus Christi-**GRANTED**

j1

PAGE **FELDMAN, CHARLES**                                    90-01254-B-11
                                                            DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 8/23/96 | 8/27/96 | 250 | **MOTION** of CKS Asset Management Inc to Enforce and Implement Confirmed Plan and to Compel Plan Trustee to File an Accounting and to Perform his Duties C/S; 20 day notice; order enclosed (Newsom) **M/D 9/14/96** | jlg |
| 9/4/96 | 9/6/96 | 251 | (RSS) **COURTROOM MINUTES**--Hearing held on 9/4/96. RE#234-Motion of CKS Asset Management Inc. to Obtain Relief from Order Imposing Sanctions. No appearances/no action taken | jl |
| 9/9/96 | 9/10/96 | 252 | Plan Trustee **RESPONSE** to CKS's Motion to Compel RE#250 (Kaufman)-TO GM | jl |
| 9/12/96 | 9/13/96 | 253 | **NOTICE** of Hearing set **10/9/96 @ 9:00 A.M. Brownsville** RE#250 Motion of CKS Asset Management, Inc to Enforce and Implement Confirmed Plan and to Compel Plan Trustee to File an Accounting and to Perform His duties | jl |
| 9/18/96 | 9/19/96 | 254 | Certificate of Service RE#253 (Newsom) | jl |
| 9/23/96 | 9/24/96 | 255 | **JOINT MOTION** to Reset Hearing Date-filed by Debtor and CKS Asset Management Inc. C/S; order enclosed    **M/D 9/24/96** | |
| | 9/27/96 | 256 | (RSS) **ORDER** entered. Parties notified. RE#255-Joint Motion to Reset Hearing Date on Motion to Enforce and Implement Confirmed Plan and Compel Filing of an Accounting. **Reset to 9/30/96 @ 9:00 A.M. Corpus Christi** | jl |
| 9/30/96 | 10/1/96 | 257 | (RSS) **COURTROOM MINUTES**--Hearing held on 9/30/96. RE#250 Motion of CKS Management Inc to Enforce & Implement Confirmed Plan & to Compel Trustee to File an Accounting & to Perform his Duties. Hearing commenced/concluded. Parties will contact the clerk's office to reset this matter. | jl |
| 9/30/96 | 10/1/96 | 258 | (RSS) **COURTROOM MINUTES**--Hearing held on 9/30/96 RE#234 Motion of CKS Asset Management Inc to Obtain Relief from Order Imposing Sanctions. Hearing commenced/concluded. Exhibits offered and admitted. Witness sworn and questioned. Arguments presented. The Court will reconsider the order imposing sanctions - | jl |
| 9/30/96 | 10/1/96 | 259 | **EXHIBIT LIST** of CKS Management RE: Relief from Order | jl |
| 10/9/96 | 10/15/96 | 260 | (RSS) **COURTROOM MINUTES**--Hearing held on 10/9/96. #250 Motion of CKS Asset Management Inc to Enforce and Implement Confirmed Plan and to Compel Plan Trustee to File an Accounting. No appearances/no action taken | jl |

B100E (7/86)                     **DOCKET – CONTINUATION**    *Continued.*

FELDMAN, CHARLES                                            90-01254-B-11
PAGE ___12___                                              DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| | 12/20/96 | 261 | (RSS) **ORDER** entered. Parties notified. RE#250-**DENYING** Motion of CKS Asset Management to Enforce and Implement Confirmed Plan and to Compel Plan Trustee to File an Accounting (failure to prosecute)                    jl |
| | 2/19/97 | 262 | (RSS) **ORDER** entered. Parties notified. Sua Sponte Order **VACATING** Order Denying Motion of CKS Asset Management Inc to Enforce and Implement Confirmed Plan and to Compel Trustee to File an Accounting. **Hearing set on 3/5/97 in Brownsville at 9:00 AM.**               j |
| | 2/19/97 | 263 | (RSS) **ORDER** entered. Parties notified. **GRANTING** Motion of CKS Asset Management Inc to Obtain Relief from Order Imposing Sanctions.. (Order imposing sanctions entered on 9/21/95 is **VACATED** and a hearing on Debtor's Motion for Contempt is set 3/5/97 @ 9:00 A.M. in Brownsville)                                  j |
| 3/4/97 | 3/4/97 | 264 | **AGREED EXPEDITED MOTION FOR** Continuance of Hearing to Obtain Relief from Order – filed by CKS Asset Management Inc. C/S; order enclosed              **M/D 3/4/97**       j |
| 3/5/97 | 3/7/97 | 265 | (RSS) **COURTROOM MINUTES**--Hearing held on 3/5/97 RE#250 CKS Asset Management's Motion to Compel & Enforce. No appearances. Partes filing Agreed Motion to Reset for a date & time to be heard in Corpus Christi. TX       j |
| 3/5/97 | 3/7/97 | 266 | (RSS) **COURTROOM MINUTES**--Hearing held on 3/5/97 RE#234 Motion for Contempt. No appearances. Parties filing Agreed Motion to Reset for a date & time to be heard in Corpus Christi, TX                       j |
| | 3/7/97 | 267 | (RSS) **AGREED ORDER** entered. Parties notified. RE#264-**GRANTING** Expedited Motion for Continuance of Hearing. **Hearing continued to 4/7/97 at 9:00 AM Brownsville**       j |
| 3/31/97 | 4/1/97 | 268 | Plan Trustee's Original **MOTION** to Approve Employment of Appraisers (Connie de la Garza or Bryan Duffy) C/S; 20 day notice; order enclosed              **M/D 4/21/97**       j |
| 4/1/97 | 4/1/97 | 269 | **EXPEDITED MOTION** for Continuance of Hearing filed by Debtor (RE: Motion for Order to Show Cause)                               j |
| | 4/1/97 | 270 | (RSS) **ORDER** entered. Parties notified. **GRANTING** Motion for Continuance of Hearing on Motion for Order to Show Cause. **Hearing reset to 4/1/97 @ 3:00 P.M. Corpus Christi** |

B100E (7/86)                        **DOCKET — CONTINUATION**

PAGE ___ **CHARLES FELDMAN** ___                90-01254-B-11
                                                 DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 4/1/97 | 4/2/97 | 271 | (RSS) **COURTROOM MINUTES**--Hearing held on 4/1/97 RE: Motion to Continue Hearing RE: #234 & 250. Motion granted. **Hearings continued to 5/16/97 @ 9:00 AM Corpus Christi.** The Court instructed the trustee to submit an interim written report by 4/15/97 to debtor and CKS Asset Management and a Final written report by 5/9/97. The Court set a telephone status hearing on 4/22/97 at 9:00 AM in Corpus Christi and on 5/13/97 at 9:00 AM in Corpus Christi | j |
| 4/16/97 | 4/29/97 | 272 | Plan Trustee's Fifth Report-filed by Colin Kelly Kaufman | jlg |
| 4/22/97 | 4/29/97 | 273 | (RSS) **COURTROOM MINUTES**--Hearing held on 4/22/97 RE: Status. Hearing commenced/ concluded. The plan Trustee's Fifth Report has been filed. The status hearing set on 5/13/97 is cancelled. | jlg |
| | 5/2/97 | 274 | (RSS) **ORDER** entered. Parties notified. RE#268-GRANTING Plan Trustee's Original Motion to Approve Employment of Appraisers | jlg |
| 5/13/97 | 5/15/97 | 275 | Plan Trustee's Sixth **REPORT** and Partly Unopposed **MOTION** to Extend Plan Term to January 31, 1998 C/S; 20 day notice; order enclosed    M/D 6/6/97 | jlg |
| 5/15/97 | 5/15/97 | 276 | **EXPEDITED MOTION** for Continuance of Hearing on Motion for Order to Show Cause Why CKS Asset Management Should Not be Held in Contempt-filed by Debtor and Colin Kelly Kaufman C/S; order enclosed    M/D 5/15/97 | jlg |
| | 5/16/97 | 277 | (RSS) **AGREED ORDER** entered. Parties notified. RE#276-GRANTING Expedited Motion for Continuance of Hearing on Motion for Order to Show Cause Why CKS Asset Management Should Not be Held in Contempt. (no new date given) | jlg |
| 6/2/97 | 6/4/97 | 278 | **RESPONSE** of CKS Asset Management Inc to Plan Trustee's Motion to Extend Plan Term RE#275 (Newsom)-TO GM | jlg |
| 6/4/97 | 6/5/97 | 279 | **NOTICE** of Hearing set **7/16/97 @ 9:00 AM Mcallen RE#275** Plan Trustee's Sixth Report and Partly Unopposed Motion to Extend Plan Term to January 31, 1998 | jlg |
| 6/11/97 | 6/12/97 | 280 | Certificate of Service RE#279 (Kaufman) | jlg |
| 6/27/97 | 6/27/97 | 281 | Plan Trustee's **RESPONSE** to CK's Motion to Convert (Kaufman) | jlg |

8100E (7/86)          **DOCKET — CONTINUATION**

CHARLES FELDMAN

90-01254-B-11

PAGE ___ `3`

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 7/11/97 | 7/11/97 | 282 | Plan Trustee's UNOPPOSED THIRD MOTION for Continuance (Kaufman)   M/D 7/11/97 |
|  | 7/15/97 | 283 | (RSS) AGREED ORDER entered. Parties notified. RE#282-Trustee's Third Unopposed Motion to Continue Hearings. Hearings reset 8/20/97 @ 9:00 AM McAllen=GRANTED |
| 7/16/97 | 7/18/97 | 284 | (RSS) COURTROOM MINUTES--Hearing held on 7/16/97. RE#275 Plan Trustee's Sixth Report and Partly Unopposed Motion to Extend Plan Term to January 31, 1998. Hearing previously continued to 8/20/97 @ 9:00 AM McAllen |
| 7/16/97 | 7/18/97 | 285 | (RSS) COURTROOM MINUTES--Hearing held on 7/16/97. RE#250 CKS Asset Managements Motion to Compel & Enforce. Hearing previously continued to 8/20/97 @ 9:00 AM McAllen |
| 7/16/97 | 7/18/97 | 286 | (RSS) COURTROOM MINUTES--Hearing held on 7/16/97. RE#234 Debtor's Motion for Contempt. Hearing previously continued to 8/20/97 @ 9:00 AM McAllen |
| 8/13/97 | 8/13/97 | 287 | Plan Trustee's Original PartlyUnopposed MOTION to Employ Accountant-filed by Colin Kelly Kaufman C/S; 20 day notice; order enclosed       M/D 9/6/97 |
| 8/14/97 | 8/15/97 | 288 | Plan Trustee's Fourth Expedited MOTION to Continue (Hearings set 8/20/97); order enclosed       M/D 8/15/97 |
| 8/14/97 | 8/15/97 | 289 | Plan Trustee's MOTION to Expedite Hearing on his Fourth Expedited Motion to Continue rE#288 C/S; order enclosed  M/D 8/15/97 |
| 8/18/97 | 8/18/97 | 290 | OBJECTION to Claim of Parkwell Investments Inc-filed by CKS Asset Management Inc.-TO GM |
|  | 8/18/97 | 291 | (RSS) ORDER ENTERED. Parties notified. RE#289-GRANTING Setting on Plan Trustee's Fourth Expedited Motion for Continuance. Hearing reset to 8/18/97 @ 9:00 AM Corpus Christi |
|  |  |  | Volume #7 ends with #286, Volume #8 starts at 287 |
| 8/19/97 | 8/20/97 | 292 | (RSS) COURTROOM MINUTES-Hearing held 8/19/97 RE #288-Plan Trustee's 4th Expedited Motion to Continue Hearings. Motion granted. The Court granted the Motion to Continue hearings from 8/20/97 in McAllen.TX. Mr. Kirk Newsom will submit an order requiring the debtor to submit information by 8/22/97, and requiring the appraisers to submit their reports to Mr. Kaufman by 9/5/97 |

**CHARLES FELDMAN**

**90-01254-B-11**

PAGE

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| | 8/20/97 | 293 | (RSS) ORDER ENTERED. Parties notified. RE#288-Plan Trustee's Fourth Expedited Motion for Continuance of Hearing set 8/20/97. **Hearings reset to 9/18/97 @ 10:00 AM McAllen-GRANTED** | jlg |
| | 8/20/97 | 294 | (RSS) SCHEDULING ORDER ENTERED. Parties notified. RE: Objection to Claim of Parkwell Investments Inc. **Hearing set 10/8/97 @ 9:00 AM Brownsville** | jlg |
| 8/25/97 | 8/27/97 | 295 | Certificate of Service RE#294 (Newsom) | jlg |
| | 8/27/97 | 296 | (RSS) ORDER ENTERED. Parties notified Amended Order on Collateral Matters Made in the Course of Continuing Hearings of August, 1997 until September 18, 1997. | jlg |
| 8/27/97 | 8/29/97 | 297 | RESPONSE of CKS Asset Management Inc. to Plan Trustee's Motion to Employ Accountant RE#287 (Newsom)-TO GM | jlg |
| 8/29/97 | 9/2/97 | 298 | **NOTICE** of Hearing RE#287 Plan Trustee's Original Partly Unopposed Motion to Employ Accountant . **Hearing set 10/8/97 @ 9:00 AM Brownsville** | jlg |
| 9/4/97 | 9/8/97 | 299 | **RESPONSE** to  Objection to Claim of Parkwell Investments Inc-filed by parkwell Investments Inc (Simank) | jlg |
| 9/11/97 | 9/12/97 | 300 | **MOTION** to Invoke Adversary Rules-filed by Parkwell Investments Inc.; no notice provision C/S (Simank)    **M/D 9/12/97** | jlg |
| 9/12/97 | 9/12/97 | 301 | **EMERGENCY MOTION** to Quash the Notice of Deposition of Parkwell Investments Inc-filed by Parkwell Investments Inc. (Simank). C;S order enclosed    **M/D 9/12/97** | jlg |
| 9/12/97 | 9/12/97 | 302 | **EMERGENCY MOTION** to Shorten Time to Respond to Emergency Motion to Quash Notice of Deposition RE#301-filed by Parkwell Investments C/S; order encl.    **M/D 9/12/97** | jlg |
| | 9/16/97 | 303 | (RSS) ORDER ENTERED. Parties notified. RE#301-Emergency Motion to Quash Notice of Deposition by Parkwell Investments-GRANTED | jl |
| 9/18/97 | 9/18/97 | 304 | (RSS) COURTROOM MINUTES-Hearing held 9/18/97 RE#250 CKS Asset Management's Motion to Compel & Enforce. No appearances by movant. No action taken. | jl |
| 9/18/97 | 9/18/97 | 305 | (RSS) COURTROOM MINUTES-Hearing held 9/18/97 RE#234 Debtor's Motion for Contempt. Hearing commenced/concluded. The Court instructed debtor's counsel to submit an affidavit as to attorneys fees. | jl |

B100 E (7/86)

**DOCKET — CONTINUATION**

PAGE 14    **CHARLES FELDMAN**

90-01254-B-11
**DOCKET NUMBER**

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 9/18/97 | 9/18/97 | 306 | **(RSS) COURTROOM MINUTES**-Hearing held 9/18/97 RE#275 Plan Trustee's Sixth Report and Party Unopposed Motion to Extend Plan Term to January 31, 1998. Hearing commenced/concluded. The Court ruled that the debtor will turnover property to the plan trustee to be distributed and sold. Exhibits offered.                    jl |
| 9/18/97 | 9/18/97 | 307 | **EXHIBIT LIST** of Colin Kelly Kaufman RE: Motion to Extend Plan Term                    jl |
| 9/22/97 | 9/23/97 | 308 | **RESPONSE** of CKS Asset Management Inc. to the Emergency Motion of Parkwell Investments to Quash Notice of Deposition RE#301                    jl |
|  | 9/23/97 | 309 | **(RSS) ORDER ENTERED.** Parties notified. Order Invoking Adversary Rules filed by Parkwell Investments Inc-**GRANTED**                    jl |
| 9/23/97 | 9/25/97 | 310 | **(RSS) COURTROOM MINUTES**-Hearing held 9/23/97. RE#301 Motion to Quash. Hearing commenced/concluded. Arguments presented. Parkwell Investments will provide documents including renewals and extensions and an accounting, to CKS Asset Management                    jl |
|  | 9/25/97 | 311 | **(RSS) ORDER ENTERED.** Parties notified. **COMPREHENSIVE SCHEDULING ORDER** RE: Objection to Claim of Parkwell Investments Inc. Discovery due: 12/1/97; Motions due: 12/20/97; Ohter Parties Joined by: 1/5/98; Amendments to Pleadings by: 1/20/98; Witness/Exhibit Statement by: 2/10/98; Proosed Findings of Fact and Conclusions of Law: 2/10/98. **Pre-Trial set 3/4/98 @ 9:02 AM Brownsville** jl |
|  | 9/25/97 | 312 | **(RSS) ORDER ENTERED.** Parties notified. RE#150;Denying CKS Asset Management's Motion to Compel and Enforce (failure to prosecute)                    jl |
| 9/29/97 | 9/29/97 | 313 | Certificate of Service RE#298 (Kaufman)     j |
| 10/8/97 | 10/15/97 | 314 | **(RSS) COURTROOM MINUTES**-Hearing held 10/8/97 RE#287-Plan Trustee's Motion to Employ Accountant. Motion granted. Unopposed Order submitted & asigned                    jlg c |
|  | 10/15/97 | 315 | **(RSS) ORDER ENTERED. Parties notified.** Unopposed Order Granting Plan Trustee's Application for Employment of Accountant (Al White)-**GRANTED**                    jlg |
| 11/24/97 | 11/26/97 | 316 | Notice of Appearance and Request for Notice filed by Karen J. Stevens-Minor, Attorney for CKS Asset Management Inc                    jlg |

8100E (7/86)                    **DOCKET -- CONTINUATION**

PAGE __Charles B. Feldman__

90-01254-B-11
DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 12/19/97 | 12/22/97 | 317 | **JOINT MOTION** to Amend Comprehensive Scheduling Order--filed by CKS Asset MANAGEMENT AND PARKWELL INVESTMENTS INC    M/D 12/22/97 | jlg |
| | 12/29/97 | 318 | **(RSS) ORDER ENTERED. Parties notified. AMENDED COMPREHENSIVE SCHEDULING ORDER.** Discovery Completed by 12/1/97; Motions filed by 1/20/98; Other Parties Joined by 1/20/98 Amendments to Pleadings filed by 1/20/98; Joint Witness and Exhibit Statement filed by 2/10/98; Proposed Findings of Fact and Conclusions of Law filed by 2/10/98; **Final Pretrial Conference set 3/4/98 @ 9:02 AM Brownsville-GRANTED** | jlg |
| 1/20/98 | 1/26/98 | 319 | **SECOND JOINT MOTION** to Amend Comprehensive Scheduling Order--filed by CKS asset Management and Parkwell Investments Inc (R. Simank) GM | jl |
| | 1/27/98 | 320 | **(RSS) ORDER ENTERED. Parties notified.** RE#319 Second Order Amendeding Comprehensive Scheduling Order. Discovery completed by 12/1/97; Motions filed by 2/10/98; Other Parties joined by 2/10/98; Amendments due: 2/10/98; Joint Witness and Exhibit Statement due: 2/10/98; Proposed Findings of Fact and Conclusions of Law due: 2/10/98; **Final Pre-Trial Conference set 3/4/98 @ 9:02 AM Brownsville-GRANTED** | jlg |
| 2/2/98 | 2/9/'98 | 321 | **PLAN TRUSTEE'S FIFTH MOTION TO CONTINUE** the Deadline for Completion of Administration of the Case. (C. Kaufman)  m/d 2/26/98 | jl |
| 2/9/98 | 2/11/98 | 322 | **PLAN TRUSTEE'S ORIGINAL OBJECTION TO THE CLAIM OF THE ILLINOIS COMPTROLLER'S OFFICE** (C. Kaufman) GM | jl |
| 2/10/98 | 2/11/98 | 323 | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF** Re: Objection to Claim of Parkwell Investments, Inc. (R. Simank) | jl |
| 2/10/98 | 2/11/98 | 324 | **DEFENDANT'S WITNESS AND EXHIBIT STATEMENT** (R. Simank) | jl |
| 2/10/98 | 2/11/98 | 325 | **DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** (R. Simank) | jl |
| 2/12/98 | 2/18/98 | 326 | **NOTICE OF HEARING:** Re: #323 Motion for Summary Judgment filed by Parkwell Investments, Inc. **Hearing set 3/4/98 at 9:00 a.m. in Brownsville** | jl |
| | 2/19/98 | 327 | **(RSS) SCHEDULING ORDER ENTERED. PARTIES NOTIFIED** Re: #322 Objection to Claim of Illinois Comptroller's Office Hearing set 3/4/98 at 9:00 a.m. in Brownsville | jl |

B100E (7/86)                    **DOCKET — CONTINUATION**                    Cont.

CHARLES FELDMAN                                                        90-01254-B-11
PAGE _____ 15

|                    |                     | DOCKET NUMBER |       |
| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 2/17/98 | 2/19/98 | 328 | **MOTION OF CKS ASSET MANAGEMENT** to Withdraw Objection to Claim of Parkwell Investments, Inc. m/d 3/12/98 ( R. Newsom) |
| 2/18/98 | 2/23/98 | 329 | **RESPONSE AND BRIEF** of CKS Asset Management, Inc. to Defendant's Motion for Summary Judgment (R. Newsom) |
| 2/20/98 | 2/23/98 | 330 | **CERTIFICATE OF SERVICE** Re:326 Notice of Hearing Re: Motion for Summary Judgment |
| 2/27/98 | 3/9/98 | 331 | **RESPONSE TO MOTION** of CKS Management, Inc. to Withdraw Objection to Claim of Parkwell Investments, Inc. (R. Simank) GM |
| 3/4/98 | 3/9/98 | 332 | **(RSS) COURTROOM MINUTES** - Hearing held 3/4/98 Re: #290 Final Pretrial Conference. Final Pretrial Conference will be Concluded After Court Rules on Summary Judgment. **Continued to 4/6/98 at 9:00 a.m. in Corpus Christi** |
| 3/4/98 | 3/9/98 | 333 | **(RSS) COURTROOM MINUTES** - Hearing held 3/4/98 Re: #323 Moiton for Summary Judgment filed by Parkwell Investments, Inc. **Continued to 4/6/98 at 9:00 a.m. in Corpus Christi** |
|  | 3/9/98 | 334 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.** Re: #321 Order Continuing the Date of Completion of Administration of this Estate Until 10/1/98 |
| 3/9/98 | 3/25/98 | 335 | **NOTICE OF HEARING** Re: #331 Motion of CKS Asset Management, Inc. to Withdraw Objection to Claim of Parkwell Investments, Inc. **Hearing set for 4/6/98 at 9:00 a.m. in Corpus Christi** |
| 3/11/98 | 3/25/98 | 336 | **NOTICE OF NEW SETTING Re:** #322 Plan Trustee's Objection to Illinois Comptroller's Claim (C. Kaufman) **Hearing rescheduled for 4/6/98 at 9:00 a.m. in Corpus Christi** |
| 3/19/98 | 3/25/98 | 337 | **TRANSCRIPT OF HEARING** held 9/18/97 |
| 4/6/98 | 4/8/98 | 338 | **(RSS) COURTROOM MINUTES** - Hearing Held 4/6/98 RE: #290 Final Pre-Trial Conference. Order To Be Submitted By R. Simank Within Ten Days. |
| 4/6/98 | 4/8/98 | 339 | **(RSS) COURTROOM MINUTES** - Hearing Held 4/6/98 RE: #323 Motion For Summary Judgment. Order To Be Submitted By R. Simank Within Ten Days. |
| 4/6/98 | 4/8/98 | 340 | **(RSS) COURTROOM MINUTES** - Hearing Held 4/6/98 RE: #290 Objection To Claim Of Parkwell Investments. Order To Be Submitted By R. Simank Within Ten Days. |

8100E (7/86)                    **DOCKET — CONTINUATION**

PAGE _____                                        DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD | |
|---|---|---|---|---|
| 4/6/98 | 4/8/98 | 341 | **(RSS) COURTROOM MINUTES** – Hearing Held 4/6/98 RE: #328 Motion Of CKS Asset Management Inc To Withdraw Objection To Claim Of Parkwell Investments Inc.  Order To Be Submitted By R. Simank Within Ten Days.gl | |
| | 4/8/98 | 342 | **(RSS) ORDER ENTERED.**  Parties Notified. RE: #322 Objection To Claim Of Illinois Comptroller's Office.  Objection **SUSTAINED.** Claim **DENIED.** | g1 |
| 4/9/98 | 4/15/98 | 344 343 3L | **DEFENDANT'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF IN SUPPORT THEREOF.** (R. Simank) M/D 5/3/98 | j1 |
| 4/9/98 | 4/15/98 | 343 | **DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED MOTION FOR SUMMARY JUDGMENT** (R. Simank)  M/D 5/3/98 | j1 |
| | 4/16/98 | 345 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.** Re: #322 Order Sustaining Plan Trustee's Objection to Illinois Comptroller's Claim | j1 |
| 5/1/98 | 5/8/98 | 346 | **FIRST AMENDED RESPONSE AND BRIEF OF CKS ASSET MANAGEMENT, INC. TO DEFENDANT'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT** (R Newsom) GM | j1 |
| 5/11/98 | 5/22/98 | 347 | **NOTICE OF HEARING** Re: #344 Parkwell Investments Inc.'s First Amended Motion for Summary Judgment **Hearing set 6/3/98 at 9:00 a.m. in Brownsville** | j1 |
| 5/18/98 | 5/22/98 | 348 | **CERTIFICATE OF SERVICE** Re: #347 Notice of Hearing on Parkwell Investments First Amended Motion for Summary Judgment (R. Simank) | j1 |
| 5/22/98 | 5/22/98 | 349 | **UNOPPOSED MOTION FOR CONTINUANCE** Re: #344 Parkwell Investments Inc.'s First Amended Motion for Summary Judgment (R. Simank) GM | |
| | 5/29/98 | 350 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.** Re: #349 Order Granting Unopposed Motion to Continue Hearing on Parkwell's First Amended Motion for Summary Judgment. Hearing Continued to **6/29/98 at 9:00 a.m. in Corpus Christi** | j1 |
| 6/3/98 | 6/17/98 | 351 | **Docket Call Held 6/3/98** RE: 344 – Hearing Continued to 6/29/98, 9:00 a.m., Corpus. Motion to Continue being filed. | gč |
| 6/29/98 | 7/2/98 | 352 | **COURTROOM MINUTES-Hearing held 6/29/98.** RE: M/Summary Judgment. Motion denied. Arguments presented. | j1g |
| 6/25/98 | 7/2/98 | 353 | **PLAN Trustees Brief** on Motion for Summary Judgment - filed by Colin Kelly Kaufman | j1g |

CHARLES FELDMAN

9\ ⌐1254-B-11

PAGE _____16_____

DOCKET NUMBER

| DATE FILED | DATE OF ENTRY | DOC. NUMBER | RECORD |
|---|---|---|---|
| 10/1/98 | 10/22/98 | 354 | **MOTION TO SET A DEADLINE FOR A FINAL REPORT**   j' (Plan Trustee Colin Kelly Kaufman) m/d 10/24/98 |
|  | 11/13/98 | 355 | **(RSS) ORDER ENTERED. PARTIES NOTIFIED.**   j' Re: #354 Order Granting Motion of Plan Trustee Colin Kaufman to Set a Deadline for a Final Report.  The Final Report proposing the Court approve distributions to be filed on or before February 15, 1999 |
| 8/24/99 | 8/25/99 | 356 | **ORDER TO SHOW CAUSE (Re #354 Motion to Set a Deadline for a Final Report filed by Plan Trustee. At hearing Plan Trustee, Colin Kaufman was directed to submit a Final Report proposing Court approve distirbutions by 2/15/99.  None submitted. SHOW CAUSE HEARING set for 9/13/99, 2:30 p.m.   c Corpus Christi, Texas.** |
| 9/13/99 | 9/13/99 | 357 | **HEARING HELD on 9/13/99 re #354/355 Court's Order to Show Cause--Failure of Plan Trustee to Submit a Final Report Proposing Court Approved Distribution by 2/15/99.  Hearing continued to 12/13/99 at 2:00 p.m., 615 Leopard Street, Corpus Christi, Texas.  Arguments presented.**   cg |
| 12/13/99 | 12/21/99 | 358 | **Hearing held on 12/13/99, for Show Cause-- Failure of Plan Trustee to Submit a Final Report Proposing Court Approved Distribution by 2/15/99.  Arguments presented.  Court will allow until 3/6/00.  Hearing continued to 3/6/00, 9:00 a.m., Corpus Christi, Texas.**   cgr |
| 5/15/00 | 5/30/0 | 359 | **COURTROOM MINUTES-Hearing held 5/15/00** RE: Show Cause for Failure of Plan Trustee to Submit a Final Report. **Continued to 5/30/00 @ 9:00 am Corpus Christi** |
| 5/30/00 | 5/31/00 | 360 | **COURTROOM MINUTES-Hearing held 5/30/00** RE: Show Cause for Failure of Plan Trustee to Submit a Final Report. No appearances. No action taken. |
| 3/6/00 | 6/5/00 | 361 | **COURTROOM MINUTES**-Hearing held 3/6/00 RE: Show Cause for Failure to Submit a Final Report. Continued to 5/15/00 @ 9:00 am/ |
| 5/31/00 | 6/5/00 | 362 | **COURTROOM MINUTES-Hearing held 5/31/00** RE: Show Cause. Arguments presented. Case will not be ready to close until Sept. 2000   jl |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 2 2002

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CHARLES B. FELDMAN DBA** | § | **BANKRUPTCY CASE** |
| | § | **NUMBER 90-01254-B-11** |
| **CHARLES B. FELDMAN** | § | |
| **INVESTMENTS** | § | B-02-.073 |
| | § | |
| **DEBTOR** | § | **APPEAL NUMBER 02-05** |

---

## PARTIES TO APPEAL

Colin Kelly Kaufman
1106 Third St 78404-2312
P.O. Box 1662
Corpus Christi, TX 78403-1662

Appellant

Matthew A. Rosenstein
American Bank Plaza, #420
711 N. Carancahua
Corpus Christi, TX 78475

Richard Grant
3102 Oak Lawn, #700
Dallas, TX 75219

Ron Simank
Schauer & Simank, Attorneys
615 N. Upper Broadway, #2000
Corpus Christi, TX 78476

Michael Schmidt
712 American Bank Plaza
711 N. Carancahua
Corpus Christi, TX 78475

Appellee

Charles B. Feldman
926 Lantana Drive
Harlingen, TX 78551

Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 1 1 2002

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES B. FELDMAN DBA | § | **BANKRUPTCY CASE** |
| | § | **NUMBER 90-01254-B-11** |
| CHARLES B. FELDMAN | § | |
| INVESTMENTS | § | B-02-ω073 |
| | § | |
| DEBTOR | § | **APPEAL NUMBER 02-05** |

---

## RECORD ON APPEAL

The following items are included in this transmittal of Record on Appeal and are undocketed items:

1. All Exhibits offered by CKS and admitted at trial held on June 22, 2001;

2. All Exhibits offered by CKS and admitted at trial held on February 22, 2002

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Appellant, Colin K. Kaufman's, Designation of Record and Issues on Appeal of Docket Numbers 469 & 470 was filed on March 25, 2002. Items to be designated were listed, but no copies of these items were attached.

DATED at Corpus Christi, Texas, this 11th day of April, 2002.

MICHAEL N. MILBY, CLERK

Sharon L Russell
Sharon Russell, Deputy Clerk

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By Sharon L Russell
Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED
MAR 07 2002
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| CHARLES B. FELDMAN dba | § | Case No. 90-01254-B-11 |
| CHARLES B. FELDMAN | § | |
| INVESTMENTS | § | |
|     Debtor | § | |

---

## MEMORANDUM OPINION AND ORDER ON COLIN KELLY KAUFMAN'S FINAL FEE APPLICATION

On this day came on for consideration the Final Fee Application filed by Colin Kelly

Kaufman ("Kaufman"). The Court, having heard the evidence and arguments of counsel, finds as

follows:

### BACKGROUND

Kaufman was appointed plan trustee under a confirmed plan of reorganization in this

case on September 24, 1992. The Amended Plan of Reorganization (the "Plan") provided for

the court's retention of jurisdiction to approve Kaufman's accounts and gave Kaufman the right

to seek bankruptcy court approval of his fees and expenses. Kaufman served as Plan trustee until

June 28, 2001, when this court removed him for cause[1] and requested that the United States

Trustee appoint another Plan trustee. Thereafter, Kaufman filed his Final Fee Application (the

"Fee Application"), which was heard by the court on February 22, 2002. The Fee Application

seeks court approval of $427,291.50, in fees and $23,634.61, in expenses, for a total of

$451,926.11. Kaufman collected 354,066.92, for the beneficiaries, and paid himself a total of

---

[1] The court found that Kaufman's accountings were insufficient, that he failed to make the semi-annual disbursements required by the plan, and that he paid himself fees before they were earned.

1

$278,631.50, from the corpus of the trust. After payment of court-approved fees and expenses to other professionals, only $600.00 is left for creditors of the bankruptcy estate.[2] CKS and Parkwell, creditors and beneficiaries under the Plan, object to Kaufman's Fee Application and seek disgorgement of the payments made by Kaufman to himself. The United States Trustee's office also objected to the Fee Application.

<u>DISCUSSION</u>

**1. Jurisdiction.**

The court has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. §1334. The Plan provides that the Plan trustee has the right to seek bankruptcy court approval of his fees and expenses and retains jurisdiction in the bankruptcy court for that purpose. The Order Confirming the Plan is a final, non-appealable order.

**2. The standard of review for fee applications.**

Kaufman was a contract trustee appointed by agreement, not a Chapter 11 trustee appointed by this court. The Plan did not contemplate that the Plan trustee would be compensated under the statutory guidelines of 11 U.S.C. §326, but instead was subject to the Texas Trust Code. Two separate types of fees are at issue. First, what is Kaufman entitled to as his compensation for acting as plan trustee? Under Texas law, a trustee "is entitled to reasonable compensation from the trust for acting as trustee." TEXAS TRUST CODE §114.061(a)(Vernon's 2002). Second, should the fees billed by Kaufman as attorney for himself as Plan trustee and paid by Kaufman to himself without notice to any plan beneficiaries, be allowed? Kaufman was

---

[2] The terms "bankruptcy estate" and "trust" or "corpus" are used interchangeably herein because they are indistinguishable in this case. All three terms refer to the pool of assets supervised by Kaufman as trustee for the benefit of creditors of Charles Feldman, the debtor.

2

not barred from hiring himself as attorney for the trustee and was entitled to pay himself a reasonable fee. However, Kaufman's Fee Application does not differentiate between the two services. He billed all services at an hourly rate and the rate did not change according to what "hat" Kaufman was wearing. The uncontroverted evidence indicated that Kaufman negotiated with the Plan proponents to charge his normal hourly rate for all services to the trust. Moreover, Kaufman only agreed to take on the trusteeship after a bank turned it down.

In bankruptcy cases, fee applications are subject to review by the court under the standard set forth in 11 U.S.C. §330(a)(3), which provides as follows:

> (3)(A)(*sic*)In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

In the Southern District of Texas, applications for compensation are also required to cover the elements of *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977). Rule 2016(a), Bankruptcy Local Rules. The *First Colonial* factors are:

> (1) The time and labor required;
> (2) The novelty and difficulty of the questions;
> (3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;
(5) The customary fee;
(6) Whether the fee is fixed or contingent;
(7) Time limitations imposed by the client or other circumstances;
(8) The amount involved and the results obtained;
(9) The experience, reputation, and ability of the attorneys;
(10) The "undesirability" of the case;
(11) The nature and length of the professional relationship with the client;
(12) Awards in similar cases.

-- 544 F.2d at 1298-99.

A bankruptcy court's review of professional fee applications is important for at least two

reasons. First, the integrity of the court itself is at issue and must be preserved. *In re Temple*

*Retirement Community, Inc.*, 97 B.R. 333, 337 (Bankr. W.D.Tex. 1989). Second, "[a] bankruptcy

court is also charged with evincing an 'over-arching' policy of avoiding the waste of the debtor's

estate." *id.* at 336; see also, *First Colonial*, supra. at 1299(economy is the most important

principle in awarding fees to the trustee's attorneys); *In re El Paso Refinery, L.P.*, 257 B.R. 809

(Bankr. W.D.Tex. 2000).

**3. Application of the standards to this case.**

As a trustee under the Texas Trust Code, Kaufman had a fiduciary duty to the

beneficiaries to provide accountings of the trust activity. TEXAS TRUST CODE §113.151- 152

(Vernons 2002). The court previously held that Kaufman breached this duty. The evidence

shows that CKS began demanding accountings from Kaufman in 1995 and continued until

Kaufman was removed as trustee. Although Kaufman prepared several accountings, none were

adequate. None of the accountings included information which would alert beneficiaries that the

expenses of the trust might exceed its corpus. Moreover, Kaufman paid himself in advance for

unearned attorneys fees. The Plan did not prohibit the payment of a reasonable retainer.

4

Kaufman's advances to himself, however, could be construed as loans from the trust, which would also constitute a breach of fiduciary duty. A trustee may not loan trust funds to himself. TEXAS TRUST CODE §113.052(a)(1) (Vernons 2002). In addition, Kaufman breached his duties under the Plan by failing to make semi-annual distributions to the beneficiaries. Under Texas law, a court has the discretion to deny the trustee compensation when the trustee commits a breach of trust. TEXAS TRUST CODE, §114.061(b) (Vernon's 2002). Courts have denied all compensation, despite benefits to the estate, when fraud on the court and the estate is present. *See e.g., Matter of Futuronics Corp.*, 655 F.2d 463, 471 (2ⁿᵈ Cir. 1981), cert. denied, 455 U.S. 941 (1982); *In re Endeco*, 675 F.2d 166, 167 (8ᵗʰ Cir. 1982); *In re Unclaimed Freight of Monroe, Inc.*, 244 B.R. 358 (Bankr. W.D.La. 1999). Here, however, there was no evidence of fraud. For the above violations of the Texas Trust Code, the court finds that Kaufman's compensation should be significantly reduced as set forth below.

The Seventh Circuit Court of Appeals held that "[f]ees obtained as a consequence of a breach of fiduciary obligation, even a nonwillful breach..., may be retained only if, by analogy to claims for quantum meruit, the fiduciary, notwithstanding his breach, conferred a benefit on his principal." *Matter of Taxman Clothing Co.*, 49 F.3d 310, 316 (7ᵗʰ Cir. 1995). In the *Taxman Clothing* case, the attorney for a chapter 11 trustee consumed the entire chapter 11 estate with fees and expenses. The *Taxman Clothing* court held that "neither the trustee in bankruptcy nor the trustee's lawyer has a duty to collect an asset of the debtor's estate if the cost of collection would exceed the value of the asset." *id.* at 315. Most notably, the court went onto hold that a trustee and the trustee's lawyer have a "duty to endeavor to maximize the value of the estate." *id.* In analyzing the fee application before it under the reasonable and necessary standard of the

Bankruptcy Code, the Seventh Circuit Court of Appeals found that the fees were not reasonable or necessary once the efforts required exceeded the potential for recovery. *id.* at 316. Although the *Taxman Clothing* case involved the attorney for a chapter 11 trustee, not a plan trustee, the facts otherwise are quite analogous to the case at bar and the Seventh Circuit's analysis and its conclusion reached, give this court considerable guidance.

Kaufman's attorneys fees in his capacity of attorney for the trustee (himself) are immediately suspect because no system of checks and balances were in place. Absent informed consent from the affected beneficiaries, reasonable fees are only recoverable if they actually resulted in financial benefit to the estate. *See, e.g., In re NRG Resources, Inc.*, 64 B.R. 643 (Bankr.W.D.La. 1986). The court does not dispute that Kaufman spent the time for which he billed. Nor does the court dispute his hourly rate as within the tolerances, although on the very high end, of the rates charged by other bankruptcy attorneys. The reasonableness and necessity of the fees, however, are doubtful based on the results achieved. In short, Kaufman as trustee was charged with collecting payments from the debtor and distributing them to the creditors, but instead, used the entire amount collected to pay himself fees which did not result in collection of sufficient money to justify the fees. Absent notice to the beneficiaries, a trustee may only pay himself a reasonable fee in comparison to the size of the corpus of the trust.

Trustee's fees are calculated in a variety of methods. Corporate trustees are ordinarily paid a yearly fee based on a percentage of the trust, plus expenses including reasonable attorneys fees. Here, the evidence indicated that approximately $3,500 per year, for a total of $35,000 in trustee's fees would be the ordinary compensation paid to a corporate trustee. A chapter 7 or 11 trustee's compensation is limited by statute to a percentage of distributions, which, applying the

6

appeal # 02-05

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 15 2002

MICHAEL N. MILBY, CLERK

| | |
|---|---|
| IN RE: | } |
| Charles B. FELDMAN dba | } In Bankruptcy Case # 90-01254-B-11 |
| Charles B. Feldman Investments | } |
| Debtor | } In Chapter 11 |

Official Form 17

## COLIN KELLY KAUFMAN'S ORIGINAL NOTICE OF APPEAL

NOW COMES Colin Kelly Kaufman and for his Original Notice of Appeal,

respectfully shows the Court as follows:

1. Colin Kelly Kaufman, former plan trustee herein, appeals under 28 U.S.C. Sec.

158(a) the following orders:

A. Memorandum Opinion and Order on Colin Kelly Kaufman's Final Fee

Application (Docket # 469), a copy of which is attached as an exhibit and incorporated by

reference for all purposes.

B. Final Judgment on Final Fee Application of Colin Kelly Kaufman (Docket

# 470), a copy of which is attached as an exhibit and incorporated by reference for all

purposes.

2. The names of all parties to the judgment, order or decree appealed from, and

the names addresses and telephone numbers of their respective attorneys, are as follows:

A. CKS Asset Management, Inc., Creditor. The names and addresses of

its attorneys are as follows:

> Matthew A. Rosenstein, Esq.
> American Bank Plaza #420
> 711 No. Carancahua
> Corpus Christi, TX. 78475

-1-

471

Telecopier (361) 883-5590

Richard Grant, Esq.,
3102 Oak Lawn #700
Dallas, TX. 75219

Telephone (214) 777-5081
Telecopier (214) 777-5082

B. Parkwell Investments, Inc.  The name and address of Parkwell's attorney are as follows:

Ron Simank, Esq.,
Schauer & Simank,  Attys.
615 N. Upper Broadway #2000
Corpus Christi, TX. 78476

Telephone (361) 884-2800
Telecopier (361) 884-2822

C.  Michael Boudloche, plan trustee.  Mr. Boudloche's attorney's name and address are as follows:

Mike Schmidt, Esq.
712 American Bank Plaza
711 No. Carancahua
 Corpus Christi, TX. 78475

Telephone (361) 884-9949
Telecopier (361) 884-6000

D.  Colin Kelly Kaufman, Applicant and former plan trustee.  Mr. Kaufman's attorney is himself in propria personam, and his name and address are as follows:

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865

Telecopier (361) 888-8172

Respectfully Submitted,

Colin Kelly Kaufman, In propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

## Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on the persons listed above as attorneys for the parties to the order appealed from, by U.S. mail, first class postage prepaid, this 15th day of March, 2002.

Colin Kelly Kaufman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED
MAR 0 7 2002
Michael N. Milby, Clerk of __

| | | |
|---|---|---|
| IN RE: | § | |
| CHARLES B. FELDMAN dba | § | Case No. 90-01254-B-11 |
| CHARLES B. FELDMAN | § | |
| INVESTMENTS | § | |
| Debtor | § | |

---

## MEMORANDUM OPINION AND ORDER ON COLIN KELLY KAUFMAN'S FINAL FEE APPLICATION

On this day came on for consideration the Final Fee Application filed by Colin Kelly Kaufman ("Kaufman"). The Court, having heard the evidence and arguments of counsel, finds as follows:

### BACKGROUND

Kaufman was appointed plan trustee under a confirmed plan of reorganization in this case on September 24, 1992. The Amended Plan of Reorganization (the "Plan") provided for the court's retention of jurisdiction to approve Kaufman's accounts and gave Kaufman the right to seek bankruptcy court approval of his fees and expenses. Kaufman served as Plan trustee until June 28, 2001, when this court removed him for cause[1] and requested that the United States Trustee appoint another Plan trustee. Thereafter, Kaufman filed his Final Fee Application (the "Fee Application"), which was heard by the court on February 22, 2002. The Fee Application seeks court approval of $427,291.50, in fees and $23,634.61, in expenses, for a total of $451,926.11. Kaufman collected 354,066.92, for the beneficiaries, and paid himself a total of

---

[1] The court found that Kaufman's accountings were insufficient, that he failed to make the semi-annual disbursements required by the plan, and that he paid himself fees before they were earned.

1

$278,631.50, from the corpus of the trust. After payment of court-approved fees and expenses to other professionals, only $600.00 is left for creditors of the bankruptcy estate.[2] CKS and Parkwell, creditors and beneficiaries under the Plan, object to Kaufman's Fee Application and seek disgorgement of the payments made by Kaufman to himself. The United States Trustee's office also objected to the Fee Application.

**DISCUSSION**

**1. Jurisdiction.**

The court has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. §1334. The Plan provides that the Plan trustee has the right to seek bankruptcy court approval of his fees and expenses and retains jurisdiction in the bankruptcy court for that purpose. The Order Confirming the Plan is a final, non-appealable order.

**2. The standard of review for fee applications.**

Kaufman was a contract trustee appointed by agreement, not a Chapter 11 trustee appointed by this court. The Plan did not contemplate that the Plan trustee would be compensated under the statutory guidelines of 11 U.S.C. §326, but instead was subject to the Texas Trust Code. Two separate types of fees are at issue. First, what is Kaufman entitled to as his compensation for acting as plan trustee? Under Texas law, a trustee "is entitled to reasonable compensation from the trust for acting as trustee." TEXAS TRUST CODE §114.061(a)(Vernon's 2002). Second, should the fees billed by Kaufman as attorney for himself as Plan trustee and paid by Kaufman to himself without notice to any plan beneficiaries, be allowed? Kaufman was

---

[2] The terms "bankruptcy estate" and "trust" or "corpus" are used interchangeably herein because they are indistinguishable in this case. All three terms refer to the pool of assets supervised by Kaufman as trustee for the benefit of creditors of Charles Feldman, the debtor.

2

statutory formula to this case would be approximately $23,000, plus reasonable expenses and attorneys fees. 11 U.S.C. §326(a). Here, however, Kaufman did not distinguish between trustee's fees and attorney's fees and filed one fee application for all services. As noted above, Kaufman's compensation is limited by the benefit to the trust. As trustee, Kaufman did provide some benefit to the estate, including the collection of $200,000 in bank stock. Based on the evidence presented, the court finds that the reasonable amount of fees based on benefit to the estate is $50,000.

"Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure." *Matter of Prudhomme*, 43 F.3d 1000, 1003(5th Cir. 1995)(attorney for chapter 11 debtor ordered to disgorge pre-petition retainer for non-disclosure). Kaufman should be ordered to disgorge all fees collected above the $50,000 awarded herein.

Kaufman argues that the creditors' litigation tactics caused the excessive fees, but the evidence does not bear out his argument. The creditors' primary focus was obtaining accountings which Kaufman was required to provide. Kaufman's fees largely relate to opposing requests for accountings and defending his own reputation, neither of which benefitted the estate.

Kaufman's Fee Application further requests reimbursement of $23,634.61 in expenses. A review of the itemized expenses indicates that most expenses were appropriate, including appraisal fees, copy costs, travel and fax expenses. Also included, however, is nearly $11,000 in computer legal research expenses which, like legal fees, are only reimbursable if they resulted in

7

benefit. Accordingly, this Court finds that reasonable costs and expenses in this case are $13,759.61.

## CONCLUSION

Taking into consideration the provisions of Section 330(a) of the Bankruptcy Code and the *First Colonial* factors, the court concludes that reasonable and necessary compensation for Kaufman's services as trustee and as attorney for the estate is $50,000, plus expenses in the amount of $13,759.61, for a total of $63,759.61. Kaufman should be ordered to disgorge the balance of all fees and expenses which he previously paid himself.

It is therefore ORDERED that Colin Kelly Kaufman's Fee Application is approved in part and Colin Kelly Kaufman is awarded $50,000.00 in fees and $13,759.61 in expenses, for a total award of $63,759.61.

It is further ORDERED that Colin Kelly Kaufman shall disgorge the balance of the funds paid to him from the trust and shall pay the difference to Mike Boudloche, successor trustee under the Plan.

Corpus Christi this 6th day of March, 2002.

RICHARD S. SCHMIDT
United States Bankruptcy Judge

8

## FELDMAN SERVICE LIST

Mr. Charles B. Feldman
Charles Feldman Investments
926 Lantana Street
Harlingen, TX 78550-8080

Office of US Trustee
Wilson Plaza Building
606 N. Carancahua
Corpus Christi, TX 78476

Ms. Nancy Holley
Assistant US Trustee
515 Rusk, #3516
Houston, TX 77002

Christopher M. Weil
Weil & Petrocchi, P.C.
1601 Elm Street, #1900
Lock Box 100
Dallas, TX 75201

Colin Kelly Kaufman
P.O. Box 1662
Corpus Christi, TX 78403-1662

Ronald A. Simank, Esq.
615 N. Upper Broadway, #2000
Corpus Christi, TX 78477

Al White, CPA
2202 Treasure Hills Blvd.
Harlingen, TX 78550

MBNA America
c/o Becket & Watkins
P.O. Box 512, Dept. N
Malvern, PA 19355

James P. Moon, Esq.
2642 Brenner Drive
Dallas, TX 75220

Richard G. Grant
3102 Oak Lawn Avenue, #700
Dallas, TX 75219

Matthew A. Rosenstein
American Bank Plaza, #420
711 N. Carancahua
Corpus Christi, TX 78475

Mike Schmidt, Esq.
712 American Bank Plaza
711 N. Carancahua
Corpus Christi, TX 78475

not barred from hiring himself as attorney for the trustee and was entitled to pay himself a reasonable fee. However, Kaufman's Fee Application does not differentiate between the two services. He billed all services at an hourly rate and the rate did not change according to what "hat" Kaufman was wearing. The uncontroverted evidence indicated that Kaufman negotiated with the Plan proponents to charge his normal hourly rate for all services to the trust. Moreover, Kaufman only agreed to take on the trusteeship after a bank turned it down.

In bankruptcy cases, fee applications are subject to review by the court under the standard set forth in 11 U.S.C. §330(a)(3), which provides as follows:

> (3)(A)(*sic*)In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

In the Southern District of Texas, applications for compensation are also required to cover the elements of *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977). Rule 2016(a), Bankruptcy Local Rules. The *First Colonial* factors are:

> (1) The time and labor required;
> (2) The novelty and difficulty of the questions;
> (3) The skill requisite to perform the legal service properly;

3

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or other circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client;

(12) Awards in similar cases.

-- 544 F.2d at 1298-99.

A bankruptcy court's review of professional fee applications is important for at least two reasons. First, the integrity of the court itself is at issue and must be preserved. *In re Temple Retirement Community, Inc.*, 97 B.R. 333, 337 (Bankr. W.D.Tex. 1989). Second, "[a] bankruptcy court is also charged with evincing an 'over-arching' policy of avoiding the waste of the debtor's estate." *id.* at 336; see also, *First Colonial*, supra. at 1299(economy is the most important principle in awarding fees to the trustee's attorneys); *In re El Paso Refinery, L.P.*, 257 B.R. 809 (Bankr. W.D.Tex. 2000).

### 3. Application of the standards to this case.

As a trustee under the Texas Trust Code, Kaufman had a fiduciary duty to the beneficiaries to provide accountings of the trust activity. TEXAS TRUST CODE §113.151- 152 (Vernons 2002). The court previously held that Kaufman breached this duty. The evidence shows that CKS began demanding accountings from Kaufman in 1995 and continued until Kaufman was removed as trustee. Although Kaufman prepared several accountings, none were adequate. None of the accountings included information which would alert beneficiaries that the expenses of the trust might exceed its corpus. Moreover, Kaufman paid himself in advance for unearned attorneys fees. The Plan did not prohibit the payment of a reasonable retainer.

4

Kaufman's advances to himself, however, could be construed as loans from the trust, which would also constitute a breach of fiduciary duty. A trustee may not loan trust funds to himself. TEXAS TRUST CODE §113.052(a)(1) (Vernons 2002). In addition, Kaufman breached his duties under the Plan by failing to make semi-annual distributions to the beneficiaries. Under Texas law, a court has the discretion to deny the trustee compensation when the trustee commits a breach of trust. TEXAS TRUST CODE, §114.061(b) (Vernon's 2002). Courts have denied all compensation, despite benefits to the estate, when fraud on the court and the estate is present. *See e.g., Matter of Futuronics Corp.*, 655 F.2d 463, 471 (2nd Cir. 1981), cert. denied, 455 U.S. 941 (1982); *In re Endeco*, 675 F.2d 166, 167 (8th Cir. 1982); *In re Unclaimed Freight of Monroe, Inc.*, 244 B.R. 358 (Bankr. W.D.La. 1999). Here, however, there was no evidence of fraud. For the above violations of the Texas Trust Code, the court finds that Kaufman's compensation should be significantly reduced as set forth below.

The Seventh Circuit Court of Appeals held that "[f]ees obtained as a consequence of a breach of fiduciary obligation, even a nonwillful breach..., may be retained only if, by analogy to claims for quantum meruit, the fiduciary, notwithstanding his breach, conferred a benefit on his principal." *Matter of Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995). In the *Taxman Clothing* case, the attorney for a chapter 11 trustee consumed the entire chapter 11 estate with fees and expenses. The *Taxman Clothing* court held that "neither the trustee in bankruptcy nor the trustee's lawyer has a duty to collect an asset of the debtor's estate if the cost of collection would exceed the value of the asset." *id.* at 315. Most notably, the court went onto hold that a trustee and the trustee's lawyer have a "duty to endeavor to maximize the value of the estate." *id.* In analyzing the fee application before it under the reasonable and necessary standard of the

5

Bankruptcy Code, the Seventh Circuit Court of Appeals found that the fees were not reasonable or necessary once the efforts required exceeded the potential for recovery. *id.* at 316. Although the *Taxman Clothing* case involved the attorney for a chapter 11 trustee, not a plan trustee, the facts otherwise are quite analogous to the case at bar and the Seventh Circuit's analysis and its conclusion reached, give this court considerable guidance.

Kaufman's attorneys fees in his capacity of attorney for the trustee (himself) are immediately suspect because no system of checks and balances were in place. Absent informed consent from the affected beneficiaries, reasonable fees are only recoverable if they actually resulted in financial benefit to the estate. *See, e.g., In re NRG Resources, Inc.,* 64 B.R. 643 (Bankr.W.D.La. 1986). The court does not dispute that Kaufman spent the time for which he billed. Nor does the court dispute his hourly rate as within the tolerances, although on the very high end, of the rates charged by other bankruptcy attorneys. The reasonableness and necessity of the fees, however, are doubtful based on the results achieved. In short, Kaufman as trustee was charged with collecting payments from the debtor and distributing them to the creditors, but instead, used the entire amount collected to pay himself fees which did not result in collection of sufficient money to justify the fees. Absent notice to the beneficiaries, a trustee may only pay himself a reasonable fee in comparison to the size of the corpus of the trust.

Trustee's fees are calculated in a variety of methods. Corporate trustees are ordinarily paid a yearly fee based on a percentage of the trust, plus expenses including reasonable attorneys fees. Here, the evidence indicated that approximately $3,500 per year, for a total of $35,000 in trustee's fees would be the ordinary compensation paid to a corporate trustee. A chapter 7 or 11 trustee's compensation is limited by statute to a percentage of distributions, which, applying the

6

statutory formula to this case would be approximately $23,000, plus reasonable expenses and attorneys fees. 11 U.S.C. §326(a). Here, however, Kaufman did not distinguish between trustee's fees and attorney's fees and filed one fee application for all services. As noted above, Kaufman's compensation is limited by the benefit to the trust. As trustee, Kaufman did provide some benefit to the estate, including the collection of $200,000 in bank stock. Based on the evidence presented, the court finds that the reasonable amount of fees based on benefit to the estate is $50,000.

"Additionally, the court's broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure." *Matter of Prudhomme*, 43 F.3d 1000, 1003(5th Cir. 1995)(attorney for chapter 11 debtor ordered to disgorge pre-petition retainer for non-disclosure). Kaufman should be ordered to disgorge all fees collected above the $50,000 awarded herein.

Kaufman argues that the creditors' litigation tactics caused the excessive fees, but the evidence does not bear out his argument. The creditors' primary focus was obtaining accountings which Kaufman was required to provide. Kaufman's fees largely relate to opposing requests for accountings and defending his own reputation, neither of which benefitted the estate.

Kaufman's Fee Application further requests reimbursement of $23,634.61 in expenses. A review of the itemized expenses indicates that most expenses were appropriate, including appraisal fees, copy costs, travel and fax expenses. Also included, however, is nearly $11,000 in computer legal research expenses which, like legal fees, are only reimbursable if they resulted in

7

benefit. Accordingly, this Court finds that reasonable costs and expenses in this case are $13,759.61.

## CONCLUSION

Taking into consideration the provisions of Section 330(a) of the Bankruptcy Code and the *First Colonial* factors, the court concludes that reasonable and necessary compensation for Kaufman's services as trustee and as attorney for the estate is $50,000, plus expenses in the amount of $13,759.61, for a total of $63,759.61. Kaufman should be ordered to disgorge the balance of all fees and expenses which he previously paid himself.

It is therefore ORDERED that Colin Kelly Kaufman's Fee Application is approved in part and Colin Kelly Kaufman is awarded $50,000.00 in fees and $13,759.61 in expenses, for a total award of $63,759.61.

It is further ORDERED that Colin Kelly Kaufman shall disgorge the balance of the funds paid to him from the trust and shall pay the difference to Mike Boudloche, successor trustee under the Plan.

Corpus Christi this 6th day of March, 2002.

RICHARD S. SCHMIDT
United States Bankruptcy Judge

8

## FELDMAN SERVICE LIST

Mr. Charles B. Feldman
Charles Feldman Investments
926 Lantana Street
Harlingen, TX 78550-8080

Al White, CPA
2202 Treasure Hills Blvd.
Harlingen, TX 78550

Office of US Trustee
Wilson Plaza Building
606 N. Carancahua
Corpus Christi, TX 78476

MBNA America
c/o Becket & Watkins
P.O. Box 512, Dept. N
Malvern, PA 19355

Ms. Nancy Holley
Assistant US Trustee
515 Rusk, #3516
Houston, TX 77002

James P. Moon, Esq.
2642 Brenner Drive
Dallas, TX 75220

Christopher M. Weil
Weil & Petrocchi, P.C.
1601 Elm Street, #1900
Lock Box 100
Dallas, TX 75201

Richard G. Grant
3102 Oak Lawn Avenue, #700
Dallas, TX 75219

Colin Kelly Kaufman
P.O. Box 1662
Corpus Christi, TX 78403-1662

Matthew A. Rosenstein
American Bank Plaza, #420
711 N. Carancahua
Corpus Christi, TX 78475

Ronald A. Simank, Esq.
615 N. Upper Broadway, #2000
Corpus Christi, TX 78477

Mike Schmidt, Esq.
712 American Bank Plaza
711 N. Carancahua
Corpus Christi, TX 78475

*Appeal # 02-06*

U.S. ..... COURT
SOUTHERN ..... TEXAS
FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 15 2002

MICHAEL ..... CLERK

| | |
|---|---|
| IN RE: | |
| Charles B. FELDMAN dba | In Bankruptcy Case # 90-01254-B-11 |
| Charles B. Feldman Investments | |
| Debtor | In Chapter 11 |

Official Form 17

## COLIN KELLY KAUFMAN'S ORIGINAL NOTICE OF APPEAL

NOW COMES Colin Kelly Kaufman and for his Original Notice of Appeal,

respectfully shows the Court as follows:

1.  Colin Kelly Kaufman, former plan trustee herein, appeals under 28 U.S.C. Sec.

158(a) the following orders:

A.  Memorandum Opinion and Order on Colin Kelly Kaufman's Final Fee

Application (Docket # 469), a copy of which is attached as an exhibit and incorporated by

reference for all purposes.

B.  Final Judgment on Final Fee Application of Colin Kelly Kaufman (Docket

# 470), a copy of which is attached as an exhibit and incorporated by reference for all

purposes.

2.  The names of all parties to the judgment, order or decree appealed from, and

the names addresses and telephone numbers of their respective attorneys, are as follows:

A.  CKS Asset Management, Inc., Creditor.  The names and addresses of

its attorneys are as follows:

> Matthew A. Rosenstein, Esq.
> American Bank Plaza #420
> ·711 No. Carancahua
> Corpus Christi, TX. 78475

-1-

472

Telecopier (361) 883-5590

Richard Grant, Esq.,
3102 Oak Lawn #700
Dallas, TX. 75219

Telephone (214) 777-5081
Telecopier (214) 777-5082

B.  Parkwell Investments, Inc.  The name and address of Parkwell's
attorney are as follows:

Ron Simank, Esq.,
Schauer & Simank,  Attys.
615 N. Upper Broadway #2000
Corpus Christi, TX. 78476

Telephone (361) 884-2800
Telecopier (361) 884-2822

C.  Michael Boudloche, plan trustee.  Mr. Boudloche's attorney's name

and address are as follows:

Mike Schmidt, Esq.
712 American Bank Plaza
711 No. Carancahua
Corpus Christi, TX. 78475

Telephone (361) 884-9949
Telecopier (361) 884-6000

D.  Colin Kelly Kaufman, Applicant and former plan trustee.  Mr.

Kaufman's attorney is himself in propria personam, and his name and address are as

follows:

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865

Telecopier (361) 888-8172

Respectfully Submitted,

Colin Kelly Kaufman, In propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

## Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on the persons listed above as attorneys for the parties to the order appealed from, by U.S. mail, first class postage prepaid, this 15th day of March, 2002.

Colin Kelly Kaufman

United States District Court
Southern District of Texas
ENTERED

MAR 1 2 2002

Michael N. Milby
Clerk of Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

IN RE:

**CHARLES B. FELDMAN D/B/A**         CASE NO. 90-01254-B-11
**CHARLES FELDMAN INVESTMENTS**

### FINAL JUDGMENT ON FINAL FEE APPLICATION OF COLIN KELLY KAUFMAN

By Memorandum Opinion and Order entered March 7, 2002 (docket # 469), this Court

ORDERD that Colin Kelly Kaufman's Fee Application be approved in part, awarding him

$50,000.00 in fees and $13,759.61 in expenses, for a total award of $63,759.61. The Court

further ORDERED Colin Kelly Kaufman immediately disgorge the balance of funds previously

paid to himself, which amount totals $214,871.89 and pay such $214,871.89 over to Mike

Boudloche, successor trustee under the Plan. The Court hereby renders a Final Judgment in

favor of Mike Boudloche, successor trustee under the Plan, against Colin Kelly Kaufman in the

amount of $214,871.89, with interest thereon at the federal judgment rate. Mike Boudloche,

successor trustee is allowed such writs and processes as may be necessary in the enforcement

and collection of this judgment.

IT IS SO ORDERED.

Dated: 12 Mar 02

Richard S. Schmidt
United States Bankruptcy Judge

470

## FELDMAN SERVICE LIST

Mr. Charles B. Feldman
Charles Feldman Investments
926 Lantana Street
Harlingen, TX 78550-8080

Al White, CPA
2202 Treasure Hills Blvd.
Harlingen, TX 78550

Office of US Trustee
Wilson Plaza Building
606 N. Carancahua
Corpus Christi, TX 78476

MBNA America
c/o Becket & Watkins
P.O. Box 512, Dept. N
Malvern, PA 19355

Ms. Nancy Holley
Assistant US Trustee
515 Rusk, #3516
Houston, TX 77002

James P. Moon, Esq.
2642 Brenner Drive
Dallas, TX 75220

Christopher M. Weil
Weil & Petrocchi, P.C.
1601 Elm Street, #1900
Lock Box 100
Dallas, TX 75201

Richard G. Grant
3102 Oak Lawn Avenue, #700
Dallas, TX 75219

Colin Kelly Kaufman
P.O. Box 1662
Corpus Christi, TX 78403-1662

Matthew A. Rosenstein
American Bank Plaza, #420
711 N. Carancahua
Corpus Christi, TX 78475

Ronald A. Simank, Esq.
615 N. Upper Broadway, #2000
Corpus Christi, TX 78477

Mike Schmidt, Esq.
712 American Bank Plaza
711 N. Carancahua
Corpus Christi, TX 78475

IN THE UNITED STATES BANKRUPTCY COURT    COURT SOUTHERN TEXAS
FOR THE SOUTHERN DISTRICT OF TEXAS    FILED
BROWNSVILLE DIVISION

MAR 25 2002

IN RE:                                              |
Charles B. FELDMAN dba                   |    In Bankruptcy Case #90-01254-B-11, CLERK
Charles B. Feldman Investments         |    Appeal # 02-05 # 02-06
Debtor                                           |    In Chapter 11

Font: Korinna

## COLIN KELLY KAUFMAN'S
## ORIGINAL DESIGNATION OF RECORD AND ISSUES ON APPEAL
## OF DOCKET NUMBERS 469 & 470

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Colin Kelly Kaufman, former plan trustee in the captioned case and

the Appellant, and for his Original Designation of Record and Issues on Appeal of Docket

Numbers 469 (Appeal # 02-05) and 470 (Appeal # 02-06), respectfully shows the Court as

follows:

### I. Designation of Issues on Appeal.

Appellant hereby designates the following issues on his Appeal of Docket # 469 and

# 470:

1. Erred in Disallowing Fees. Whether the bankruptcy court erred in refusing to

approve the $454,000 fee bill submitted and in ordering a return of funds paid to the

former plan trustee, when:

A. It Was Done. The bankruptcy court found that the work was done;

B. Reasonable Rate. The bankruptcy court found that the rate was within

the range charged by bankruptcy attorneys in such cases;

C. Was Agreed to. The bankruptcy court found that the former plan trustee

had, when he was offered the job, agreed to payment at an hourly rate for all his work in the

1

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By. _Sharon S. Russell_
Deputy Clerk

476

2. <u>Res Judicata; Judicial Estoppel</u>.  Whether the bankruptcy court violated principles of res judicata and equitable, judicial, and quasi estoppel by going back and redetermining that Appellant violated duties to give accountings in 1997 when:

      A.  <u>Denied Motion to Compel</u>.  A final order of the bankruptcy court in 1997 (docket # 312) denied that Appellant should be required to do any more accountings;

      B.  <u>Hired Someone Else to Do Them</u>.  A final order of the bankruptcy court in 1997 (docket # 315) hired an accountant, Al White, to do any further accountings that a creditor might want done, in lieu of Appellant;

      C.  <u>No Complaint</u>.  No complaint of the quality or nature of the accountings actually furnished was made for nearly four years;

      D.  <u>Judge Kazen's Ruling</u>.  The federal district court had previously heard all CKS's complaints about Appellant's accountings, and ruled against them; and

      E.  <u>Changed His Own Ruling re: Accountings</u>.  The bankruptcy court's own prior rulings of June 28, 2001 did not state that any insufficiency of the accountings furnished was "good cause" to remove the former plan trustee, nor that it justified giving the former plan trustee nothing for trustee's fees; and no Rule 60(b) grounds were pled nor stated for changing the prior ruling, nor was any new evidence offered, nor was any new evidence received, on the point; and if the bankruptcy court did have a procedural right to change its mind, it was wrong on the merits to do so, because everyone was satisfied with former plan trustee's accountings until a new attorney came into the case four years later.

      F.  <u>Changed His Own Ruling re: Payment</u>.  The bankruptcy court's own prior rulings of June 28, 2001 did not state that payment of fees in advance was "good cause" to

3

remove the former plan trustee, nor that it justified giving the former plan trustee nothing

for trustee's fees, and no Rule 60(b) grounds were pled nor stated for changing the prior

ruling, nor was any new evidence offered nor was any new evidence received on the point;

and if the bankruptcy court did have a procedural right to change its mind, it was wrong on

the merits to do so, because the former plan trustee had earned his fees and in any case

could have paid his fees in advance under the plan (as the bankruptcy court actually

admitted, last sentence on p. 4 of docket #469).

G. Not Loans. The bankruptcy court's own prior rulings of June 28, 2001

never said that payment of fees for the proposed final report in advance would have been a

breach of fiduciary duty; and no Rule 60(b) grounds were pled nor stated for changing the

prior ruling, nor was new evidence offered or received; and if the bankruptcy court did have

a procedural right to change its mind; and if despite its admission in the last sentence of p.

4, Docket # 469, that "the plan did not prohibit the payment of a reasonable retainer" (i.e.,

the plan trustee could have paid himself in advance under the plan), if even so, the

bankruptcy court could still go on to make the statement, first sentence on p. 5, docket #

469, that payments for work "could be construed as loans from the trust, which would also

constitute a breach of fiduciary duty"; that finding would still be error on the merits because

a "loan" requires a duty or possibility of having to repay in cash or kind, and here the

payment was for work done and to be done, not for repayment in cash or kind, and no

evidence was ever offered or received tending to show that plan trustee ever thought any

fees he got would not be fully earned by work done and to be done.

3. Applying Texas Trust Code. Whether the bankruptcy court erred in applying

4

provisions of the Texas Trust Code relating to denying fees when a trustee is removed for cause, when:

A. Not What the Plan Said. The first amended plan said in Sec. 7.3, p. 8, that the Texas Trust Act would apply only to the extent of the "rights, duties and responsibilities" of the plan trustee; and denying fees is not a right, a duty, nor a responsibility of the plan trustee.

B. Ex Post Facto Wrongdoing. Even if the plan had completely adopted the Texas Trust Act, and so Court could have applied the Texas Trust Code provisions for removal for "cause," and even if the court's statement on June 28, 2001 (that the plan trustee did not make the kind of accountings that the Texas Trust Code contemplates) could be treated as an announcement of "cause," still the undisputed evidence shows that nobody asked for a Texas Trust Code style accounting until after April 27, 2001, and any complaint had been waived by non-assertion from 1997 til 2001; and a waiver can be retracted only on prospective reasonable notice.

C. Claims Issues Still Not All Ruled On. Even if the plan had completely adopted the Texas Trust Act, and so the bankruptcy court could have applied the Texas Trust Code provisions for removal for "cause," and even if the court's statement on June 28, 2001 (that the plan trustee did not make a distribution to creditors) could be treated as an announcement of "cause," still the undisputed evidence shows that a distribution to creditors was impossible because the claims had and still have not been finally fixed, and the administrative expenses had to be paid in full before creditors were entitled to anything, and administrative expenses had not and still have not been fixed.

5

D. **What They Did Was under Federal Law, Not State**.  What the bankruptcy court said on June 28, 2001 could not possibly have been meant and understood as an announcement that the Court was replacing the former plan trustee because of the provisions of the Texas Trust Code; because the order requested by the bankruptcy court from the United States Trustee's Office, submitted by it, and signed by the bankruptcy judge, said that the former plan trustee was being replaced by an amendment of the Plan (i.e., under the Bankruptcy Code).

4. **Benefit of the Estate**.  Whether the bankruptcy court erred in awarding only $50,000 for benefit of the estate to the former plan trustee, when:

A. **$250,000 in Cash**.  Mr. Kaufman's uncontroverted evidence was that he brought $250,000 in cash into the bankruptcy estate that otherwise would not have existed, and the size of the benefit is the limit on recovery for benefit of the estate, not 20% of that amount;

B. **$2 Million in Other Benefits**.  The uncontroverted evidence of Mr. Kaufman was that he had given the estate over two million dollars in other benefits; and

C. **What about Plan Trustee Service?**  The award for benefit to the estate did not give Mr. Kaufman anything at all for his service as plan trustee.

5. **Expenses of the Trust**.  Whether the bankruptcy court erred in ordering sanctions for non-disclosure because its ruling that, "None of the accountings included information which would alert beneficiaries that the expenses of the trust might exceed its corpus" when:

A. **Not a Trust**.  It was not a trust, it was a bankruptcy estate;

6

proceeding, Kaufman v. Feldman, # 01-2090-B.

7.  07/27/90 -- Docket #5: Schedule of Assets and Liabilities ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plan trustee's final report ▓#385 filed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ U.S District Judge - dated 08/15/01 & to Richard Russell ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8.  07/27/90 — Docket #6: Statement of Financial Affairs for a Debtor engaged in business. ▓Used as Exhibit A ▓ ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 14 & 2001 & Hon. Keith ▓. Ellison, Esq. ▓▓ S District Judge - dated ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Russell w/State Bar ▓▓ dated 08/31/01▓

9.  01/28/91 — Docket #40: Plan of Reorganization of Charles B. Feldman d/b/a Charles B. Feldman Investments

10.  01/28/91 — Docket #41: Disclosure Statement of Charles B. Feldman

11.  12/06/91 — Docket #130: First Amended Disclosure Statement

12.  12/06/91 — Docket #131: First Amended Plan of Reorganization

13.  09/21/92 — Docket #176: Order Confirming Plan

14.  09/24/92 — Docket #178: Modification to First Plan of Reorganization ▓Used as Exhibit A to Fee Application ▓#381 filed on 12/08/02 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to Hon. George P. Kazen, Esq. Chief ▓S District Judge & Hon ▓▓▓▓▓▓▓▓▓▓▓▓▓ United States District Judge — dated 05/08/01 & Richard Russell w/State ▓▓▓▓▓▓▓▓▓▓▓▓▓02▓

15.  10/05/92 — Docket #181: Order entered. Post confirmation order and notice

16.  10/29/92 — Docket #185: Motion for extension of time to file objection to claims — filed by debtor C/S; no notice provisions; order enclosed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to Hon. George P. Kazen, Esq. Chief ▓S District Judge & Hon ▓▓▓▓▓▓▓▓▓▓▓▓▓ United States District Judge - dated 05/08/01 & Richard Russell ▓▓▓▓▓▓▓▓▓▓▓▓02▓

17.  12/21/92 — Docket #195: Plan trustee's notice of and motion to approve 1st quarterly distribution ▓Used as Exhibit M to Hon. Keith ▓. Ellison ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓Judge — dated 08/15/01 & to Richard Russell w/State Bar — dated 08/31/01▓

18.  01/09/95 — Docket #220: Colin K. Kaufman's original response to court's order to show cause, and first post-confirmation application for leave to pay Mr. Moon and others additional sums. ▓Used as Exhibit M (to ▓▓▓▓▓▓ Keith ▓. Ellison ▓▓▓▓▓▓▓▓▓▓▓ District Judge — dated 08/15/01 & to Richard Russell w/State Bar — dated 08/31/01▓

8

19. 03/20/95 — Docket #222: Notice of appearance and request for notice from Steven A. Ditto for CKS Asset Management, Inc.

20. 03/20/95 — Docket #223: Notice of assignment of claim (CKS Asset Management is substituted for FDIC).

21. 05/03/95 —/docket #224: order entered. Re: #223 CKS Asset Management, Inc. is substituted in place of FDIC.

22. 07/03/95 — docket #225: motion for order to show cause why CKS Management should not be held in contempt for violation of 11 USC Sec. 1141(c) & (d).

23. 07/18/95 — docket #226: supplement to #225 motion for order to show cause.

24. 09/06/95 — docket #232: courtroom minutes — hearing held 09/06/95 re: #225 M/show cause why CKS mgmt. Should not be held in contempt. Arguments heard and no appearance by CKS; court orders CKS to remove notices within 10 days. CKS is further ordered to pay attorneys' fees and expenses in the amount of $4,600.00 of Charles Moon and $3,000.00 of Colin Kaufman. Order to be submitted by Charles Moon within 10 days.

25. 09/21/95 — docket #233: order entered parties notified. Re: #232. Motion granted. Order Imposing sanctions against CKS Asset Management, Inc. for violation of confirmation order. CKS to immediately take steps to release all abstracts of judgment, assignment of judgments and similar documents. All releases to be filed no later than 10 days. CKS shall pay to debtor the sum of $4,600.00 attorneys' fees and expenses. C. Kaufman authorized to withhold sums which might have been paid to CKS until the $7,600.00 awarded in this Order has been fully paid.

26. 03/01/96 — docket #234: motion of CKS Asset Management, Inc. to obtain relief from order imposing sanctions, order enclosed.

27. 06/12/96 — docket #242: trancript of show cause hearing held September 6, 1995

28. 08/23/96 — docket #250: motion of CKS Asset Mgmt. To enforce and implement confirmed plan and to compel plan trustee to file an accounting and to perform his duties C/S; 20 day notice; order enclosed (Newsom)

29. 09/09/96 — docket #252: plan trustee response to CKS's motion to compel re: #250

30. 09/30/96 — docket #258: courtroom minutes — hearing held on 09/30/96 re: #234 motion of CKS Asset Management, Inc. to obtain relief from Order imposing sanctions. Hearing commenced/concluded. Exhibits offered and admitted. Witness sworn and questioned. Arguments presented. The Court will reconsider the order imposing sanctions.

9

31.  12/20/96 — docket #261: order entered.  Re: #250 - denying motion of CKS Asset Management to enforce and implement confirmed plan and to compel plan trustee to file an accounting (failure to prosecute).

32.  04/16/97 — docket #272, and refiled as part of docket # 441: plan trustee's fifth report — filed by Colin Kelly Kaufman ████████████████████████████████████████ ███████████████████████████████████████████████████████████████

33.  05/13/97 — docket #275, and refiled as part of docket # 441: plan trustee's sixth report and partly unopposed motion to extend plan term to January 31, 1998; order enclosed. ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

34.  06/02/97 — docket #278: response of CKS Asset Mgmt. To plan trustee's motion to extend plan term re: #275. ██████████████████████████████████████████ ██████████████████████████████████████████████████████

35.  06/04/97 — docket #279: notice of hearing set 07/16/97 @ 9:00am McAllen Re: #275 Plan trustee's sixth report and partly unopposed motion to extend plan term to January 31, 1998.

36.  06/27/97 — docket #281: plan trustee's response to CK's motion to convert (Kaufman). █████████████████████████████████████████████████████ █████████████████████████████████████

37.  07/16/97 — docket #284: courtroom minutes — hearing held on 07/16/97. Re#275 plan trustee's third unopposed motion to extend plan term to January 31, 1998.  Hearing previously continued to 08/20/97 @ 9:00am McAllen.

38.  08/13/97 — docket #287: plan trustee's original partly unopposed motion to employ accountant — filed by Colin K. Kaufman; order enclosed. ██████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████████████

39.  08/18/97 — docket #290: objection to claim of Parkwell Investments, Inc. filed by CKS Asset Management, Inc.

40.  09/04/97 — docket #299: response to objection to claim of Parkwell Investments, Inc. - filed by Parkwell Investments, Inc. (Simank).

41.  09/18/97 — docket #306: courtroom minutes: hearing held 09/18/97 Re: #275 plan trustee's sixth report and partly unopposed motion to extend plan term to January 31, 1998. Hearing commenced/concluded.  The Court ruled that the debtor will turnover property to the

10

plan trustee to be distributed and sold.  Exhibits offered.

42.  09/25/97 — docket #312: order entered.  Parties notified.  Re:#150; denying CKS Asset Management's Motion to compel and enforce (failure to prosecute).

43.  10/08/97 — docket #314: courtroom minutes: hearing held 10/08/97 Re: #287 plan trustee's motion to employ accountant.  Motion granted.  Unopposed order submitted and assigned.

44.  10/15/97 — docket #315: order entered.  Unopposed order granting plan trustee's application for employment of accountant (Al White) - Granted. ▓▓▓▓▓▓▓▓▓▓▓▓ George P Kazen ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ District Judge ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

45.  02/27/98 — docket #331: response to motion of CKS Mgmt. To withdraw objection to claim of Parkwell Investments, Inc. (Simank)

46.  03/19/98 — docket #337: transcript of hearing held 09/18/97.

47.  01/22/01 — docket #363 motion by plant trustee Colin Kelly Kaufman to reopen case.

48.  02/05/01 — docket #364 response by creditor Parkwell Investments, Inc. to motion to reopen case by Colin Kelly Kaufman.

49.  02/09/01 — docket #365 order to set hearing re: [363-1] motion to reopen case by Colin Kelly Kaufman scheduled for 9:00am 03/07/01 in Brownsville.

50.  03/08/01 — docket #376 motion by trustee Colin Kelly Kaufman to sell free and clear of liens hearing set for 9:00am 03/14/01 in Corpus Christi.

51.  03/19/01 — docket #378 objection by creditor CKS Asset Management to [376-1] motion to sell free and clear of liens by Colin Kelly Kaufman.

52.  03/27/01 — docket #381 order to set hearing re: [378-1] objection to expedited sale by CKS Asset Mgmt. scheduled for 9:00am 05/09/01 in Brownsville.

53. 04/09/01 — docket #382 motion by trustee Colin Kelly Kaufman to extend time to file final report.

54.  04/18/01 — docket #383 plan trustee's proposed report of distribution. ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11



55. 04/18/01 — docket #384 notice of corrected exhibits re: [383-1] distribution report.

56. 04/24/01 — docket #385 response by creditor CKS Asset Mgmt. To [383-1] proposed distribution report.

57. 04/25/01 — docket #387 motion by creditor CKS Asset Mgmt. To substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newson.

58. 04/25/01 — docket #388 motion by Matthew A. Rosenstein for creditor CKS Asset Mgmt. To expedite hearing re: [386-1] motion to extend time to respond to plan trustee's final report by CKS Asset Mgmt., [387-1] motion to substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newsom by CKS Asset Mgmt.

59. 04/26/01 — docket #386 motion by creditor CKS Asset Mgmt. To extend time to respond to plan trustee's final report.

60. 04/26/01 — docket #389 order granting [388-1] motion to expedite hearing re: [386-1] motion to extend time to respond to plan trustee's final report by CKS Asset Mgmt., [387-1] motion to substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newsom by CKS Asset Mgmt. Hearing set to 9:00am 04/27/01 in Corpus Christi.

61. 04/27/01 — docket #390 order to set hearing re: [383-1] plan trustee's proposed final report scheduled for 9:00am 06/06/01 in Brownsville.

62. 04/27/01 — docket #391 hearing held re: [386-1] motion to extend time to respond to plan trustee's final report by CKS Asset Mgmt.

63. 04/27/01 — docket #392 hearing held re: 387-1] motion to substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newsom by CKS Asset Mgmt.

12

64. 04/27/01 — docket #393 order granting motion to extend time to resond to plan trustee's final report by CKS Asset Mgmt. Time extended to May 31, 2001.

65. 04/27/01 — docket #394 plan trustee's notice of mooted hearing.

66. 04/30/01 — docket #395 certificate of service by trustee Colin Kelly Kaufman of [390-1] order setting hearing on plan trustee's proposed final report.

67. 05/16/01 — docket #396 opposed expedited motion by plan trustee Colin Kelly Kaufman for protective order.

68. 05/16/01 — docket #397 motion by Plan trustee Colin Kelly Kaufman to expedite hearing re: motion for protective order by CKK.

69. 05/17/02 — docket #398 response by creditor CKS Asset Mgmt. In opposition to motion for protective order by CKK.

70. 05/17/01 — docket #399 response by trustee CKK to response by CKS Asset Mgmt. On motion for protective order filed by CKK.

71. 05/18/01 — docket #401 hearing held re: opposed expedited motion for protective order by CKK. Motion denied.  Order to be submitted under green sheet by Attorney Rosenstein.

72. 05/18/01 — docket #407 hearing held re: motion for protective order by CKK. Motion denied order to be submitted.

73. 05/21/01 — docket #400 order denying original opposed expedited motion for protective order by CKK.

74. 05/23/01 — docket #402 Order Granting [382-1] Motion To Extend Time To File Final Report by Colin Kelly Kaufman.

75. 5/25/01 -- docket #403  Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" .

76. 5/25/01 -- docket #404  Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Expedite Hearing Re: ( [403-1] Motion To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" by Matthew A. Rosenstein ).

77. 5/29/01 -- docket #408  Second Amended [383-1] Proposed Final Report of Distribution.  Filed by: Trustee Colin Kelly Kaufman. *(Entered: Distribution Report Keith P. Ellison, Esq. US District Judge — Docket Distribution Report Rosenstein/Stone Barr — Dated*

13

08/31/01

78. 5/29/01 -- docket #409  Response By Trustee Colin Kelly Kaufman To [385-1] Response by CKS Asset Management to Plan Trustee's Proposed Final Report and Motion for CKS Asset Management, Inc., to Compel Plan Trustee to Perform an Independent Accounting Prepatory to Filing a Final Report. ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩ ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩

79. 5/30/01 -- docket #405  Order Granting [403-1] Motion To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" by Matthew A Rosenstein Hearing set To 9:00 6/22/01 at 1133 N Shoreline Corpus Christi . Parties Notified.

80. 5/30/01 -- docket #406  Order Granting [404-1] Motion To Expedite Hearing Re: ([403-1] Motion To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" by Matthew A Rosenstein ) by Matthew A Rosenstein Hearing set To 9:00 5/29/01 at 1133 N Shoreline Corpus Christi .

81. 5/30/01 -- docket #410  Objection By Creditor Parkwell Investments Inc To [383-1] Trustee's Proposed Final Distribution Report . cc: TA (vr) [EOD 06/01/01] [90-1254]

82. 5/30/01 -- docket #411  Supplement RE: [385-1] Response in Opposition to Plan Trustee's Proposed Final Report by CKS Asset Management. cc: TA (vr) [EOD 06/01/01] [90-1254]

83. 5/30/01 -- docket #412  Motion by Creditor CKS Asset Management for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds. m/d 6/22/01 (vr) [EOD 06/01/01] [90-1254] ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩ ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩

84. 6/5/01 -- docket #413 Opposed Expedited Motion By Trustee Colin Kelly Kaufman To Compel Production of Documents . Hearing set for 9:00 6/8/01 at 1133 N Shoreline Corpus Christi to lg (swm) [EOD 06/06/01] [90-1254] ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩ ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩

85. 6/5/01 -- docket #414 Motion By Trustee Colin Kelly Kaufman To Expedite Hearing Re: ([413-1] Motion To Compel Production of Documents by Colin Kelly Kaufman ). to lg (swm) [EOD 06/06/01] [90-1254] ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩ ▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩▩

86. 6/7/01 -- docket #415  Order Granting [414-1] Motion To Expedite Hearing Re: ( [413-1]Motion To Compel Production of Documents by Colin Kelly Kaufman ) Hearing set for 9:00 6/8/01 at 1133 N Shoreline CorpusChristi . Parties Notified. (swm) [EOD 06/07/01] [90-1254]

87. 6/7/01 -- docket #416 Motion By Creditor CKS Asset Management To Consolidate Hearing on Trustee's Proposed Final Report With CKS Asset Management, Inc's Motion For Removal Of Trustee . to lg (swm) [EOD 06/07/01] [90-1254]

88. 6/7/01 -- docket #417 Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Expedite Hearing Re: ( [416-1] Motion To Consolidate Hearing on Trustee's Proposed Final Report With CKS Asset Management, Inc's Motion For Removal Of Trustee by CKS Asset Management ) . to lg (swm) [EOD 06/07/01] [90-1254]

89. 6/7/01 -- docket #418  Order Granting [417-1] Motion To Expedite Hearing Re: ( [416-1] Motion To Consolidate Hearing on Trustee's Proposed Final Report With CKS  Asset Management, Inc's Motion For Removal Of Trustee by CKS Asset Management ) Hearing set for 9:00 6/11/01 at 1133 N Shoreline Corpus Christi . Parties Notified. (swm) [EOD 06/07/01] [90-1254]

90. 6/8/01 -- docket #419 Hearing Re: [416-1] Motion To Consolidate Hearing on Trustee's Proposed Final Report With CKS Asset Management, Inc's Motion For Removal Of Trustee by CKS Asset Management continued by agreement to 9:00 6/22/01 at 1133 N Shoreline Corpus Christi (swm) [EOD 06/08/01] [90-1254]

91. 6/8/01 -- docket # 420 Hearing Re: [413-1] Motion To Compel Production of Documents by Colin Kelly Kaufman continued to 9:00 6/22/01 at 1133 N Shoreline Corpus Christi. Arguments presented. Tax returns to be provided by 6/13/01. (swm) [EOD 06/08/01] [90-1254]

92. 6/8/01 -- docket #421  Order Granting in Part [413-1] Motion To Compel Production of  Documents by Colin Kelly Kaufman And Continuing Hearing Re: [413-1] Motion To Compel Production of Documents by Colin Kelly Kaufman. Hearing reset for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi . Parties Notified.  (swm) [EOD 06/08/01] [90-1254]

93. 6/8/01 -- docket #422  Order to Set Hearing RE: [408-1] Second Amended To Proposed Final Report by Colin Kelly Kaufman scheduled for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi Parties Notified. (swm) [EOD 06/08/01] [90-1254]

94. 6/11/01 -- docket #423 Objection By Creditor CKS Asset Management To [408-1] Second Amendment to Proposed Final Report by Colin Kelly Kaufman . (swm) [EOD 06/12/01] [90-1254]

15

95.  6/13/01 -- docket # 424  Opposed Expedited Motion By Trustee Colin Kelly Kaufman to Cancel CKS's Claim, Or Alternatively To Assign CKS's Claim , Or Set-Off Its Potential Dividend To Plan Trustee To Secure Fees (swm) [EOD 06/13/01] [90-1254] ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

96.  6/13/01 -- docket # 425  Motion By Trustee Colin Kelly Kaufman To Expedite Hearing Re: ( [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's Claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman ) to lg. (swm) [EOD 06/13/01] [90-1254] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

97.  6/13/01 -- docket # 426  Response By Trustee Colin Kelly Kaufman To [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . to lg (swm) [EOD 06/13/01] [90-1254] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓

98.  6/14/01 -- docket # 427  Order to Set Hearing RE: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management scheduled for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi Parties Notified. (swm) [EOD 06/14/01] [90-1254]

99.  6/14/01 -- docket # 428  Order Granting [425-1] Motion To Expedite Hearing Re: (424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's Claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman ) Hearings set for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi Parties Notified. (swm) [EOD 06/14/01] [90-1254]

100.  6/18/01 -- docket # 429  Response By Creditor Parkwell Investments Inc To [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . (swm) [EOD 06/18/01] [90-1254]

101.  6/18/01-- Complaint (01-2090) Colin Kelly Kaufman vs. Charles B Feldman. NOS 454 Recover Money/Property . ( Filing Fee $ r 150.00 Receipt # 952513) (jh) [EOD 06/21/01] [01-2090] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

16

102. 6/22/01 -- docket # 430  Objection By Debtor Charles B Feldman To [408-1] Amended Trustee's Final Report by Colin Kelly Kaufman . (swm) [EOD 06/22/01] [90-1254]

103.  6/22/01 -- docket # 431  Hearing Re: [408-1] Trustee's Second Amended Proposed Final Report of Distribution by Colin Kelly Kaufman continued to 6/27/01 by telephone conference. Parties will be advised as to time. (swm) [EOD 06/25/01] [90-1254]

104.  6/22/01 -- docket # 432  Hearing Re: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management continued to 6/27/01 by telephone conference. Parties will be advised as to time. (swm) [EOD 06/25/01] [90-1254]

105.  6/22/01 -- docket #433  Creditor CKS Asset Management Witness and Exhibit List (swm) [EOD 06/25/01] [90-1254]

106.  6/22/01 -- docket # 434  Trustee Colin Kelly Kaufman Witness and Exhibit List (swm) [EOD 06/25/01] [90-1254]

107.  6/22/01 -- docket # 435  Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Continue Hearing Re: [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's Claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman to lg (swm) [EOD 06/25/01] [90-1254]

108.  6/22/01 -- docket # 436  Response By Creditor CKS Asset Management To [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman . (swm) [EOD 06/25/01] [90-1254]

109.  6/22/01 -- docket # 437  Proposed Findings of Fact and Conclusions of Law Re: [408-1] Second Amended Final Report by Colin Kelly Kaufman . Parties Notified. (swm) [EOD 06/25/01] [90-1254]

110.  6/26/01 -- docket # 438  Status report filed by Letty Garza. Closing arguments on #408 and 412 set for 6/27/01 2:00 pm. Rosenstein will notify all parties. (swm) [EOD 06/26/01] [90-1254]

111.  6/26/01-- Hearing On Final Arguments Re: [408-1] Amended Final Report by Colin Kelly Kaufman [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management scheduled for 2:00

17

6/27/01 at 1133 N Shoreline Corpus Christi (swm) [EOD 06/26/01] [90-1254]

112. 6/27/01 -- docket # 439  Plan Trustee's Proposed Findings of Fact and Conclusions of Law Re: [383-1] Distribution Report, [408-1] Second Amended Distribution Report and [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . (swm) [EOD 06/27/01] [90-1254]

113. 6/27/01 -- docket # 440  Hearing Re: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management. Final arguments presented. Copy of relevant docket entries to be submitted by the trustee to court by 9:00 a.m. on 6/28/01. Copies of all accounting to be submitted by trustee to Court by 9:00 on 6/28/01. Court will rule at 3:00 6/28/01 at 1133 N Shoreline Corpus Christi (swm) [EOD 6/28/01] [90-1254]

114. 6/28/01 -- docket # 441  Trustee Colin Kelly Kaufman's Copies of Documents Relating to Plan Trustee's Accountings (swm) [EOD 06/29/01] [90-1254]

18



115. 6/28/01 -- docket # 442  Hearing Held Re: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . Matters in this case that are still under advisement were clarified on record. Plan contemplated fee applications were not required. Trustee would not have to file fee applications to be paid. Trustee to be paid at lawyer rate. Fiduciary duty is owed by trustee to plan. Duty also requires that fees and expenses should not exceed the estate assets. Detailed clarification of case and Court's review of all matters and germane docket entries were stated on record. No creedence to Court that trustee was obscuring or hiding any facts. Edwards v Hollaman was cited. Adequate accounting was not given in this case. Payments were made by trustee to trustee before services were rendered. Substantial matters are yet to be heard in this case. Outstanding issues were clarified on record. New trustee should be appointed to continue this case. Court will withhold at this time ruling on fees yet due to plan trustee. (swm) [EOD 06/29/01] [90-1254]

116. 6/29/01 -- docket # 443  Order Granting in Part [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . Colin Kaufman is removed as Plan Trustee. The United States Trustee is ordered to appoint a Successor Trustee. Parties Notified. (swm) [EOD 06/29/01] [90-1254] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

117. 7/3/01 -- docket # 444  Transcript of Hearing Held on 6/28/01 (swm) [EOD 7/03/01] [90-1254]▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

118. 7/3/01 -- docket # 445  Motion by Creditor CKS Asset Management For

19

Clarification and Correction Of Order Removing Plan Trustee md 7/26 (swm) [EOD 07/05/01] [90-1254]

119. 7/23/01 -- docket # 446  Response By Trustee Colin Kelly Kaufman To [445-1] Motion For Clarification and Correction Of Order Removing Plan Trustee by CKS Asset Management . to lg (swm) [EOD 07/24/01] [90-1254] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

120. 7/24/01 -- docket # 447  Motion by US Trustee To Further Modify Modification To First Amended Plan Confirmed By Order Dated October 5, 1992 md 8/17 (swm) [EOD 7/25/01] [90-1254]

121. 7/24/01 -- docket # 448  Post-Trial Brief By Matthew A Rosenstein for Creditor CKS Asset Management In Support Of [412-1] Disgorgement of Unreasonable Fees Taken Without Court Approval (swm) [EOD 07/25/01] [90-1254]

122. 7/26/01 -- docket # 449  Order to Set Hearing RE: [445-1] Motion For Clarification and Correction Of Order Removing Plan Trustee by CKS Asset Management scheduled for 9:00 9/12/01 at 600 E Harrison, Brownsville Parties Notified. (swm) [EOD 07/26/01] [90-1254]

123. 7/30/01 -- docket # 450  Certificate Of Service By Matthew A Rosenstein for Creditor CKS Asset Management Of [449-1] Order Setting Hearing on Motion for Clarification and Correction of Order Removing Plan Trustee. (swm) [EOD 07/31/01] [90-1254]

124. 8/21/01 -- docket # 451  Order Granting [447-1] Motion To Further Modify Modification To First Amended Plan Confirmed By Order Dated October 5, 1992 by US Trustee D Michael Boudloche is named as Plan Trustee. Parties Notified. (swm) [EOD 08/21/01][90-1254]

125. 9/12/01 -- docket # 452  Trustee Colin Kelly Kaufman's Outline of Arguments on September 12, 2001. (swm) [EOD 09/13/01] [90-1254]

126. 9/12/01 -- docket # 453  Hearing Held Re: [445-1] Motion For Clarification and Correction Of Order Removing Plan Trustee by CKS Asset Management . Agreed Order presented and signed. (swm) [EOD 09/13/01] [90-1254]

127. 9/13/01 -- docket # 454  Agreed Corrected Order Granting in Part, Denying in Part [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of · Funds by CKS Asset Management. Parties Notified. (swm) [EOD 09/13/01] [90-1254] ▬▬▬▬▬

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

128. 9/18/01 -- docket # 455  Application By Trustee D Michael Boudloche To Employ Michael B Schmidt as Attorney . to lg (swm) [EOD 09/18/01] [90-1254]

129. 9/20/01 -- docket # 456  Order Granting [455-1] Application To Employ Michael B Schmidt as Attorney by D Michael Boudloche . Parties Notified. (swm) [EOD 09/20/01][90-1254]

130. 1/29/02 -- docket # 457  Order Setting Deadlines on Final Fee Application of Colin K Kaufman - February 8, 2002 and Setting Hearing Thereon - February 22, 2002  9:00 in Corpus Christi . Parties Notified. (seh) [EOD 01/29/02] [90-1254]

131. 2/8/02 -- docket # 458  Final Application By Trustee Colin Kelly Kaufman For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser Last Day to Object: 3/4/02 md 3/4 (seh) [EOD 02/12/02][90-1254] ████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████

**EXHIBITS**

**TAB 1**

1██  Accounting of James ███████ ███████████████████████████████████████████████████████████

1██  Docket entry re ████████████████████████████████

1██  Motion for employ ████████████████████████████████████████████████████████████ to ████████████████████████████████

1██  Order approving employment of ████████████████████████████████

**TAB 2 -- DOCUMENTS RE: RULINGS**

2██  Ruling of Hon. George R. Kazen, █████████████████ dated December ██, ████

2██  Transcript of ruling of Hon. Richard ████████████ dated June ██, ████

2██  Notice of filing of Colin K. Kaufman ██████████████████████████████████████ filed and deliver March ██, 2002 (1████████ ████████████████████████████████

2██  Memorandum opinion and order ████████████████████████████████████████ entered March ██, 2002 (Brownsville Division) by Hon. Richard ██████

**TAB 3 -- EXHIBITS (Judge took judicial notice of the entire file and all exhibits filed before)**

3██  Exhibit list of February 27, 2002

3██  Proffer of former plan trustee's testimony regarding benefits bestowed on the estate (shows over $2 million in benefits)

**Tab 4 – OBJECTIONS AND RESPONSES FOR THE COURT HEARING ON FEBRUARY 22, 2001**

- Th█ █ ██ plan trustee – filed Feb. 15, 2002 by attorney Mike Schm███

- A█████ █████ for application ██████ Feb. 21, 2002 w█████

- C█████ █████████ ████ objection to his fee application – filed Feb██ 2002 ███████

- A█████ █████ T████████ objection to his fee application – filed Feb██ 2002 w███████

- C█████ ████████ ████ █████

**Tab █ – EXHIBIT █████ (letter to Hon. Richard S. Schmidt May 28, 2001 and th████ of accounting are requested which are reproduced in this order of the Court/ U.S. Trustee 2000/2010)**

List of Disclosures

- Ex████ ███ Amendment to Filed Second Original Report (docket ████):

22



132. 2/15/02 -- docket # 459  Objection By Creditor CKS Asset Management To [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . to lg (seh) [EOD 02/19/02] [90-1254] ▓▓▓▓▓▓▓▓▓ *▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ United States ▓▓▓▓▓▓▓▓▓▓▓▓▓ dated 03/08/02 & Richard Russell ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓*

133. 2/15/02 -- docket # 460  Objection By Trustee D Michael Boudloche To [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . to lg (seh) [EOD 02/19/02] [90-1254] *(Used as Exhibit 4(Ma) to Hon. ▓▓▓▓▓ Kazen, Esq., Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States ▓▓▓▓▓▓▓▓▓▓▓ dated 03/08/02 & Richard Russell w/State Bar ▓▓ dated 03/12/02*

134. 2/19/02-- Hearing Re: [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman scheduled for 9:00 2/22/02 at 1133 N Shoreline Corpus Christi (seh) [EOD 02/19/02] [90-1254]

135. 2/21/02 -- docket # 461  Response By Trustee Colin Kelly Kaufman To [460-1] Objection by D Michael Boudloche To Application for Fees. (seh) [EOD 02/22/02] [90-1254]

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉

136. 2/21/02 -- docket # 462  Response By Trustee Colin Kelly Kaufman To [459-1] Objection by CKS Asset Management to Application for Fees. (seh) [EOD 02/22/02] [90-1254]

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉

137. 2/21/02 -- docket # 463  Objection By Creditor Parkwell Investments Inc To [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . (seh) [EOD 02/22/02] [90-1254]

138. 2/21/02 -- docket # 463  Support By Creditor Parkwell Investments Inc To [460-1] Objection by D Michael Boudloche to Application For Fees. (seh) [EOD 02/22/02] [90-1254]

139. 2/21/02 -- docket # 464  Proffer of Trustee Colin Kelly Kaufman's Testimony Regarding Benefits Bestowed on the Estate (seh) [EOD 02/25/02] [90-1254] ▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

140. 2/22/02 -- docket # 465  Hearing Re: [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman. Exhibits offered and admitted. Arguments presented. Witness (C K Kaufman) sworn and testimony presented. Witness (Michael Boudloche) sworn and testimony presented. Additional exhibits were discussed and admitted with stipulations on record. Pending issues on this case are in settlement discussions. Court will be informed by 3/8/02 as to the results of those discussions, if not settled, then a trial will be set for 9:00 3/22/02 at 1133 N Shoreline Corpus Christi. Court will issue a written ruling in the matter heard this date. Under Advisement. (seh) [EOD 02/25/02] [90-1254]

141. 2/22/02 -- docket # 466  Trustee Colin Kelly Kaufman Exhibit List (seh) [EOD 02/26/02] [90-1254] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

142. 2/22/02 -- docket # 467  Creditor CKS Asset Management Exhibit List (seh) [EOD. 02/26/02] [90-1254] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

24

[black redaction bar]

143. 2/25/02-- Under Advisement [458-1] Application For Compensation ( Fees: $427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . (seh) [EOD 02/25/02] [90-1254]

144. 3/5/02 -- docket # 468  Notice Re: Filing of Colin K Kaufman's Post-Hearing Letter Memorandum of Issues to be Presented. (seh) [EOD 03/06/02] [90-1254] [black redaction bar]

[black redaction bar]

145. 3/7/02 -- docket # 469  Memorandum Opinion and Order Granting [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman. Payment to Colin K. Kaufman of $50,000.00 in fees and $13,759.61 in expenses . Parties Notified. (gc) [EOD 03/07/02] [90-1254] [black redaction bar]

[black redaction bar]

146. 3/12/02 -- docket # 470  Final Judgment For Trustee D Michael Boudloche Against Trustee Colin Kelly Kaufman On Final Fee Application of Colin Kelly Kaufman. Parties Notified. (seh) [EOD 03/12/02] [90-1254] [black redaction bar]

[black redaction bar]

147. 03/15/02 — docket #471 notice of appeal.  Receipt number 958246, fee amount. Filed by Colin Kelly Kaufman (related document(s) 469). Appellant designation due by 03/25/2002. (Srus,)(Entered: 03/19/2002).

148. 03/15/02 — docket # 472 notice of appeal.  Receipt number 958246, fee amount. Filed by Colin Kelly Kaufman (related document(s) 470). Appellant designation due by 03/25/2002. (Srus,)(Entered: 03/19/2002).

149. 03/19/02 — docket # 473 notice of retention of BK record pursuant to Local Bankruptcy Rule 8007.  (srus,)(Entered: 03/19/02).

150. 03/19/01 — docket # 474 notice of retention of BK record pursuant to Local Bankruptcy Rule 8007.  (srus,) (Entered: 03/19/02).

151. 06/18/01 — adversary docket #1(01-2090) complaint (01-20-90) Colin Kelly Kaufman, vs. Charles B. Feldman.  NOS 454 Recover Money/Property. (Filing Fee $, r 150.00

Receipt # 952513) (jh) [EOD 06/21/01][01-2090] ███████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████

152. 07/13/01 — Letter from Hon. Keith P. Ellison, U.S. District Judge re: letter to notify you that a complaint has been filed.

153. 12/06/01 — Letter ruling of Hon. George P. Kazen, Chief United States District Judge (in record as part of Docket #466).

154. Letters and Exhibits before Hon. George P. Kazen, Esq., Chief United States District Judge (originally sent to Hon. Keith P. Ellison, Esq., United States District Judge on August 13, 2001), showing what was before him when he ruled December 6, 2001.



G.   Plan Trustee's Motion to Expedite Hearing on ███████████ ████████ █████████ ████████████ Documents, Plan Trustee's Original Complaint ███████ ███████ ████████████████ Borders to both (06/05/01)

H.   Plan Trustee's Original Response to CKSA Motion for ███ of The Plan Trustee's Instruments ████████ and for Dismiss Directors (06/08/01)

I.   Plan Trustee's Original Oppose to ████████ of the ███████ CKSA of ███████ ███████████ against CKSA Claim or Set-Off its Potential Diversion █████████████████ █████████ (06/25/01)

J.   Plan Trustee's Original Complaint ██████ ████████████ ████████ (05/18/01)

K.   Feldman's Personal Drive Return

L.   Plan Trustee's Original Objection to ████████████████ ████ 1992 Transfer from ████████ ████████ Brown and its Amendments and on CKSA ██ ████████████ █████████████ █████ (approx approval) (05/00/01)

M.   Letter of Enclosure (docket #311) Of ██████ ██████ accounting by Trustee (with exhibits) (05/23/01)

**List of Exhibits**

A.   Exhibit 02 - Ann Fanny's ████ Trustee's ████████ Report (docket #86) ███████ ██████████ ████████ ████████████████ ████████ ████ ████████████████ ████████ ████ ████████████████ Feldman's firm █████

B.   Plan Trustee ████████████ Certificate (docket 115)

C.   Plan Trustee's ████████ (docket ████) ████████ ████████████ who appeared before court on this matter on September 18, 1997; Plan Trustee ████ Complaint (docket #███ filed of ████ and ████)

D.   Plan Trustee's Response ████████████ (docket 721)

E.   Response to CKSA ████████ ████████ ██████ ████████ Motion's Return Program (May 20) ████████ ████ ████████ ████ ████████ ████████

F.   Plan Trustee's Reply ████████ and ████████ ████████ Return depo January 23 (docket #774)

G.   Plan Trustee's ████████ Mark Bush (docket #772)

H.   Plan Trustee's Record ████████ and amendments ████ Charles Feldman Bankruptcy (2nd Accounting Order) (docket ████)

I.   Plan Trustee's Record ████████ Original accounting ████ Charles Feldman Bankruptcy (2nd Accounting Order) (docket ████)

J.   Plan Trustee's Record ████████ portion accounting ████ Charles Feldman Bankruptcy (2nd Accounting Order) (docket ████)

K.   Plan Trustee's Record ████████ and Spreadings ████ Charles Feldman Bankruptcy (1st Accounting) (exhibit filed on September 20, 1995)

L.   Notice of Assignment of Claim (CKSA text Mean's substituted for FDIC) TSC Ditto m/d 04/29/95) (docket #223) - filed March 20, 1995



N.     Transcript of the Court's Ruling (06/28/01)

O.     Plan Trustee's Response to CKS's Motion for Reconsideration (07/23/01)

P.     Secs. 507(a) and 1129 of the Bankruptcy Code (11 U.S. Code), and legislative history to the latter

Q.     Expert Witness Data Sheet

154.  03/08/02 — Letters to Hon. George P. Kazen, Chief U.S. District Judge & Hon.
Keith P. Ellison, U.S. District Judge re: copy of Judge Schmidt's opinion and order; also
enclosed are the writings which were before Judge Schmidt.

28





155. 03/15/02 — *Letters to Hon. George P. Kazen, Chief U.S. District Judge and Hon. Keith P. Ellison, U.S. District Judge re: another "final judgment" w/ exhibits enclosed.*

156. 06/22/01 — Transcript of hearing held on June 22, 2001.

157. 06/26/01 — Transcript of hearing held on June 26, 2001.

158. 06/27/01 — Transcript of hearing held on June 27, 2001.

159. 09/12/01 — Transcript of hearing held on September 12, 2001.

160.  02/22/02 — Transcript of hearing held on February 22, 2002.

Respectfully Submitted,

Colin Kelly Kaufman, In propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662
Telephone (361) 888-8865
Telecopier (361) 888-8172

### Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on the persons shown on the list below, by U.S. mail, first class postage prepaid, this 25th day of March, 2002.

Colin Kelly Kaufman

31

## FELDMAN SERVICE LIST

Mr. Charles B. Feldman
Charles Feldman Investments
926 Lantana Street
Harlingen, TX 78550-8080

Office of US Trustee
Wilson Plaza Building
606 N. Carancahua
Corpus Christi, TX 78476

Ms. Nancy Holley
Assistant US Trustee
515 Rusk, #3516
Houston, TX 77002

Christopher M. Weil
Weil & Petrocchi, P.C.
1601 Elm Street, #1900
Lock Box 100
Dallas, TX 75201

Colin Kelly Kaufman
P.O. Box 1662
Corpus Christi, TX 78403-1662

Ronald A. Simank, Esq.
615 N. Upper Broadway, #2000
Corpus Christi, TX 78477

Al White, CPA
2202 Treasure Hills Blvd.
Harlingen, TX 78550

MBNA America
c/o Becket & Watkins
P.O. Box 512, Dept. N
Malvern, PA 19355

James P. Moon, Esq.
2642 Brenner Drive
Dallas, TX 75220

Richard G. Grant
3102 Oak Lawn Avenue, #700
Dallas, TX 75219

Matthew A. Rosenstein
American Bank Plaza, #420
711 N. Carancahua
Corpus Christi, TX 78475

Mike Schmidt, Esq.
712 American Bank Plaza
711 N. Carancahua
Corpus Christi, TX 78475

United States Courts
Southern District of Texas  DT
FILED

APR - 2 2002

Michael N. Milby, Clerk of Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:

CHARLES B. FELDMAN D/B/A                  CASE NO. 90-01254-B-11
CHARLES FELDMAN INVESTMENTS        APPEAL NO. 02-05

**TRUSTEE 'S DESIGNATION OF ADDITIONAL
ITEMS TO BE INCLUDED IN THE RECORD**

Comes now, Michael Boudloche ("Trustee") and files his Designation of

Additional Items to be included in the Record in the Appeal in the above styled and

numbered cause and designates items to be included as follows:

Designation of Additional Items:

1.     All Exhibits offered by CKS and admitted at trial held on February 22,
       2002, summarized on the attached Exhibit "A".

2.     All Exhibits offered by CKS and admitted at trial held June 22, 2001,
       summarized on the attached Exhibit "B".

LAW OFFICES OF MICHAEL B. SCHMIDT


By:_____
          Michael B. Schmidt
          712 American Bank Plaza
          Corpus Christi, TX 78475
          E-mail: mbsatty@swbell.net
          Office: 361/884-9949
          Fax:    361/884-6000
          TBN: 17775200
          ATTORNEY FOR TRUSTEE


**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing legal
document was mailed, regular U.S. Mail, on this 1st day of April, 2002 to the persons
listed below:

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____
                    Deputy Clerk

478

Colin Kaufman
1106 Third Street
Corpus Christi, TX 78404

Charles B. Feldman
Charles Feldman Investments
926 Lantana St.
Harlingen, TX 78550

Mike Boudloche
1508 American Bank Plaza
Corpus Christi, TX 78475

Barbara Kurtz
Office of the US Trustee
606 N. Carancahua, Ste. 1107
Corpus Christi, TX 78476

Nancy Holley
Office of the US Trustee
515 Rusk, Ste. 3516
Houston, TX 77002

Ronald A. Simank
615 North Upper Broadway, Ste. 200
Corpus Christi, TX 78477

James P. Moon
2611 W. Ovilla Road
Red Oak, TX 75154

Steven A. Ditto
CKS Asset Management
6116 N. Central Expressway, Ste. 260
Dallas, TX 75206

Matthew Rosenstein
420 American Bank Plaza
Corpus Christi, TX 78475

Michael B. Schmidt

2

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MAIN/ADV NO.  90-01254-B-11 | DEBTOR: Charles B. Feldman D/B/A Charles B. Feldman Investments |
| WITNESSES: | TaxPayer Identification Number: |
| * Colin Kelly Kaufman | VS. |
| Steven A. Ditto | |
| Michael Ridulfo | JUDGE: RICHARD SCHMIDT |
| Harold Z. Browning | COURTROOM STAFF: |
| Matthew A. Rosenstein | DATE: 02/22/02   AT: CORPUS CHRISTI |
| | PARTY'S NAME:  CKS Asset Management, INC. |
| | ATTORNEY'S NAME:  MATTHEW A. ROSENSTEIN |
| | ATTORNEY'S PHONE: 361-883-5577 |
| * Adverse Witness | NATURE OF PROCEEDING: Removed Plan Trustee's Final Fee Application |

### EXHIBIT LIST

| TRIAL EX NO. | DESCRIPTION | DEPO No. | NR | OF | OJ | AM | DT | DISPOSITION AFTER TRIAL |
|---|---|---|---|---|---|---|---|---|
| CKS 1 | Order Confirming 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 2 | 1st Amended Plan Of Reorganization | K 3 | | | | | | |
| CKS 2a | Page 2 of 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 3 | Modification To 1st Amended Plan Of Reorganization | K 4 | | | | | | |
| CKS 4 | Steven Ditto Letter Of CKS Asset Management's Purchase and Holding of Feldman "Claims" | K 12 | | | | | | |
| CKS 5 | Ditto Letter: Order to Submit Accounting for Review by CKS Asset Management. | K 13 | | | | | | |
| CKS 6 | Ditto Letter: Review of File Accounting prepared by Al White. | K 14 | | | | | | |
| CKS 7 | Letter to Colin Kaufman from Kirk Newsom; regarding distribution of funds. | K 15 | | | | | | |
| CKS 8 | CKS's Notice of Deposition and Bankruptcy Rule 2004 Examination of Kaufman, Ch. 11 Plan Trustee | K 1 | | | | | | |



EXHIBIT "A"

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CKS 9 | Order Denying "Plan Trustee's Original Opposed Expedited Motion For Protective Orders" | K 2 | | | | | , | | |
| CKS 10 | Plan Confirmation with Reopend date. | | | | | | | | |
| CKS 11 | AK/RET Reporting, Records & Video, Inc Documents and | | | | | | | | |
| CKS 12 | Kaufman Fee Invoice | K 17 | | | | | | | |
| CKS 13 | Feldman Estate Payments Summary | K 16 | | | | | | | |
| CKS 14 | Plan Trustee's Proposed Final Report | | | | | | | | |
| CKS 15 | Plan Trustee's Original Opposed Expedited Motion For Protective Order | | | | | | | | |
| CKS 16 | CKS's Notice Of Deposition And Bankruptcy Rule 2004 Examination Of Kaufman | | | | | | | | |
| CKS 17 | Amounts Paid To Colin K Kaufman Without Court Approval | | | | | | | | |
| CKS 18 | Analysis Of Kaufman Deposition Exhibit K-17 (Kaufman Fee Invoice) | | | | | | | | |
| CKS 19 | Letter to Kaufman, April 27, 2001 requesting original documents per Judge Schimdt's ruling. | | | | | | | | |
| CKS 20 | Letter to Kaufman, May 4, 2001 second request for original documents per Judge Schmidt's ruling. | | | | | | | | |
| CKS 21 | May 7, 2001, Confidential: A Settlement Proposal | | | | | | | | |
| CKS 22 | May 15, 2001, Fax From Kaufman, Re: Schedules, Offer To Hire CKS Attys. As Special Counsel For Plan Trustee. | | | | | | | | |
| CKS 23 | Fee Invoice  for Law Offices Of Matthew A. Rosenstein. | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CKS 24 | Order Removing Colin Kelly Kaufman as Plan Trustee | | | | | | | |
| CKS 25 | Agreed Corrected Order | | | | | | | |
| CKS 26 | Bankruptcy Court Minutes Page 3 of 3 | | | | | | | |
| CKS 27 | Transcript of Ruling June 28, 2001 | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

NOTE:  This exhibit list is to be prepared in advance of trial by parties and furnished to the court in duplicate and served on the opposing parties.

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF TEXAS

| MAIN/ADV NO. 90-01254-B-11 | DEBTOR: Charles B. Feldman D/B/A Charles B. Feldman Investments |
|---|---|
| WITNESSES: | TaxPayer Identification Number: |
| * Colin Kelly Kaufman | VS. |
| Steven A. Ditto | |
| Michael Ridulfo | JUDGE: RICHARD SCHMIDT |
| * Casi Hinojosa | COURTROOM STAFF: |
| *Sharon Kaufman | DATE: 06/22/01      AT: CORPUS CHRISTI |
| Harold Z. Browning | PARTY'S NAME:  CKS Asset Management, INC. |
| Matthew A. Rosenstein | ATTORNEY'S NAME: MATTHEW A. ROSENSTEIN |
| | ATTORNEY'S PHONE: 361-883-5577 |
| * Adverse Witness | NATURE OF PROCEEDING: Plan Trustee's Final Accounting and Motion To Remove. |

### EXHIBIT LIST

| TRIAL EX No. | DESCRIPTION | DEPO No. | NR | OF | OJ | AM | DT | DISPOSITION AFTER TRIAL |
|---|---|---|---|---|---|---|---|---|
| CKS 1 | Order Confirming 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 2 | 1st Amended Plan Of Reorganization | K 3 | | | | | | |
| CKS 2a | Page 2 of 1st Amended Plan Of Reorganization | | | | | | | |
| CKS 3 | Modification To 1st Amended Plan Of Reorganization | K 4 | | | | | | |
| CKS 4 | Steven Ditto Letter Of CKS Asset Management's Purchase and Holding of Feldman "Claims" | K 12 | | | | | | |
| CKS 5 | Ditto Letter: Order to Submit Accounting for Review by CKS Asset Management. | K 13 | | | | | | |
| CKS 6 | Ditto Letter: Review of File Accounting prepared by Al White. | K 14 | | | | | | |
| CKS 7 | Letter to Colin Kaufman from Kirk Newsom; regarding distribution of funds. | K 15 | | | | | | |
| CKS 8 | CKS's Notice of Deposition and Bankruptcy Rule 2004 Examination of Kaufman, Ch. 11 Plan Trustee | K 1 | | | | | | |



EXHIBIT "6"

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CKS 9 | Order Denying "Plan Trustee's Original Opposed Expedited Motion For Protective Orders" | K 2 | | | | | |
| CKS 10 | Plan Confirmation with Reopend date. | | | | | | |
| CKS 11 | AK/RET Reporting, Records & Video, Inc Documents and | | | | | | |
| CKS 12 | Kaufman Fee Invoice | K 17 | | | | | |
| CKS 13 | Feldman Estate Payments Summary | K 16 | | | | | |
| CKS 14 | Plan Trustee's Proposed Final Report | | | | | | |
| CKS 15 | Plan Trustee's Original Opposed Expedited Motion For Protective Order | | | | | | |
| CKS 16 | CKS's Notice Of Deposition And Bankruptcy Rule 2004 Examination Of Kaufman | | | | | | |
| CKS 17 | Amounts Paid To Colin K Kaufman Without Court Approval | | | | | | |
| CKS 18 | Analysis Of Kaufman Deposition Exhibit K-17 (Kaufman Fee Invoice) | | | | | | |
| CKS 19 | Letter to Kaufman, April 27, 2001 requesting original documents per Judge Schimdt's ruling. | | | | | | |
| CKS 20 | Letter to Kaufman, May 4, 2001 second request for original documents per Judge Schmidt's ruling. | | | | | | |
| CKS 21 | May 7, 2001, Confidential: A Settlement Proposal | | | | | | |
| CKS 22 | May 15, 2001, Fax From Kaufman, Re: Schedules, Offer To Hire CKS Attys. As Special Counsel For Plan Trustee. | | | | | | |
| CKS 23 | Fee Invoice for Law Offices Of Matthew A. Rosenstein. | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**NOTE: This exhibit list is to be prepared in advance of trial by parties and furnished to the court in duplicate and served on the opposing parties.**