United States District Court
Southern District of Texas
FILED

AUG 1 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | District Court Civil Case # B-02-073 |
| Charles B. FELDMAN dba | District Court Civil Case # B-02-074 |
| Charles B. Feldman Investments | In Bankruptcy Case # 90-01254-B-11 |
|    Debtor | In Chapter 11 |
| Colin Kelly KAUFMAN, Appellant | Appeal No. 02-05 |
| | |
| vs. | and |
| | |
| CKS ASSET MANAGEMENT, INC. & | Appeal No. 02-06 |
| Michael BOUDLOCHE, Appellees | |

Font: Korinna

APPELLANT'S FIRST SUPPLEMENTAL RESPONSE
TO APPELLEE MICHAEL BOUDLOCHE'S AMENDED MOTION FOR CONTINUANCE

TO THE HONORABLE UNITED STATES DISTRICT BANKRUPTCY JUDGE:

NOW COMES Appellant C. K. Kaufman, and for his First Supplemental Response to Appellee Michael Boudloche's Amended Motion for Continuance, respectfully shows the Court as follows:

I. New Data.

0. Another Case Already Set. Attached as an exhibit is an order from U.S. District Judge Randy Crane in McAllen, setting a hearing on the same date as that to which Appellee Mike Boudloche has requested a continuance. This is an additional reason why the Appellee's motion for continuance should not be granted.

II. Response to Numbered Paragraphs.

1. National Conference of Bankruptcy Trustees. Appellee has filed "Trustee's Reply to Appellant's Response to Trustee's Motion for Continuance." Appellant has doubts whether it is proper to reply to a response. Appellee's pleading is more properly made as a

-1-

supplemental statement of reasons why Appellee still wants his continuance.  Appellant

proposes to treat it as such, and to reply to it as such.  Appellant is unable to admit or

deny whether Appellee will attend the Annual Convention of the National Conference of

Bankruptcy Trustees, as alleged in Paragraph 1 of the Reply to the Response, for lack of

personal knowledge.  But assuming this is so (and Appellant does not plan to contest it), it

appears that this commitment was made long AFTER this Court made the setting on

August 26.

     2.  No Response.  No response is necessary to Paragraph 2 of the Reply to the

Response.

     3.  A Few Days.  Appellant denies the allegations of Paragraph 3 of the Reply to the

Response that a few days makes no difference.  If the federal court interprets a matter of

federal law; state agencies will be bound by that.  So a few days can be outcome-

determinative.

     4A.  What Is Flawed.  Appellant denies that it is flawed logic to ask the district court

to use the same standards for evidence opposing a continuance as Appellee has asked the

Court to use to support the continuance, as alleged in Paragraph 4 of the Reply to the

Response.  Appellant has not asked that the Court use Judge Kazen's file on the merits of

the appeal; just that it review it for purposes of determining the continuance.  So Appellee's

claim that one request is "substantive" and the other isn't is a false dichotomy.  Appellant

wants the Court to consider the same kind of outside stuff for the same reasons that

Appellee asks that the Court consider outside stuff.  If the motion is procedural, so is the

response.

4B. <u>Is He a Party, or Not</u>? Appellant is not quite sure whether it is more proper to admit, or to deny, the allegation of Paragraph 4B of the Reply to the Response that Appellee Boudloche is "not a party" to a grievance proceeding against Appellant. Appellee Boudloche has always been CKS's primary witness against Appellant in CKS's grievance proceedings. So if the grievance proceedings really are not in the estate's best interest, as Paragraph 4B now claims; then Appellee has been committing a wrong against the estate by assisting with them, hasn't he?

4C. <u>Related</u>. Appellant is  not quite sure whether it is more proper to admit, or to deny, the allegations of Paragraph 4C of the Reply to the Response that a test of "related" is obviously met, but "related" is not the issue. Appellant discussed whether the grievance file was related because Appellee originally pled that it was NOT related. Appellant is pleased that Appellee is now willing to admit that it IS related. As for the Park Pontiac case also discussed in Paragraph 4C of the Reply to the Response, Appellant is more than willing for this Court to consider whether it is another example of the same judicial problem, and the same kinds of wrongs, as this case is.

4D.   <u>Waiver</u>. Appellant denies the allegations of Paragraph 4D that there has been no "waiver" of objections to the consideration of the grievance file by insisting on a continuance to which the grievance file is relevant. It is always considered that a privilege is waived by a party insisting on putting into issue a matter to which , or putting on evidence to which, the privileged evidence is a necessary response. *See e.g.,* <u>In re Gordon</u> <u>( Gordon v. Friedman's, Inc.)</u>, 209 B.R. 214, at 218, 38 F.R.S.3d 33 ( Bkcy., ND Miss. 1997) ( Houston, Bkcy. J.) :

> When a matter has been put into issue, any resulting waiver has been called an implied or "anticipatory" waiver. The underlying rationale for such waivers is that because the matter would be subject to proof at trial, then it must be subject to discovery in the pre-trial phase. To find an implied waiver of the privilege by virtue of putting a matter into dispute, the following factors have been suggested as necessary * * * ( citing Hearn v. Rhay, 68 F.R.D. 574, 581 [ED Wash. 1975] .)

That's the whole point. If the file is privileged, then Appellee should not allege matters to which it is a necessary defense; or else the privilege is waived, and the file admissible. Even AFTER Appellee was told that demanding a continuance would make the file relevant and so admissible; Appellee went ahead and filed an AMENDED MOTION FOR CONTINUANCE. That is exactly the kind of waiver the above cited cases are talking about.

### III. Other Matters.

5. Waiver by Alleging the Schuehle-Park Pontiac File. Appellant has tried to avoid publicity of the problems which exist with the judicial decision-making in these cases. Appellee just came right out and named the Schuehle-Park Pontiac case. If these other files were not heretofore admissible in this appeal; Appellee's use of them for his own purposes will make them so now. Appellant believes the same problems that exist in this case exist in Schuehle-Park Pontiac and that there is a pattern or practice of wrong in common. Just because there is a pattern of wrong-doing does not mean that Appellant is the wrong-doer. Quite the contrary, as a transcript would reveal.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully asks the court to deny any further delays in the progress of the captioned appeals, and let Appellant to go hence without day free from any attempts to cause the same.

Respectfully submitted,

-4-

Colin Kelly Kaufman, in propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865
Telecopier (361) 888-8172

## Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on the persons shown on the Appellate Service List which follows, by U.S. mail, first class postage prepaid, this 6th day of August, 2002.

Colin Kelly Kaufman

## Appellant Service List

1.  Matthew A. Rosenstein, Esq.
    420 American Bank Plaza
    Corpus Christi, TX 78475

    FAX (361)883-5590

2.  Richard Grant, Esq.
    3102 Oak Lawn, #700
    Dallas, TX 75219

    FAX (214)777-5082

3.  Michael B. Schmidt, Esq.
    712 American Bank Plaza
    Corpus Christi, TX 78475

    FAX (361)884-6000

4.  Ron Simank, Esq.
    Schauer & Simank, Attys.
    615 N. Upper Broadway, Ste. 2000
    Corpus Christi, TX 78476

    FAX (361)884-2822

5.  James P. Moon, Esq.
    6001 Summerside Dr. Ste. 200
    Dallas, TX 75252

    FAX (361)931-1452

6.  Colin Kelly Kaufman
    P. O. Box 1662
    Corpus Christi, TX 78403-1662

    FAX (361)888-8172

United States District Court
Southern District of Texas
FILED

AUG - 7 2002

Michael N Milby Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

M-02-347

CIVIL ACTION NUMBER

*Colin Kelly Kaufman*    vs    *Camelot Retirement Comm. of McAllen, et al*

**ORDER FOR CONFERENCE**
**AND**
**DISCLOSURE OF INTERESTED PARTIES**

1.    Counsel shall appear for an initial pretrial and scheduling conference before
HONORABLE RANDY CRANE
on **THURSDAY, SEPTEMBER 12, 2002 AT 9:30 AM**
at U. S. DISTRICT COURT
BENTSEN TOWER, 9TH FLOOR
1701 WEST BUS. HWY. 83
MCALLEN, TEXAS 78501

2.    Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation.    If group can be specified by a general description, individual listing is not necessary.    Underline the name of each corporation whose securities are publicly traded.    If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.    Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.    After the parties meet as required by Fed. R. Civ. P. Rule 26(f), counsel shall prepare and file not less than 10 days before the conference a joint report of meeting and joint discovery/case management plan containing the information required on the attached form.

5.    The court will enter a scheduling order and may rule on any pending motions at the conference.

6.    Counsel who file(s) or remove(s) an action *is responsible for providing the other parties with a copy of this order and in addition* must serve a copy of this order with the summons and complaint or with the notice of removal.

7.    Attendance by an attorney who has authority to bind the party is required at the conference.

8.    Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the court of the results of their discussions.

9.    A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.   Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P.O BOX 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov

08/07/02

To:    Colin Kelly Kaufman (aty)

Re:    Notice of Entry of Order or Judgment

Enclosed Order or Judgment entered in:

case number:        7:02-cv-00347

instrument number: 2

If after three attempts this fax fails, then we will print this notice and mail it to you.  For questions, please call (713) 250-5768.

Number of pages including cover sheet: 2